1  NANCY E. PRITIKIN, Bar No. 102392
   RONALD D. ARENA, Bar No. 218421
2  SOFIJA VERZICH, Bar No. 221602
   LITTLER MENDELSON, P.C.
3  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone:    415.433.1940
   Fax No.:      415.399.8490
5  Email:        nepritikin@littler.com
   Email:        rarena@littler.com
6
   Attorneys for Defendant
7  LENSCRAFTERS, INC.

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12  FELICE MARTINEZ, on behalf of herself    Case No. C08-01699
    and others similarly situated,
13                                           DEFENDANT LENSCRAFTERS, INC.'S
                   Plaintiffs,               NOTICE OF REMOVAL OF CIVIL
14                                           ACTION FROM STATE COURT
           v.                                PURSUANT TO 28 U.S.C. §§ 1332(D),
15                                           1441(B) & 1446(B).
    LENSCRAFTERS, INC.; and DOES 1 to
16  50, inclusive,                           Diversity Jurisdiction pursuant to the
                                             Class Action Fairness Act ("CAFA")
17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1

## TABLE OF CONTENTS

2
PAGE(S)

3    DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ...........................1

4    VENUE....................................................................................................................................2

5    INTRADISTRICT ASSIGNMENT ........................................................................................2

6    PLEADINGS, PROCESS AND ORDERS ..............................................................................2

7    JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ....................................3

8    AMOUNT IN CONTROVERSY............................................................................................4

9    NOTICE TO PLAINTIFF ..................................................................................................10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA 94108-2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                    i.

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

Abasi v. HCA, the Healthcare Co. Inc.,
  C.D. Cal. No. CV 03-7606 (May 9, 2005) ................................................. 9

Bell v. Preferred Life,
  320 U.S. 238 (1943) ........................................................................... 9

DeAguillar v. Boeing Co.,
  47 F.3d 1404 (5th Cir. 1995) ............................................................. 5

Galt G/S v. JSS Scandinavia,
  142 F.3d 1150 (9th Cir. 1998) ........................................................... 9

Gaus v. Miles, Inc.,
  980 F.2d 564 (9th Cir. 1992) ............................................................. 5

Gibson v. Chrysler,
  261 F.3d 927 (9th Cir. 2001) ............................................................. 9

Goldberg v. C.PC. Int'l., Inc.,
  678 F.2d 1365 (9th Cir. 1982) ........................................................... 9

Kanter v. Warner–Lambert Co.,
  265 F.3d 853 (9th Cir. 2001) ............................................................. 2

Kantor v. Wellesley Galleries, Ltd.,
  704 F.2d 1088 (9th Cir. 1983) ........................................................... 1

Kessler v. Nat'l Ent., Inc.,
  347 F.3d 1076 (8th Cir. 2003) ......................................................... 10

LeBlanc v. Cleveland,
  248 F.3d 95 (2d Cir. 2001) ............................................................... 2

Luckett v. Delta Airlines, Inc.,
  171 F.3d 295 (5th Cir. 1999) ......................................................... 4, 9

Lundquist v. Precision Valley Aviation, Inc.,
  946 F.2d 8 (1st Cir. 1991) ............................................................... 2

Murphy v. Kenneth Cole Productions, Inc.,
  40 Cal. 4th 1094 (2007) ................................................................... 7

Newcombe v. Adolf Coors Co.,
  157 F.3d 686 (9th Cir. 1998) ............................................................. 4

Ramsdell v. Lencrafters, Inc.,
  U.S.D.C., Northern District (Case No. C03-2652) ................................. 6

Sanchez v. Monumental Life Ins. Co.,
  102 F.3d 398 (9th Cir. 1996) ............................................................. 4

Singer v. State Farm Mutual Auto Ins. Co.,
  116 F.3d 373 (9th Cir. 1997) ............................................................. 4

White v. FCI USA, Inc.,
  319 F. 3d 672 (5th Cir. 2003) ........................................................... 5

White v. J.C. Penny Life Ins. Co.,
  861 F.Supp. 25 (S.D. W.Va. 1994) ..................................................... 4

ITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                                ii.

1

## STATUTES

28 U.S.C. § 1332(c)(1) ................................................................................................ 2
28 U.S.C. § 1332(d) ............................................................................................ 1, 3, 8
28 U.S.C. § 1332(d)(2) ............................................................................................ 1, 3
28 U.S.C. § 1332(d)(3) ................................................................................................ 3
28 U.S.C. § 1332(d)(4) ................................................................................................ 3
28 U.S.C. § 1332(d)(5) ................................................................................................ 3
28 U.S.C. § 1391(a) ..................................................................................................... 2
28 U.S.C. § 1441(a) .............................................................................................. 1, 2, 4
28 U.S.C. § 1441(b) ..................................................................................................... 1
28 U.S.C. § 1446 ......................................................................................................... 1
28 U.S.C. § 1446(b) ..................................................................................................... 1
28 U.S.C. § 1453(a) ..................................................................................................... 1
28 U.S.C. § 1453(b) ..................................................................................................... 1
28 U.S.C. § 84(a) ......................................................................................................... 2
Cal. Bus. & Prof. Code § 17200 .................................................................................. 3
Cal. Code Civ. Proc. § 338 .......................................................................................... 6
Cal. Code Civ. Proc. § 338(a) ...................................................................................... 7
Cal. Code Civ. Proc. § 340(a) ...................................................................................... 7
Cal. Code Civ. Proc. § 382 .......................................................................................... 1
Cal. Lab. Code § 1194 .............................................................................................. 6, 9
Cal. Lab. Code § 203 ......................................................................................... 3, 5, 8, 9
Cal. Lab. Code § 226(a) ......................................................................................... 5, 7, 8
Cal. Lab. Code § 226(e) ............................................................................................ 7, 9
Cal. Lab. Code § 226.7 .......................................................................................... 5, 7, 9
Cal. Lab. Code § 226.7(b) ............................................................................................ 7
Cal. Lab. Code § 510 ............................................................................................... 6, 9

## OTHER AUTHORITIES

Class Action Fairness Act of 2005 .......................................................................... 1, 3, 8

## RULES

Northern District Local Rule 3-2(c) ............................................................................ 2
Northern District Local Rule 3-2(d) ............................................................................ 2
Northern District Local Rule 3-5(b) ............................................................................ 2

ITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA 94108 2693
415 433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

iii.

1  TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

2          DISTRICT OF CALIFORNIA:

3          PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332(d) (the "Class

4  Action Fairness Act of 2005", or "CAFA"), 1441(b) and 1446(b), Defendant LENSCRAFTERS,

5  INC. ("Defendant") hereby removes the above-captioned action from the Superior Court in the State

6  of California for Alameda County to the United States District Court for the Northern District of

7  California, based on the following facts:

8          **DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

9          1.    On February 18, 2005, CAFA was enacted. In relevant part, CAFA grants

10  federal district courts original jurisdiction over civil class action lawsuits filed under federal or state

11  law in which any member of a class of plaintiffs is a citizen of a state different from any defendant,

12  and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs. See 28

13  U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. section

14  1446. As set forth below, this case meets all of CAFA's requirements for removal, and is timely and

15  properly removed by the filing of this notice.

16          2.    This Court has jurisdiction over this case under CAFA, 28 U.S.C. section

17  1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in

18  that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2)

19  Defendant is not a state, state official or other governmental entity; (3) the total amount in

20  controversy for all class members exceeds $5 million and; (4) there is diversity between at least one

21  class member and Defendant.

22          3.    CAFA's diversity requirement is satisfied when at least one plaintiff is a

23  citizen of a state in which the defendant is not a citizen. See 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

24          4.    This action was initially brought pursuant to California Code of Civil

25  Procedure Section 382 on behalf of a class. California Code of Civil Procedure section 382 is a state

26  statute authorizing an action to be brought by one or more representative persons as a class action.

27          5.    For diversity purposes, a person is a "citizen" of the state in which he or she is

28  domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983); see also LeBlanc

ITLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                                                    1.

1    v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined the time the lawsuit is filed);

2    see also Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991). A person's

3    domicile is the place he or she resides with the intention to remain or to which he or she intends to

4    return. See Kanter v. Warner–Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

5        6.    Here, named Plaintiff Felice Martinez ("Plaintiff") is a resident of Alameda

6    County, California. See Complaint ¶ 8.

7        7.    For diversity purposes, a corporation "shall be deemed a citizen of any State

8    by which it has been incorporated and of the State where it has its principal place of business." 28

9    U.S.C. § 1332(c)(1). Defendant is an Ohio corporation with its principal place of business in Mason,

10   Ohio. Declaration of Peggy Mannix filed in Support of Defendants Removal ("Mannix Decl.") ¶ 6.

11   **VENUE**

12       8.    The action was filed in Alameda Superior Court. Venue properly lies in the

13   United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections

14   84(a), 1391(a), and 1441(a).

15   **INTRADISTRICT ASSIGNMENT**

16       9.    The Northern District Local Rules provide that all civil actions arising in the

17   City and Counties of San Francisco, Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin,

18   Mendocino, Napa, San Mateo and Sonoma Counties shall be assigned to the San Francisco or

19   Oakland Divisions. See Northern District Local Rules, Rules 3-2(c) & (d) and 3-5(b). Although

20   Plaintiff filed this case in Alameda County, Plaintiff was employed by Defendant at its Corte Madera

21   store in Marin County. Defendant has locations within the counties covered by the San Francisco

22   and Oakland Divisions.

23   **PLEADINGS, PROCESS AND ORDERS**

24       10.    On February 14, 2008, Plaintiff, on behalf of herself, and other employees of

25   Defendant similarly situated, filed a complaint in the Superior Court for the County for Alameda,

26   entitled Felice Martinez, on behalf of herself and others similarly situated, v. Lenscrafters, Inc., and

27   DOES 1-50, inclusive, Case No. RG08371402 (herein, the "Complaint"). Plaintiff and the members

28   of the putative class she purports to represent are "all individuals who hold or held the position of

TTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                                   2.

1  manager, assistant manager, or similar tile, who are employed by, or formerly employed by

2  LENSCRAFTERS, INC., and any subsidiaries or affiliated companies . . . within the State of

3  California who were paid on a salary basis." See Complaint ¶ 1. The Complaint seeks redress for

4  alleged unlawful activities which took place from March 1, 2006 to the present. See Complaint ¶¶ 2-

5  4.

6      11.    Plaintiff's Complaint asserts five causes of action for:  (1) failure to pay wages

7  and overtime (misclassification); (2) failure to provide meal break periods; (3) knowing and

8  intentional failure to comply with itemized employee wage statement provisions; (4) waiting time

9  penalties under Labor Code section 203; and (5) unfair competition pursuant to Business &

10  Professions Code section 17200.

11     12.    A true and correct copy of Plaintiff's Complaint is attached hereto and

12  incorporated herein by reference as Exhibit "1." See also the Declaration of Ronald D. Arena filed

13  concurrently in support of Defendant's Notice of Removal ("Arena Decl.") ¶2, Exhibit A.

14     13.    Attached hereto and incorporated herein by reference as Exhibit "2" are all the

15  remaining papers and processes that have been filed or received in this matter by Defendant.

16     14.    Plaintiff served Defendant with a copy of the Complaint on February 29, 2008.

17  Arena Decl. ¶ 2, Exhibit A; see also Exhibit [1] attached hereto.  This removal is timely as it is filed

18  within 30 days of receipt of service of the Complaint indicating the case was removable.

19          **JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

20     15.    CAFA reads, in relevant part:

21      The district courts shall have original jurisdiction of any civil action in
22      which the matter in controversy exceeds the sum or value of
        $5,000,000, exclusive of interest and costs, and is a class action in
23      which – (A) any member of a class of plaintiffs is a citizen of a State
        different from any defendant.

24  28 U.S.C. section 1332(d)(2).

25     16.    While there are a number of exceptions to this rule of original jurisdiction

26  contained in amended 28 U.S.C. section 1332(d)(3)-(5), none of them are applicable here.

27     17.    This is a civil action over which this Court has original jurisdiction under 28

28  U.S.C. section 1332(d), in that it is a civil action filed as a class action wherein the matter in

TTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA  94108-2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                              3.

1    controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and at least one member

2    (if not all) of the class of plaintiffs is a citizen of a state different from Defendant.

3            18.    Plaintiff seeks to represent similarly situated employees of Defendant.

4    Complaint ¶ 23.

5            19.    Defendant was, at the time of the filing of the state court action, and remains,

6    incorporated in the State of Ohio, with its principal place of business in Mason, Ohio.

7            20.    Does 1 through 100, inclusive, are wholly fictitious. The Complaint does not

8    set forth the identity or status of any said fictitious defendant, nor does it set forth any charging

9    allegation against any fictitious defendant. The citizenship of these doe defendants is to be

10   disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy the

11   diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); see Newcombe v.

12   Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

13                              **AMOUNT IN CONTROVERSY**

14           21.    Plaintiff's Complaint is silent as to the total amount of damages claimed. The

15   failure of the Complaint to specify the total amount of damages sought by Plaintiff does not deprive

16   this Court of jurisdiction. See White v. J.C. Penny Life Ins. Co., 861 F.Supp. 25, 26 (S.D. W.Va.

17   1994) (permitting removal notwithstanding the failure of the plaintiff to plead a specific dollar

18   amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by

19   declining ... to place a specific dollar claim upon its claim").

20           22.    Defendant need only establish by a preponderance of the evidence that

21   Plaintiff's claims exceed the jurisdictional minimum. See Singer v. State Farm Mutual Auto Ins.

22   Co., 116 F.3d 373, 376 (9th Cir. 1997); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404

23   (9th Cir. 1996).

24           23.    While Defendant denies the validity of Plaintiff's claims and requests for relief

25   thereon and does not waive its right and ability to challenge any and all allegations contained in the

26   Complaint, the facial allegations in the Complaint show that the claimed damages are in excess of

27   the jurisdictional minimum. See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)

28   (finding that facts presented in notice of removal, combined with plaintiff's allegations, sufficient to

ITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA  94108.2693
415 433 1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                                    4.

1    support finding of jurisdiction); <u>DeAguillar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995)

2    (stating that "defendant can show by a preponderance of the evidence that the amount in controversy

3    is greater than the jurisdictional amount"); <u>accord</u> <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566-67 (9th

4    Cir. 1992); <u>White v. FCI USA, Inc.</u>, 319 F. 3d 672, 674 (5th Cir. 2003) (facially apparent from the

5    lengthy list of damages, combined with a claim for attorneys' fees, that plaintiff's claim exceeded

6    the jurisdictional threshold).

7           24.   The requisite amount in controversy is established through an examination of

8    the claims asserted by Plaintiff.  Among other things, Plaintiff seeks:  (1) compensation for all wages

9    and/or overtime wages allegedly unlawfully unpaid from March 1, 2006 until the present; (2) wages

10   and penalties for missed meal breaks under Labor Code section 226.7 from March 1, 2006 until the

11   present; (3) statutory penalties for violation of Labor Code section 226(a); and (4) waiting time

12   penalties under Labor Code section 203.  <u>See</u> Complaint ¶¶ 22, 34, 35, 36, 39, 39, 40, 42, 43, 44, 47,

13   48, 49.

14          25.   In her Complaint, Plaintiff claims she and the other putative class members

15   were denied proper payment of wages and overtime and meal periods in violation of California law.

16   <u>See</u> Complaint ¶¶ 2, 3, 34, 35, 36, 38, 39 & 40.  Plaintiff does not specifically allege the number of

17   employees in the putative class, nor does she specify the specific number of hours worked or

18   frequency of missed meal periods.  <u>See</u> Complaint ¶¶ 2, 3, 34, 35, 36, 38, 39 & 40.  Moreover, the

19   scope of the class to be certified is ill-defined in Plaintiff Complaint, and includes "all individuals

20   who hold or held the position of manager, assistant manager, or similar title, who are employed by or

21   formerly employed by LENSCRAFTERS, INC., and any subsidiaries or affiliated companies

22   (hereinafter referred to as "defendants") within the State of California who were paid on a salary

23   basis."  <u>See</u> Complaint ¶¶ 1, 23.  The Complaint seeks recovery for acts committed between March

24   1, 2006 to the present.  <u>See</u> Complaint ¶¶ 2-4.

25          26.   Based on a review of company records, from March 1, 2006 until March 17,

26   2008, approximately 139 individuals employed by Defendant held the title of "General Manager"

27   (including "Licensed General Manager") in California.  Mannix Decl. ¶ 3.  During the same time

28   period, approximately 169 individuals employed by Defendant held the title of "Retail Manager"

ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
in Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT     5.

1    (including "Licensed Retail Manager") in California. Id.

2          27.    Plaintiff seeks recovery of wages and overtime wages under Labor Code

3    sections 510 and 1194. Complaint ¶¶ 34-36. The approximate average hourly wage for General

4    Managers is $25.18. Mannix Decl., ¶ 4. One-and-a-half times $25.18 is $37.77, the approximate

5    average hourly overtime rate for General Managers. The approximate average hourly wage for

6    Retail Managers is $19.67. Mannix Decl., ¶ 5. One-and-a-half times $19.67 is $29.51, the

7    approximate average hourly overtime rate for Retail Managers. Violations of Labor Code section

8    510 have a three (3) year statute of limitations. Code of Civ. Proc. § 338. Assuming that each

9    General Manager and each Retail Manager worked an average of five (5) overtime hours per week

10   from March 1, 2006 through March 17, 2008,[1] the approximate claim for unpaid overtime wages

11   would be in the amount of $5,425,726.60 (139 General Managers * $37.77 per hour * 5 hours * 106

12   weeks plus 169 Retail Managers * $29.51 per hour * 5 hours * 106 weeks).[2] See Mannix Decl., ¶¶

13   3-5.

14         28.    Plaintiff further seeks recovery for Defendants' alleged failure to provide a

15   daily thirty (30) minute meal period to members of the putative class in violation of Labor Code

16
[1]     This calculation is based solely upon the allegations in the Complaint and upon the complaint
17   filed in the United States District Court, Northern District of California, captioned Ramsdell v.
     Lencrafters, Inc., Case No. C03-2652 on or about June 6, 2003 ("Ramsdell"). Ramsdell was a
18   misclassification class action lawsuit seeking recovery for, among other things, overtime wages
     allegedly withheld from Defendant's Retail Managers, Assistant Mangers, Lab Managers, and
19   Assistant Lab Managers. See Request for Judicial Notice ("RJN"), Exhibit A [Ramsdell Complaint],
20   ¶ 7. The complaint on file in Ramsdell specifically alleged that the managers in question worked a
     minimum of 45 hours per week. See RJN, Exhibit A, ¶ 36. Defendant denies that it can or should
21   be liable for any alleged unpaid overtime. This calculation is being prepared solely for purposes of
     this removal, and nothing contained herein is an express or implied admission that any of the
22   allegations contained in the Complaint are true or that Defendant is or should be liable for any
23   amounts alleged therein or in the case generally.
     [2]     This calculation is solely based on Plaintiff's Complaint in this matter and Defendant denies
24   that it can or should be liable for Labor Code Section 510 and 1194 violations in this case.
     Moreover, the foregoing estimate of the number of overtime hours per week used in Defendant's
25   mock calculation is just an estimate as even without this estimated number of hours worked per
     week, the estimated damages at issue based on the other allegations asserted in Plaintiff's Complaint
26   are still in excess of $5 million. This calculation is being prepared solely for purposes of this
27   removal, and nothing contained herein is an express or implied admission that any of the allegations
     contained in the Complaint are true or that Defendant is or should be liable for any amounts alleged
28   therein or in the case generally.

ITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA  94108 2693
415 433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                    6.

1    section 226.7. Complaint ¶¶ 38-40. Labor Code section 226.7 provides that if an employer fails to

2    provide an employee a meal period, the employer shall pay the employee one additional hour of pay

3    at the employee's regular rate of compensation for each work day that the meal period is not

4    provided. Cal. Labor Code § 226.7(b). The statute of limitations for violations of Labor Code

5    section 226.7 is three (3) years under California Code of Civil Procedure section 338(a). See

6    Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094, 1114 (2007) (holding this one hour of

7    pay is a premium wage intended by the Legislature as compensation to employees, not a penalty

8    against the employer).

9          29.    The Complaint on file in this action states that "plaintiff and the proposed class

10   were regularly required to work in excess of five (5) hours per day, without being provided a meal

11   period." Assuming that each General Manager and each Retail Manager were unlawfully denied a

12   meal period five days a week from March 1, 2006 through March 17, 2008, this would result in a

13   premium wage penalty in the amount of approximately $3,616,852.50 (139 General Managers *

14   $25.18 per hour * 5 days per week * 106 weeks plus 169 Retail Managers * $19.67 per hour * 5

15   days per week * 106 weeks).[3] See Mannix Decl., ¶¶ 3-5.

16         30.    Plaintiff further alleges Defendant violated Labor Code section 226(a) by

17   failure to keep accurate itemized statements of deductions from employee wages. Complaint ¶¶ 42-

18   45. Labor Code section 226(e) provides that violations of Labor Code Section 226(a) have a

19   maximum penalty of $4,000 per person. Furthermore, violations of Labor Code section 226(a) have

20   a one year statute of limitations. Code of Civil Proc. § 340(a). Therefore, the alleged Labor Code

21   section 226(a) violations from February 14, 2007 to February 14, 2008[4] (approximately 124 General

22   Managers and 144 Retail Managers * $4,000) results in a total of approximately $1,072,000. See

23   Mannix Decl. ¶ 3(a).[5]

24

25   _____

[3]    This calculation is solely based on Plaintiff's Complaint in this matter and Defendant denies
26   that it can or should be liable for Labor Code Section 226.7 violations in this case. This calculation
     is being prepared solely for purposes of this removal, and nothing contained herein is an express or
27   implied admission that any of the allegations contained in the Complaint are true or that Defendant is
     or should be liable for any amounts alleged therein or in the case generally.
28   [4]    The Complaint in this action was filed on February 14, 2008.
     [5]    This calculation is solely based on Plaintiff's Complaint in this matter and Defendant denies

ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA 94108.2693
415 433 1940

NOTICE OF REMOVAL OF CIVIL ACTION        7.
FROM STATE COURT

1          31.    Plaintiff also seeks recovery for penalties under California Labor Code Section

2    203. Complaint ¶¶ 47-49. Labor Code section 203 provides "waiting time" penalties for employers

3    who willfully fail to pay wages in a timely manner. Plaintiff alleges in her Complaint that

4    "Defendants [sic] have failed to pay plaintiff and others a sum certain at the time of termination or

5    within 72 hours of their resignation, and have failed to pay those sums for 30 days thereafter."

6    Complaint ¶ 49. In the past three years there have been 30 General Managers and 41 Retail

7    Managers who left Defendant's employ. <u>Mannix</u> Decl., ¶ 3(b). Assuming that Defendant

8    unlawfully and willfully failed to timely pay these individuals their final wages within 30 days,

9    Plaintiff's claim would total approximately $374,848.80 (30 General Managers * [$25.18 * 8] * 30

10   plus 41 Retail Managers * [$19.67 * 8] * 30). <u>See</u> Mannix Decl. ¶¶ 3-5.[6]

11         32.    As shown from the foregoing calculations, the amount in controversy as

12   alleged in the Complaint exceeds the jurisdictional minimum of $5,000,000.[7] Again, CAFA, 28

13   U.S.C. section 1332(d), authorizes the removal of class action cases in which, among other factors

14   mentioned above, the amount in controversy for all class members exceeds $5,000,000. Defendant

15   denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are

16   purportedly based, and the claims for monetary and other relief that flow from them. However,

17   assuming them to be accurate for purposes of this removal only, it is readily apparent, when

18   considered in the context of the causes of action in Complaint, that the monetary relief sought in this

19   action exceeds the jurisdictional minimum.

20   _____

21   that it can or should be liable for Labor Code Section 226(a) violations in this case. This calculation
     is being prepared solely for purposes of this removal, and nothing contained herein is an express or

22   implied admission that any of the allegations contained in the Complaint are true or that Defendant is
     or should be liable for any amounts alleged therein or in the case generally.

23   [6]   This calculation is solely based on Plaintiff's Complaint in this matter and Defendant denies
     that it can or should be liable for Labor Code section 203 penalties in this case. This calculation is

24   being prepared solely for purposes of this removal, and nothing contained herein is an express or
     implied admission that any of the allegations contained in the Complaint are true or that Defendant is

25   or should be liable for any amounts alleged therein or in the case generally.

     [7]   The calculations herein are solely based on Plaintiff's Complaint in this matter and

26   Defendant denies that it can or should be liable for the claims therein. This calculation is being

27   prepared solely for purposes of this removal, and nothing contained herein is an express or implied
     admission that any of the allegations contained in the Complaint are true or that Defendant is or

28   should be liable for any amounts alleged therein or in the case generally.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                        8.

33.    Removal of this action is therefore proper as the aggregate value of Plaintiff's claims for statutory penalties and compensatory damages without attorneys' fees is in excess of the $5,000,000 jurisdictional requirement as the aggregate value of claims as alleged by Plaintiff in the Complaint. See Luckett v. Delta Airlines, Inc., 171 F. 3d 295, 298 (5th Cir. 1999) (defendant may make requisite showing that amount in controversy exceeds jurisdictional minimum by "affidavit").

| Relief Sought By Plaintiff | Alleged Amount in Controversy |
|---|---|
| California Labor Code §§ 510 and 1194 | $5,425,726.60 |
| California Labor Code § 226.7 | $3,616,852.50 |
| California Labor Code § 226(e) | $1,072,000.00 |
| California Labor Code § 203 | $374,848.80 |
| **TOTAL** | **$10,489,427.90[8]** |

34.    Plaintiff also seeks reasonable attorneys' fees, which this Court may consider in determining whether the amount in controversy has been satisfied. See, e.g., Bell v. Preferred Life, 320 U.S. 238 (1943); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (including prayer for attorneys' fees in determining amount in controversy where potentially recoverable by statute); Goldberg v. C.PC. Int'l., Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be taken into account to determine jurisdictional amounts); Gibson v. Chrysler, 261 F.3d 927 (9th Cir. 2001).

35.    In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for attorneys' fees award to be 20-35 percent of the settlement and, thus, in excess of $1 million. See, e.g., Abasi v. HCA, the Healthcare Co. Inc., C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorneys' fees award totaling over $1.2 million). Therefore, it would not be unreasonable to estimate that Plaintiff's attorneys will seek fee awards in excess of

---

[8]    The calculations herein are solely based on Plaintiff's Complaint in this matter and Defendant denies that it can or should be liable for the claims therein. This calculation is being prepared solely for purposes of this removal, and nothing contained herein is an express or implied admission that any of the allegations contained in the Complaint are true or that Defendant is or should be liable for any amounts alleged therein or in the case generally.

ITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                                        9.

1    $200,000 to cover costs of pursuing this class action.  Arena Decl. ¶ 3;[9] see Kessler v. Nat'l Ent.,

2    Inc., 347 F.3d 1076, 1080 (8th Cir. 2003) (finding a potential attorney fee award in a class action

3    must be determined on a pro rata basis across the class or among the claimants).

## NOTICE TO PLAINTIFF

5    36.    Contemporaneously with the filing of this Notice of Removal in the United

6    States District Court for the Northern District of California, written notice of such filing will be

7    given by the undersigned to Plaintiff's counsel of record, George R. Kingsley, Eric B. Kingsley,

8    Darren M. Cohen, and Elana R. Levine, and a copy of the Notice of Removal will be filed with the

9    Clerk of the Court for the Superior Court of the County of Alameda, California.

11    Dated: March 28, 2008

RONALD D. ARENA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LENSCRAFTERS, INC.

Firmwide:84645129.1 052266.1029

---

[9]    The calculations herein are solely based on Plaintiff's Complaint in this matter and Defendant denies that it can or should be liable for the claims therein.  This calculation is being prepared solely for purposes of this removal, and nothing contained herein is an express or implied admission that any of the allegations contained in the Complaint are true or that Defendant is or should be liable for any amounts alleged therein or in the case generally.

TTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA  94108.2693
415.433.1940

# EXHIBIT 1



*6411948*

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY, ESQ.  SBN-38022
2  ERIC B. KINGSLEY, ESQ.    SBN-185123
   DARREN M. COHEN, ESQ.     SBN-221938
3  ELANA R. LEVINE, ESQ.     SBN-234155
   16133 VENTURA BLVD., SUITE 1200
4  ENCINO, CA 91436
   (818) 990-8300, FAX (818) 990-2903
5
   Attorneys for Plaintiffs
6
7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9               FOR THE COUNTY OF ALAMEDA
10

**FILED**
**ALAMEDA COUNTY**

FEB 1 4 2008

**CLERK OF THE SUPERIOR COURT**
By _____

**SUMMONS ISSUED**

RG-08371402

| | |
|---|---|
| 11  FELICE MARTINEZ, on<br>behalf of herself and<br>12  others similarly situated,<br><br>13                    Plaintiffs,<br>14  v.<br>15  LENSCRAFTERS, INC.; and<br>16  DOES 1 to 50, Inclusive,<br><br>17                    Defendants.<br>18  _____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Failure to Pay Overtime<br>2. Failure to Provide Meal<br>   Breaks Under Labor Code §226.7<br>3. Knowing and Intentional<br>   Failure to Comply With Itemized<br>   Employee Wage Statement<br>   Provisions<br>4. Penalties Pursuant to<br>   Labor Code §203<br>5. Violation of Business &<br>   Professions Code §17200 |

19      Plaintiff FELICE MARTINEZ, on behalf of herself and all others

20  similarly situated, complains of defendants, and each of them, as

21  follows:

22                              I

23                         INTRODUCTION

24      1.   This is a Class Action, pursuant to   Code of Civil

25  Procedure §382, on behalf of plaintiff and all individuals who hold

26  or held the position of manager, assistant manager, or similar

27  title, who are employed by, or formerly employed by LENSCRAFTERS,

28  INC., and any subsidiaries or affiliated companies (hereinafter

                              1

referred to as "defendants") within the State of California who were paid on a salary basis.

2. From March 1, 2006 and continuing to the present, defendants have had a consistent policy of failing to pay wages and/or overtime to hourly employees for all work performed and/or work over eight (8) hours per day or forty (40) per week. Compensation was salary based, despite the fact plaintiff did not spend Fifty Percent (50%) of her time on exempt tasks.

3. From March 1, 2006 and continuing to the present ("meal break liability period"), defendants have had a consistent policy of requiring salary employees within the State of California, including plaintiff, to work at least five (5) hours without an uninterrupted meal period and failing to pay such employees 1 hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California state wage and hour laws.

4. From March 1, 2006 and continuing to the present, defendants failed to maintain accurate records of Class Members' earned wages and work periods

5. Plaintiff, on behalf of herself and all proposed class members, brings this action pursuant to Labor Code §§201, 202, 203, 226(a), 226.7, 510, 512, 1194, 1197, and 1199, seeking unpaid overtime, meal period compensation, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

6. Plaintiff, on behalf of herself and all proposed class members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits defendants enjoyed from their failure to provide meal

period compensation.

## II

### PARTIES

A. **Plaintiffs**

7.   Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395. Defendants operate several locations within Alameda County, California. The unlawful acts alleged herein have a direct effect on plaintiff and those similarly situated within the State of California.

8.   Plaintiff **FELICE MARTINEZ** is a resident of Alameda County, California.

9.   As an hourly employee, plaintiff was regularly required to:

(1)   Work without receiving compensation for all hours worked and/or work performed over eight (8) hours per day or forty (40) per week without being provided premium overtime pay rates;

(2)   Work in excess of five (5) hours per day without being provided a meal period and not being compensated 1 hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and IWC Wage Orders; and

(3)   Work without being provided an itemized wage statement reflecting all deductions from payment of wages and accurately report total hours worked by plaintiffs and the Class Members.

10.   Defendants willfully failed to compensate them for wages at the termination of their employment with defendants.

3

## B. Defendants

11. Defendant LENSCRAFTERS, INC. is believed to be a Ohio corporation operating in California. They own and operate several locations in the State of California. The defendant's corporate address is 4000 Luxottica Pl., Mason, OH 45040. They own and operate several locations in the State of California. Defendants employed plaintiff and similarly situated persons as hourly employees within California.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

13. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, defendants in all respects acted as the employer and/or joint employer of plaintiff and the proposed class.

///

///

4

## III

### FACTUAL BACKGROUND

14. Defendants hire salary managers to work at various retail locations in California. These employees work on a regular basis without receiving compensation for all hours worked.

15. Plaintiff and the proposed class are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

16. Plaintiff and the class worked without receiving compensation for all hours worked at the proper rate. Plaintiff and the class regularly and consistently worked more than eight (8) hours per day and/or forty (40) hours per week without receiving the proper overtime compensation. Defendant paid plaintiff and the class at the regular rate of pay regardless of the amount of hours worked. As a result, plaintiff and the class have been improperly denied overtime compensation.

17. During the meal period liability period, plaintiff and the members of the proposed class were regularly required to work in excess of five (5) hours per day, without being provided a meal period.

18. Defendants did not fully compensate the proposed class for defendants' failure to provide meal periods during the meal period liability period.

19. Defendants' requirement that plaintiff and the proposed class work through meal periods without paying legal compensation for failure to provide meal periods during the liability periods was willful and deliberate.

5

20. Defendants willfully failed to pay one hours wages in lieu of meal periods, when each employee quit or was discharged.

21. Defendants have failed to comply with Industrial Welfare Commission ("IWC") Wage Order 4-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by plaintiff and the members of the proposed class.

22. Plaintiff and the proposed class are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001.

IV

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to §382 of the Code of Civil Procedure. Plaintiff seeks to represent a class composed of and defined as follows:

> All persons who are employed or have been employed, and who have worked one or more shifts as a salaried manager and/or assistant manager or similar title for defendants in the State of California since March 1, 2006.

24. Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

25. This action has been brought and may properly be maintained as a class action under the provisions of §382 of the Code of Civil Procedure because there is a well-defined community

6

1  of interest in the litigation and the proposed class is easily
2  ascertainable.

3  **A.   Numerosity**

4  26.   The potential members of the proposed class as defined are
5  so numerous that joinder of all the members of the proposed class
6  is impracticable.   While the precise number of proposed class
7  members has not been determined at this time, plaintiff is informed
8  and believes that defendants currently employ, and during the
9  relevant time periods employed, over 100 hourly employees.

10  27.   Accounting for employee turnover during the relevant
11  periods necessarily increases this number substantially.   Plaintiff
12  alleges defendants' employment records would provide information as
13  to the number and location of all proposed class members.   Joinder
14  of all members of the proposed class is not practicable.

15  **B.   Commonality**

16  28.   There are questions of law and fact common to the proposed
17  class that predominate over any questions affecting only individual
18  class members.   These common questions of law and fact include,
19  without limitation:

20  (1)   Whether defendants filed to pay wages and/or overtime
21  compensation as required by the Labor Code and Wage Orders for all
22  hours worked;

23  (2)   Whether defendants violated Labor Code §§226.7 and
24  512, IWC Wage Order 4-2001 or other applicable IWC Wage Orders, by
25  failing to provide meal periods on days they worked in excess of
26  five (5) hours and failing to compensate said employees one (1)
27  hours wages in lieu of meal periods;

28  (3)   Whether defendants violated Labor Code §226(a) and

7

1  IWC Wage Order 4-2001 or other applicable IWC Wage Orders, by
2  failing to provide itemized wage statements that accurately report
3  all deductions and total hours worked by plaintiffs and the Class
4  Members;

5      (4)    Whether defendants violated §§201-203 of the Labor
6  Code by failing to pay compensation due and owing at the time that
7  any proposed class member's employment with defendants terminated;

8      (5)    Whether defendants violated §17200 et seq. of the
9  Business & Professions Code by failing to provide wages and
10  compensation to hourly employees; and

11      (6)    Whether plaintiff and the members of the proposed
12  class are entitled to equitable relief pursuant to Business &
13  Professions Code §17200, et. seq.

14      C.    **Typicality**

15      29.    The claims of the named plaintiff are typical of the
16  claims of the proposed class.    Plaintiff and all members of the
17  proposed class sustained injuries and damages arising out of and
18  caused by defendants' common course of conduct in violation of laws,
19  regulations that have the force and effect of law and statutes as
20  alleged herein.

21      D.    **Adequacy of Representation**

22      30.    Plaintiff will fairly and adequately represent and protect
23  the interests of the members of the proposed class.    Counsel who
24  represents plaintiff is competent and experienced in litigating
25  large employment class actions.

26      E.    **Superiority of Class Action**

27      31.    A class action is superior to other available means for
28  the fair and efficient adjudication of this controversy.    Individual

1  joinder of all proposed class members is not practicable, and
2  questions of law and fact common to the proposed class predominate
3  over any questions affecting only individual members of the proposed
4  class. Each member of the proposed class has been damaged and is
5  entitled to recovery by reason of defendants' illegal policy and/or
6  practice of denying class members wage and/or overtime and meal
7  periods without legal compensation.

8      32.  Class action treatment will allow those similarly situated
9  persons to litigate their claims in the manner that is most
10  efficient and economical for the parties and the judicial system.
11  Plaintiff is unaware of any difficulties that are likely to be
12  encountered in the management of this action that would preclude its
13  maintenance as a class action.

14                              V

15                  **FIRST CAUSE OF ACTION**

16              **FAILURE TO PAY WAGES AND OVERTIME**

17                  **(LABOR CODE §§510, 1194, 1199)**

18      33.  Plaintiff incorporates paragraphs 1 through 32 as though
19  fully set forth herein.

20      34.  Plaintiff and others were forced to work on a regular and
21  consistent basis without receiving compensation at their regular
22  rate or if more than eight (8) hours a day and/or forty (40) hours
23  per week, at the applicable overtime rate. Plaintiff and the Class
24  have not been compensated for this time. Defendant had a consistent
25  policy of failing to pay plaintiff and members of the class for all
26  hours worked at the proper rate.

27      35.  By their policy of requiring plaintiff to work without
28  receiving compensation for all hours worked at their regular rate,

9

or if in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek, without compensating plaintiff at the rate of time and one-half (1 1/2), defendant wilfully violated the provisions of Labor Code §1194.

36.   As a result of the unlawful acts of defendants, plaintiff has been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §1194.

## VI

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAK PER LABOR CODE §226.7

37.   Plaintiff incorporates paragraphs 1 through 36 as though fully set forth herein.

38.   Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide.   Employees are entitled to a meal period of a least thirty (30) minutes per five (5) hour work period.   Plaintiff and the class consistently worked over five (5) hour shifts. Pursuant to the Code, plaintiff and the class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

39.   Defendants failed to provide plaintiff and others with timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period.

40.   Pursuant to Labor Code §226.7, plaintiff is entitled to damages in an amount equal to one (1) hour of wages per missed meal break, in a sum to be proven at trial.

10

VII

## THIRD CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH

### ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

41.   Plaintiff incorporates paragraphs 1 through 40 as though fully set forth herein.

42.   Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by plaintiff and the Class Members. On information and belief, plaintiff alleges that defendants have knowingly and intentionally failed to comply with Labor Code §226(a) on each and every wage statement that should have been provided to plaintiff and Class Members.

43.   Section 1174 of the California Labor Code requires defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by, and the wages paid to, their employees. On information and belief, plaintiff alleges that defendants have knowingly and intentionally failed to comply with Labor Code §1174. Defendants' failure to comply with Labor Code §1174 is unlawful pursuant to Labor Code §1175.

44.   Section 7 of the IWC Wage Orders requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals, and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by

11

1  plaintiff and the Class Members.   On information and belief,
2  plaintiff alleges that defendants have knowingly and intentionally
3  failed to comply with these Wage Orders.

4    45.  Pursuant to Labor Code §226(a) and 1174, plaintiff is
5  entitled to damages in a sum to be proven at trial.

6                              VIII

7                    FOURTH CAUSE OF ACTION

8      WAITING TIME PENALTIES UNDER LABOR CODE §203

9    46.  Plaintiff incorporates paragraphs 1 through 45 as though
10  fully set forth herein.

11   47.  Numerous members of the proposed class including plaintiff
12  are no longer employed by defendants.   They were either fired or
13  quit defendants employ.

14   48.  The defendant's failure to pay wages, as alleged above was
15  willful in that defendants and each of them knew wages to be due but
16  failed to pay them, thus entitling plaintiff and the proposed class
17  to penalties under Labor Code §203, which provides that an
18  employee's wages shall continue as a penalty until paid for a period
19  of up to thirty (30) days from the time they were due.

20   49.  Defendants have failed to pay plaintiff and others a sum
21  certain at the time of termination or within 72 hours of their
22  resignation, and have failed to pay those sums for 30 days
23  thereafter.   Pursuant to the provisions of Labor Code §203,
24  plaintiffs and the proposed class entitled to penalties in the
25  amount of plaintiff's and others daily wage multiplied by 0) days.
26  ///
27  ///
28  ///

                              12

## IX

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION PURSUANT TO

## BUSINESS & PROFESSIONS CODE §17200

50.    Plaintiff incorporates paragraphs 1 through 49 as though fully set forth herein.

51.    This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices.  Plaintiff **FELICE MARTINEZ** on her own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to Business & Professions Code §17200, et seq.  The conduct of all defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to plaintiff, the general public, and the proposed class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

52.    Plaintiff is a "person" within the meaning of Business & Professions Code §17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

53.    Business & Profession Code §17200, et seq. prohibits unlawful and unfair business practices.

54.    Wage and hour laws express fundamental public policies. Providing employees with wages and/or overtime and meal periods are fundamental public policies of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard

13

1  and unlawful conditions, and to protect law-abiding employers and

2  their employees from competitors who lower their costs by failing

3  to comply with minimum labor standards.

4      55.   Defendants have violated statutes and public policies.

5  Through the conduct alleged in this Complaint, defendants, and each

6  of them, have acted contrary to these public policies, have violated

7  specific provisions of the Labor Code, and have engaged in other

8  unlawful and unfair business practices in violation of Business &

9  Profession Code §17200, et seq., depriving plaintiff, and all

10 persons similarly situated, and all interested persons of rights,

11 benefits, and privileges guarantees to all employees under law.

12     56.   Defendants' conduct, as alleged hereinabove, constitutes

13 unfair competition in violation of Business & Professions Code

14 §17200 et. seq.

15     57.   Defendants by engaging in the conduct herein alleged, by

16 not providing proper breaks, either knew or in the exercise of

17 reasonable care should have known that the conduct was unlawful.

18 As such it is a violation of Business & Professions Code §17200 et.

19 seq.

20     58.   As a proximate result of the above mentioned acts of

21 defendants, plaintiff and others similarly situated have been

22 damaged in a sum as may be proven.

23     59.   Unless restrained by this Court, defendants will continue

24 to engage in the unlawful conduct as alleged above.   Pursuant to

25 Business & Professions Code this Court should make such orders or

26 judgments, including the appointment of a receiver, as may be

27 necessary to prevent the use or employment, by defendants, their

28 agents or employees, of any unlawful or deceptive practice

14

1  prohibited by the Business & Professions Code, and/or, including but

2  not limited to, disgorgement of profits which may be necessary to

3  restore plaintiff and the proposed class members to the money

4  defendants have unlawfully failed to pay.

5

6                           **RELIEF REQUESTED**

7    WHEREFORE, plaintiff prays for the following relief:

8      1.   For overtime in an amount according to proof, with

9  interest thereon;

10     2.   For compensatory damages in the amount of plaintiff's and

11  each class members' hourly wage for each meal period missed or taken

12  late from March 1, 2006 to the present as may be proven;

13     3.   For penalties pursuant to Labor Code §203 for all

14  employees who quit or were fired equal to their daily wage times

15  thirty (30) days;

16     4.   An award of prejudgment and post judgment interest;

17     5.   An order enjoining defendant and its agents, servants, and

18  employees, and all persons acting under, in concert with, from

19  failing to provide plaintiffs with proper meal periods pursuant to

20  Labor Code §§226.7, 512 and IWC 4-2001.  Furthermore, requiring

21  overtime compensation be paid to all salaried managers;

22     6.   For restitution for unfair competition pursuant to

23  Business & Professions Code §17200, including disgorgement or

24  profits, in an amount as may be proven;

25     7.   An award providing for payment of costs of suit;

26     8.   An award of attorneys' fees; and

27     9.   Such other and further relief as this Court may deem

28  proper and just.

15

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands trial of their claims by jury to the

3    extent authorized by law.

4

5    DATED: February _8_ , 2008                KINGSLEY & KINGSLEY, APC

6                                       By: _____

7                                          DARREN M. COHEN
                                           ATTORNEY FOR PLAINTIFFS
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

02/08/2008  14:16   8189902                     LAW OFFICES                                    PAGE  20/20

*6411944*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ. SBN-185123
DARREN M. COHEN, ESQ. SBN-221938
16133 VENTURA BL., SUITE 1200, ENCINO, CA 91436
TELEPHONE NO.: (818) 990-8300    FAX NO.: FAX (818) 990-8300
ATTORNEY FOR *(Name)*: Plaintiff, FELICE MARTINEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: P.O. Box 958
CITY AND ZIP CODE: Oakland, CA 94612-4280
BRANCH NAME: Northern Division

CASE NAME: MARTINEZ V. LENSCRAFTERS, INC.; et al.

**FILED
ALAMEDA COUNTY**

FEB 14 2008

CLERK OF THE SUPERIOR COURT
BY _____
FILE BY ____

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG08371402<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify)*:  THREE

5. This case [X] is    [ ] is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: FEBRUARY 8    , 2008                                    KINGSLEY & KINGSLEY, APC

DARREN M. COHEN                               ▶ _____
_____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
  Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET         Legal
                              Solutions
                              Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Short Title: **MARTINEZ V. LENSCRAFTERS, INC.; et al.**    Case Number:

## CIVIL CASE COVER SHEET ADDENDUM

THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case ? [ ] yes [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc. Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)    AL20219



# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LENSCRAFTERS, INC.; and
DOES 1 to 50, Inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**ALAMEDA COUNTY**

FEB 1 4 2008

CLERK OF THE SUPERIOR COURT
By _____
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FELICE MARTINEZ, on behalf of herself
and others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | RG 08371402 |

Superior Court, County of Alameda
1225 Fallon Street
P.O. Box 958
Oakland, CA 94612-4280
Northern Division

FILE BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

KINGSLEY & KINGSLEY, APC                    (818) 990-8300   FAX (818) 990-8300
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ. SBN-185123
DARREN M. COHEN, ESQ. SBN-221938           16133 VENTURA BL. #1200, ENCINO, CA 91436

DATE: FEB 1 4 2008   Pat S. Sweeten      Clerk, by _____, Deputy
*(Fecha)*                                 *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

```
┌                          ┐     ┐    ┌                              ┐
  Kingsley & Kingsley, APC
  Attn: Kingsley, George R.
  16133 Ventura Blvd.
  Suite 1200
└ Encino, CA   91436       ┘     ┘    └                              ┘
```

## Superior Court of California, County of Alameda

| Martinez | | No. RG08371402 |
| --- | --- | --- |
| | **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| | VS. | **CONFERENCE AND ORDER** |
| Lenscrafters, Inc. | | Unlimited Jurisdiction |
| | **Defendant/Respondent(s)** | |
| (Abbreviated Title) | | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **07/01/2008**<br>Time: **08:45 AM** | Department: **19**<br>   Location: **Administration Building**<br>       **Third Floor**<br>       **1221 Oak Street, Oakland  CA  94612**<br><br>   Internet: **http://www.alameda.courts.ca.gov** | Judge: **Stephen Dombrink**<br>Clerk: **Barbara Dell**<br>Clerk telephone: **(510) 267-6935**<br>E-mail:<br>**Dept.19@alameda.courts.ca.gov**<br>Fax: **(510) 267-1507** |
| --- | --- | --- |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least **15** days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/19/2008.

By

Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Judicial Assignment for All Purposes*

Case Number: RG08371402
Case Title:    Martinez VS Lenscrafters, Inc.
Date of Filing: 02/14/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

|  |  |
|---|---|
| **Judge:** | **Stephen Dombrink** |
| **Department:** | **19** |
| **Address:** | **Administration Building** |
|  | **1221 Oak Street** |
|  | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6935** |
| **Fax Number:** | **(510) 267-1507** |
| **Email Address:** | **Dept.19@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law.  (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULE 3.135.

General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Dombrink
DEPARTMENT 19

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

## Schedule for Department 19

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays through Thursdays at 9:30 a.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays through Thursdays at 8:45 a.m. and Fridays at 9:00 a.m. and 2:00 p.m.
- Case Management Conference Continuances: Mondays through Thursdays at 9:00 a.m.
- Law and Motion matters are heard: Mondays and Thursdays at 8:30 a.m.
- Settlement Conferences are heard: To be determined by the Court.
- Ex Parte matters are heard: Mondays and Wednesdays at 9:00 a.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.19@alameda.courts.ca.gov


- Ex Parte Matters
  Email:        Dept.19@alameda.courts.ca.gov

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rule 3.30(c). Tentative rulings will become the Court's order unless contested. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 19
- Phone: 1-866-223-2244

Dated:  02/15/2008                    Executive Officer / Clerk of the Superior Court

                              By      _____
                                                        Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 02/19/2008

                              By      _____
                                                        Deputy Clerk

KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN - 38022
ERIC B. KINGSLEY, ESQ.   SBN - 185123
DARREN M. COHEN, ESQ.    SBN - 221938
16133 VENTURA BOULEVARD, SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903

Attorneys for Plaintiffs

**FILED BY FAX**
ALAMEDA COUNTY
February 26, 2008
CLERK OF
THE SUPERIOR COURT
By Robbi McIntosh, Deputy

CASE NUMBER:
**RG08371402**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

|  |  |
|---|---|
| FELICE MARTINEZ; et al., | CASE NO. RG08371402 |
|            Plaintiffs, | Complaint Filed: 02/14/08 |
|     v. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| LENSCRAFTERS, INC.; et al.,, | DATE:   July 1, 2008 |
|  | TIME:   8:45 A.M. |
|  | DEPT.:  19 |
|            Defendants. |  |

**PLEASE TAKE NOTICE**, that on February 19, 2008, the court set a Case Management Conference for July 1, 2008 at 8:45 a.m., in Department 19 of the above-entitled court located at Administration Building, Third Floor, 1221 Oak Street, Oakland, California.

Plaintiff was ordered to give notice. Attached as Exhibit 1 is a copy of the notice from the court.

DATED: February 25, 2008

KINGSLEY & KINGSLEY, APC

By: _____
ERIC B. KINGSLEY
ATTORNEY FOR PLAINTIFFS

1

# EXHIBIT 1

Kingsley & Kingsley, APC
Attn: Kingsley, George R.
16133 Ventura Blvd.
Suite 1200
Encino, CA 91436

## Superior Court of California, County of Alameda

| Martinez | |
|---|---|
| | Plaintiff/Petitioner(s) |
| VS. | |
| Lenscrafters, Inc. | |
| | Defendant/Respondent(s) |
| (Abbreviated Title) | |

No. RG08371402

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 07/01/2008 | Department: 19 | Judge: Stephen Dombrink |
|---|---|---|
| Time: 08:45 AM | Location: Administration Building | Clerk: Barbara Dell |
| | Third Floor | Clerk telephone: (510) 267-6935 |
| | 1221 Oak Street, Oakland CA 94612 | E-mail: |
| | | Dept.19@alameda.courts.ca.gov |
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 267-1507 |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/19/2008.

By _____

Deputy Clerk



ENTERED ON 2/21 08
BY: M-T

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG08371402
Case Title:    Martinez VS Lenscrafters, Inc.
Date of Filing: 02/14/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| **Judge:** | **Stephen Dombrink** |
| **Department:** | **19** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6935** |
| **Fax Number:** | **(510) 267-1507** |
| **Email Address:** | **Dept.19@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULE 3.135.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Dombrink
DEPARTMENT 19

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

## Schedule for Department 19

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays through Thursdays at 9:30 a.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays through Thursdays at 8:45 a.m. and Fridays at 9:00 a.m. and 2:00 p.m.
- Case Management Conference Continuances: Mondays through Thursdays at 9:00 a.m.
- Law and Motion matters are heard: Mondays and Thursdays at 8:30 a.m.
- Settlement Conferences are heard: To be determined by the Court.
- Ex Parte matters are heard: Mondays and Wednesdays at 9:00 a.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:     Dept.19@alameda.courts.ca.gov

- Ex Parte Matters
  Email:     Dept.19@alameda.courts.ca.gov

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rule 3.30(c). Tentative rulings will become the Court's order unless contested. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 19
- Phone: 1-866-223-2244

Dated: 02/15/2008                          Executive Officer / Clerk of the Superior Court

                                      By    _____
                                                                Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and
not a party to this cause. I served this Notice by placing copies in envelopes addressed as
shown on the attached Notice of Initial Case Management Conference and then by sealing
and placing them for collection, stamping or metering with prepaid postage, and mailing on
the date stated below, in the United States mail at Alameda County, California, following
standard court practices.

Executed on 02/19/2008

                                      By    _____
                                                                Deputy Clerk

**PROOF OF SERVICE**
**[CCP 1013(A)(3)]**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

   I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 16133 Ventura Boulevard, Suite 1200, Encino, California 91436.

   On February 25, 2008, I served all interested parties in this action the following documents described as **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

LENSCRAFTERS, INC.
C/O CT CORPORATION SYSTEM
818 WEST SEVENTH STREET
LOS ANGELES, CA 90017

[XX]   (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY PERSONAL SERVICE) I caused such envelope to addressee.

[XX]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   Executed on February 25, 2008, at Encino, California.

                        Michelle A. Tanzer

<table>
<tr><td>

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>
DARREN M. COHEN, ESQ.            SBN 221938<br>
KINGSLEY & KINGSLEY, APC.<br>
16133 VENTURA BLVD STE 1200<br>
ENCINO, CA 91436<br>
TELEPHONE NO.: (818) 990-8300        FAX NO: (818) 990-2903<br>
E-MAIL ADDRESS:<br>
ATTORNEY FOR: PLAINTIFF

</td><td>

FILED BY FAX JS-010<br>
ALAMEDA COUNTY<br>
March 10, 2008<br>
CLERK OF<br>
THE SUPERIOR COURT<br>
By Denise Dalton, Deputy

</td></tr>
</table>

ALAMEDA COUNTY SUPERIOR COURT/OAKLAND
STREE ADDRESS: 1225 FALLON ST
MAILING ADDRESS: 1225 FALLON ST
CITY AND ZIP CODE: OAKLAND, CA 94612
BRANCH NAME: OAKLAND

CASE NUMBER:
**RG08371402**

| PLAINTIFF/PETITIONER: FELICE MARTINEZ | Case Number: |
|---|---|
| DEFENDANT/RESPONDENT: LENSCRAFTERS, INC. | RG08371402 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:    Summons; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Class Action Complaint

3. a. Party served:    LENSCRAFTERS, INC.

   b. Person served:    MARGARET WILSON - AGENT FOR SERVICE OF PROCESS @ CT CORPORATION

4. Address where the party was served:    818 W 7TH ST., 7TH FLOOR, LOS ANGELES, CA 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): Feb, 29 2008        (2) at (time):    2:30 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of :
      LENSCRAFTERS, INC.
      under the following Code of Civil Procedure section:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name: NICHOLAS E. INECK - ATTORNEY RELATED SERVICES, INC.
   b. Address: 15335 MORRISON ST STE 104, SHERMAN OAKS, CA. 91403-1566
   c. Telephone number: (818) 995-9771
   d. The fee for service was: $ 42.00
   e. I am: (3) registered California process server:

      (i)   Employee or independant contractor
      (ii)  Registration No.:   281 (S. RAHEB)
      (iii) County: VENTURA

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: February 29, 2008

NICHOLAS E. INECK                              *Nicholas Ineck*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE )

# EXHIBIT 2

1   NANCY E. PRITIKIN, Bar No. 102392
    RONALD D. ARENA, Bar No. 218421
2   SOFIJA VERZICH, Bar No. 221602
    LITTLER MENDELSON
3   A Professional Corporation
    650 California Street, 20th Floor
4   San Francisco, CA  94108.2693
    Telephone:     415.433.1940
5   Fax No.:        415.399.8490

6   Attorneys for Defendant
    LENSCRAFTERS, INC.

7

                                        **ENDORSED**
                                          **FILED**
                                    ALAMEDA COUNTY

                                      MAR 2 8 2008

                              CLERK OF THE SUPERIOR COURT
                                By Esther Coleman, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11   FELICE MARTINEZ, on behalf of herself        Case No.  RG08371402
     and others similarly situated,
12                                                 ASSIGNED FOR ALL PURPOSES TO
                  Plaintiffs,                      JUDGE STEPHEN DOMBRINK
13                                                 DEPARTMENT 19
            v.
14                                                 **DEFENDANT LENSCRAFTERS, INC.'S**
     LENSCRAFTERS, INC.; and DOES 1 to             **ANSWER TO COMPLAINT**
15   50, inclusive,
                                                   Complaint Filed:    February 14, 2008
16                Defendants.                      Trial Date:          None set

17

18

19          Defendant LENSCRAFTERS, INC. ("Defendant'), for its answer to the Complaint of

20   Plaintiff FELICE MARTINEZ ("Plaintiff") on file herein, responds as follows:

21                              **GENERAL DENIAL**

22          Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

23   generally denies each and every, all and singular, generally and specifically, the allegations of the

24   Complaint.

25                            **AFFIRMATIVE DEFENSES**

26          By pleading the separate defenses stated below, Defendant does not admit that it has

27   the burden of production or proof with respect to any such defense. Defendant asserts the following

28   affirmative defenses based on information and belief:

LITTLER MENDELSON
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

                    DEFENDANT LENSCRAFTERS, INC.'S ANSWER TO COMPLAINT

1        1.      AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

2    alleges that the Complaint and each cause of action fails to state sufficient facts to constitute a cause

3    of action.

4        2.      AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

5    alleges that the Complaint and each cause of action must be dismissed for lack of subject matter

6    jurisdiction.

7        3.      AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

8    alleges that the Complaint and each cause of action must be dismissed because of lack of personal

9    jurisdiction over Plaintiff.

10       4.      AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

11   alleges that the Complaint and each cause of action must be dismissed because they were brought in

12   an improper venue and/or forum.

13       5.      AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

14   alleges Plaintiff is barred from seeking relief against Defendant because Defendant's alleged conduct

15   was privileged and/or Defendant believed in good faith that it was asserting its legal rights.

16       6.      AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

17   alleges that the Complaint and each cause of action are barred by the equitable doctrine of waiver.

18       7.      AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

19   alleges that the Complaint and each cause of action are barred by the equitable doctrine of consent.

20       8.      AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

21   alleges that the Complaint and each cause of action are barred by the equitable doctrine of estoppel.

22       9.      AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

23   alleges that the Complaint and each cause of action are barred by the equitable doctrine of laches.

24       10.     AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

25   alleges that the Complaint and each cause of action are barred by the equitable doctrine of unclean

26   hands.

27       11.     AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

28   Defendant alleges that the Complaint and each cause of action are barred because Plaintiff lacks

TLER MENDELSON
1OFESSIONAL CORPORATION
650 California Street
20th Floor
•ancisco, CA  84108 2693
415 433 1940

2.

1   standing as a representative of any proposed class and do not adequately represent the purported

2   class.

3          12.    AS AN TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

4   Defendant alleges that Plaintiff has failed to and cannot satisfy the requirements for the maintenance

5   of a class, representation, or collective action, including, and without limitation, numerosity,

6   ascertainability, predominance, typicality, adequacy (of both the proposed class representative and

7   proposed class counsel), and superiority, and further alleges that public policy considerations do not

8   favor such a certification and there are no employees of Defendant who are similarly situated to

9   Plaintiff.

10          13.    AS AN THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

11   Defendant alleges that certification of a class, as applied to the facts and circumstances of this case,

12   would constitute a denial of Defendant's due process rights, both substantive and procedural, in

13   violation of the Fourteenth Amendment to the United States Constitution and the California

14   Constitution.   Defendant reserves the right to amend its answer upon further investigation and

15   discovery of facts supporting this defense.

16          14.    AS AN FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17   Defendant alleges that there must be excluded from any overtime which may be found to be due

18   those aspects of the employees' compensation that are excluded from the regular rate of pay.

19          15.    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

20   Defendant alleges that the Complaint and each cause of action is barred because Plaintiff's alleged

21   injuries were not proximately caused by any unlawful policies, customs, practices, and/or procedures

22   promulgated and/or tolerated by Defendant.

23          16.    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

24   Defendant alleges that the Complaint and each cause of action are barred by Plaintiff's own breach

25   of duties owed to Defendant, including without limitation those under California Labor Code

26   sections 2853 through 2859.

27          17.    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

28   Defendant alleges that the Complaint and each cause of action are barred because, at all times,

TLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA  94108 2693
415 433 1940

3.

DEFENDANT LENSCRAFTERS, INC.'S ANSWER TO COMPLAINT

1  Plaintiff was exempt from overtime compensation, including without limitation because Plaintiff at

2  all relevant times performed office or non-manual work directly related to management policies of

3  Defendant's general business operations, regularly exercised discretion and independent judgment

4  and regularly and directly assisted persons in a bona fide executive or administrative capacity, or

5  performed under only general supervision specialized work or work requiring special training,

6  experience or knowledge, or executed special assignments and tasks under only general supervision.

7      18.   AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8  Defendant alleges that the Complaint and each cause of action are barred because any failure on

9  Plaintiff's part to meet the criteria for exempt employee status, including without limitation the

10  requirement that Plaintiff spend 50% or more of her time performing exempt duties at any time, was

11  the result of Plaintiff's own exercise of discretion and judgment concerning, among other things, the

12  scheduling of time, the tasks to be performed by her, and/or Plaintiff's own personal preferences,

13  and/ or that such failure reflects the failure of the Plaintiff to meet Defendant's reasonable

14  requirements for performance of her job and that such acts or decisions on Plaintiff's part cannot

15  operate to remove her from the operation of the exemptions from the overtime laws.

16      19.   AS AN NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17  Defendant alleges that the Complaint and each cause of action set forth therein are barred because

18  Plaintiff failed to exhaust the notice and other administrative requirements set out in the California

19  Private Attorney General Act (California Labor Code section 2699, et seq), including but not limited

20  to sections 2699.3(a) and 2699.5.

21      20.   AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

22  Defendant alleges that the Complaint and each cause of action for penalties including, but not

23  limited to, penalties under California Labor Code sections 201 and 203, are barred because (1) there

24  are bona fide disputes as to whether further compensation is due to Plaintiff and the putative class or

25  persons allegedly similarly situated that she seeks to represent and, if so, as to the amount of such

26  further compensation (2) Defendant has not willfully failed to pay such additional compensation, if

27  any is owed, and (3) to impose waiting time penalties in this case would be inequitable and unjust.

28

ITLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

4.

DEFENDANT LENSCRAFTERS, INC.'S ANSWER TO COMPLAINT

1    21.    AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

2  Defendant alleges that the Complaint and each cause of action set forth therein are barred in whole

3  or in part by the Excessive Fines Clause of the United States Constitution.

4    22.    AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

5  Defendant alleges that the Complaint and each cause of action set forth therein are barred in whole

6  or in part by the Due Process Clause of the California Constitution as interpreted in *Hale v. Morgan*,

7  22 Cal. 3d 388 (1978), and its progeny.

8    23.    AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, as

9  a separate and affirmative defense to the Complaint and for alleged violation of Business and

10  Professions Code section 17200 *et seq.*, Plaintiff's claims are barred because California's Business

11  and Professions Code section 17200 *et seq.* is unconstitutionally vague and overbroad and the

12  manner in which Plaintiff alleges that said statutes apply to Defendant's business practices

13  constitutes a violation of Defendant's rights to due process.

14    24.    AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

15  to Plaintiff's Complaint and to the cause of action for alleged violation of Business and Professions

16  Code section 17200 *et seq.*, Defendant alleges that Plaintiff's claims are barred to the extent it seeks

17  disgorgement of any funds from Defendant or any related relief, because this and any related remedy

18  is beyond the grant of equitable power in Business and Professions Code section 17203, is beyond

19  the court's inherent equitable powers, does not serve the public and violates Defendant's rights of

20  due process, all as set out in *Kraus v. Trinity Management Services, Inc.*, 23 Cal. 4th 116 (2000).

21    25.    AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

22  Defendant alleges that Plaintiff's prayer for restitution pursuant to Business and Professions Code

23  sections 17200 *et seq.* is barred with respect to any claim for penalties of any nature.

24    26.    AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

25  Defendant alleges that the Complaint and each cause of action set forth therein are barred because

26  the claims of Plaintiffs and the putative class members and allegedly similarly situated persons they

27  seek to represent are misjoined, as their rights to recover require individual analysis, do not present a

28  predominance of common questions of law or fact, and are unsuited for determination on a class or

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
rancisco, CA 94108 2693
415 433 1940

5.

1  representative basis; class treatment is neither a superior nor a suitable means of adjudicating these

2  claims.

3        27.    AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

4  Defendant alleges that Plaintiff's Complaint and each cause of action therein, or some of them, are

5  barred because the applicable Wage Orders, or some of them, are unconstitutionally vague and

6  ambiguous as applied to the facts and circumstances of this case.

7        28.    AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8  Defendant alleges that that Complaint and each cause of action are barred because the Private

9  Attorney General Act, Labor Code section 2699 *et seq.*, is unconstitutionally vague and overbroad as

10  applied to the facts and circumstances of this case.

11        29.    AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, to

12  the Complaint for alleged violation of Business and Professions Code section 17200 *et seq.*,

13  Defendant alleges that Plaintiff's claims are barred because California's Business and Professions

14  Code section 17200 *et seq.* is unconstitutionally vague and overbroad and the manner in which

15  Plaintiff alleges that said statutes apply to Defendant's business practices constitutes a violation of

16  Defendant's rights to due process.

17        30.    AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE to the

18  Complaint and to the cause of action for alleged failure to provide accurate wage statements and

19  alleged failure to provide meal periods, Defendant alleges Plaintiff's claims are barred because

20  Labor Code sections 226 and 226.7 are unconstitutionally vague and overbroad as applied to the

21  facts and circumstances of this case.

22        31.    AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE to the

23  Complaint and to the cause of action for alleged failure to provide meal periods, any alleged

24  violations were *de minimis*.

25        32.    AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

26  Defendant alleges that Plaintiff's claims for injunctive and other equitable relief contained therein

27  are barred because Plaintiff has an adequate remedy at law.

28

1    33.    AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

2    Defendant alleges that the Complaint and each cause of action set forth therein are barred by

3    applicable settlement agreements and/or other releases of claims.

4    34.    AS A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5    Defendant alleges that Plaintiff failed to comply with her contractual duty to submit her claims to

6    arbitration, and as such, their claims should be stayed and/or dismissed in their entirety.

7    35.    AS A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8    Defendant alleges the Complaint and each cause of action therein are barred on grounds that all such

9    claims are preempted by the Federal Arbitration Act [9 U.S.C. section 1 *et seq.*].

10    36.    AS A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

11    Defendant alleges the Complaint and each cause of action therein are barred on grounds there exists

12    a written agreement between Plaintiff and Defendant to submit any and all employment-related

13    claims to final and binding arbitration, that each and every cause of action alleged in the Complaint

14    is subject to final and binding arbitration in accordance with the terms of said written agreement, and

15    that the arbitration agreement prohibits the maintenance of class action lawsuits.

16    37.    AS A THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

17    Defendant alleges the Complaint and each cause of action therein are barred on grounds that

18    Defendant's arbitration agreement in effect at all relevant times herein provided for and require final

19    and binding arbitration of any and all employment-related claims for those who did not opt out of the

20    arbitration agreement; that each and every cause of action alleged in the Complaint is subject to final

21    and binding arbitration under the terms of said arbitration agreement; and that Plaintiff and/or the

22    putative class members who did not opt out of the arbitration agreement are required to submit the

23    cause of action alleged in the Complaint to final and binding arbitration in accordance with the terms

24    of said arbitration agreement, as they acknowledged and agreed as a condition of their employment

25    by Defendant.

26    38.    AS A THIRTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

27    Defendant alleges that Plaintiff's suit is barred by her failure to exhaust her administrative remedies

28    and/or internal remedies and procedures.

ITLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

7.

DEFENDANT LENSCRAFTERS, INC.'S ANSWER TO COMPLAINT

39.    AS A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action are barred because, to the extent that Plaintiff seeks to recover for any penalties including, *inter alia*, penalties under California Labor Code sections 226 and 558, allegedly accrued more than one year before the filing of this action, such claims are barred by the statute of limitations in California Code of Civil Procedure section 340(a).

40.    AS A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action are barred because, to the extent that Plaintiff seeks to recover for any liability created by a statute which accrued more than three years before the filing of this action and/or before the date of any tolling, such claims are barred by the statute of limitations in California Code of Civil Procedure section 338(a).

41.    AS A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the statute of limitations in California Business and Professions Code section 17208.

42.    AS A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs' claims for overtime compensation and failure to compensate for all hours worked are barred by the statute of limitations in California Code of Civil Procedure section 338(a) to the extent that Plaintiff seeks to recover for any wages allegedly earned more than three years before the filing of this action and/or any tolling agreement between Plaintiff and Defendant.

43.    AS A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action set forth therein are barred because any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's failure to mitigate damages, if any.

44.    AS A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action set forth therein are barred because any entitlement to relief by Plaintiff and/or those persons whom she seeks to represent is barred or limited by the doctrines of after-acquired evidence and "avoidable consequences."

TLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

8.

DEFENDANT LENSCRAFTERS, INC.'S ANSWER TO COMPLAINT

45.    AS A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's recovery, if any, must be offset by any benefits and/or other monies she has received or will receive.

46.    AS A FORTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint fails to state a claim for attorney's fees under California Labor Code sections 218.5 and 1194, California Business and Professions Code section 17200 *et seq.*, or any other basis.

47.    AS A FORTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to properly state a claim upon which punitive or exemplary damages can be granted.

48.    AS A FORTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest can be granted.

49.    AS A FORTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred because there is no private right of action under California Labor Code sections 226(a), 226.7, 1174 and/or 1175.

50.    AS A FIFTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges with regard to the "wage statement" claim that Plaintiff and the putative class members are not entitled to recover damages because any alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

51.    AS A FIFTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein cannot be maintained against Defendant because Defendant had a policy of providing meal periods as required Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law.

52.    AS A FIFTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint does not describe the claims or facts being alleged with

'TLER MENDELSON
'ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

1  sufficient particularity to permit Defendant to ascertain what other defenses may exist.  Defendant

2  will rely on any and all further defenses that become available or appear during discovery in this

3  action and specifically reserves the right to amend this Answer for purposes of asserting such

4  additional affirmative defenses.

5          WHEREFORE, Defendant prays:

6          1.      That Plaintiff and the putative class take nothing by their complaint;

7          2.      That Plaintiff's Complaint be dismissed in its entirety;

8          3.      For an award of the costs of the suit and reasonable attorneys' fees; and

9          4.      For such other and further relief as the Court may deem just and proper.

10  Dated: March 2*, 2008

11                                          _____
                                            RONALD D. ARENA
12                                          LITTLER MENDELSON
                                            A Professional Corporation
13                                          Attorneys for Defendant
                                            LENSCRAFTERS, INC.
14

15  Firmwide:84691928.1 052266.1029

16

17

18

19

20

21

22

23

24

25

26

27

28

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA  94108 2693
415 433 1940

10.

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On March 28, 2008, I deposited with Federal Express, a true and correct copy of the within documents:

> DEFENDANT LENSCRAFTERS, INC.'S ANSWER TO
> COMPLAINT

in a sealed envelope, addressed as follows:

> George R. Kingsley, Esq.
> Kingsley & Kingsley, APC
> 16133 Ventura Blvd.
> Suite 1200
> Encino, CA 91436

> *Attorneys for Plaintiffs*
> FELICE MARTINEZ, et al.

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 28, 2008, at San Francisco, California.

Barbra K. Kearney

Firmwide:84719653.1 052266.1029

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940