NANCY E. PRITIKIN, Bar No. 102392
RONALD D. ARENA, Bar No. 218421
SOFIJA VERZICH, Bar No. 221602
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Fax: 415.399.8490
Email: nepritikin@littler.com
Email: rarena@littler.com

Attorneys for Defendant
LENSCRAFTERS, INC.



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE MARTINEZ, on behalf of herself and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LENSCRAFTERS, INC.; and DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No. **C08-01699 WDB**<br><br>**DECLARATION OF RONALD D. ARENA IN SUPPORT OF DEFENDANT LENSCRAFTERS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441(b) & 1446(b)**<br><br>Trial Date: None set<br>Complaint Filed: February 14, 2008<br><br>Alameda Co. Superior Court No. RG08371402 |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF RONALD D. ARENA IN
SUPPORT OF NOTICE OF REMOVAL

I, RONALD D. ARENA, hereby declare and state:

1. I am a shareholder in the law firm of Littler Mendelson, a Professional Corporation, attorneys for Defendant LENSCRAFTERS, INC. ("Defendant") in the above-entitled action. I am duly licensed to practice law in the State of California and before the United States District Court for the Northern District of California and am one of the attorneys responsible for representing Defendant in this action. All of the information set forth herein is based on my personal and first hand knowledge and upon my review of the pleadings and case file in this matter, except where otherwise indicated, and if called and sworn as a witness, I could and would competently testify thereto.

2. Attached as Exhibit A to my declaration is a true and correct copy of the Felice Martinez v. LensCrafters, Inc. Complaint. Plaintiff Felice Martinez served the Complaint on Defendant LensCrafters, Inc. on February 29, 2008.

3. Based on my experience, it is not uncommon in California class actions for the plaintiffs' attorneys to seek fee awards in excess of $200,000.

4. On March 28, pursuant to 28 U.S.C. § 1446(d), I caused to be filed with the Clerk of the Superior Court for the State of California for the County of Alameda, a Notice to State Court of Removal of Civil Action to Federal Court, together with a copy of the Notice to Federal Court of Removal of Civil Action from State Court, by causing said documents to be duly delivered to the Deputy Clerk at the filing window of the Superior Court of the County of Alameda.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 28 day of March, at San Francisco, California, County of San Francisco.

RONALD D. ARENA

Firmwide:84645971.1 052266.1029

DECLARATION OF RONALD D. ARENA IN SUPPORT OF NOTICE OF REMOVAL        2.

# EXHIBIT A

*6411948*

```
KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ.    SBN-38022
ERIC B. KINGSLEY, ESQ.      SBN-185123
DARREN M. COHEN, ESQ.       SBN-221938
ELANA R. LEVINE, ESQ.       SBN-234155
16133 VENTURA BLVD., SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903
```

FILED
ALAMEDA COUNTY

FEB 14 2008

CLERK OF THE SUPERIOR COURT
By _____
        Deputy

Attorneys for Plaintiffs

SUMMONS ISSUED

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

CASE NO.: RG-08371402

| | |
|---|---|
| FELICE MARTINEZ, on behalf of herself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LENSCRAFTERS, INC.; and DOES 1 to 50, Inclusive, <br><br> Defendants. | CASE NO.: <br><br> CLASS ACTION COMPLAINT FOR: <br><br> 1. Failure to Pay Overtime <br> 2. Failure to Provide Meal Breaks Under Labor Code §226.7 <br> 3. Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions <br> 4. Penalties Pursuant to Labor Code §203 <br> 5. Violation of Business & Professions Code §17200 |

Plaintiff FELICE MARTINEZ, on behalf of herself and all others similarly situated, complains of defendants, and each of them, as follows:

I

INTRODUCTION

1. This is a Class Action, pursuant to *Code of Civil Procedure* §382, on behalf of plaintiff and all individuals who hold or held the position of manager, assistant manager, or similar title, who are employed by, or formerly employed by LENSCRAFTERS, INC., and any subsidiaries or affiliated companies (hereinafter

1

CLASS ACTION COMPLAINT

referred to as "defendants") within the State of California who were paid on a salary basis.

2. From March 1, 2006 and continuing to the present, defendants have had a consistent policy of failing to pay wages and/or overtime to hourly employees for all work performed and/or work over eight (8) hours per day or forty (40) per week. Compensation was salary based, despite the fact plaintiff did not spend Fifty Percent (50%) of her time on exempt tasks.

3. From March 1, 2006 and continuing to the present ("meal break liability period"), defendants have had a consistent policy of requiring salary employees within the State of California, including plaintiff, to work at least five (5) hours without an uninterrupted meal period and failing to pay such employees 1 hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California state wage and hour laws.

4. From March 1, 2006 and continuing to the present, defendants failed to maintain accurate records of Class Members' earned wages and work periods

5. Plaintiff, on behalf of herself and all proposed class members, brings this action pursuant to Labor Code §§201, 202, 203, 226(a), 226.7, 510, 512, 1194, 1197, and 1199, seeking unpaid overtime, meal period compensation, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

6. Plaintiff, on behalf of herself and all proposed class members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits defendants enjoyed from their failure to provide meal

period compensation.

## II

## PARTIES

**A. Plaintiffs**

7. Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395. Defendants operate several locations within Alameda County, California. The unlawful acts alleged herein have a direct effect on plaintiff and those similarly situated within the State of California.

8. Plaintiff **FELICE MARTINEZ** is a resident of Alameda County, California.

9. As an hourly employee, plaintiff was regularly required to:

(1) Work without receiving compensation for all hours worked and/or work performed over eight (8) hours per day or forty (40) per week without being provided premium overtime pay rates;

(2) Work in excess of five (5) hours per day without being provided a meal period and not being compensated 1 hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and IWC Wage Orders; and

(3) Work without being provided an itemized wage statement reflecting all deductions from payment of wages and accurately report total hours worked by plaintiffs and the Class Members.

10. Defendants willfully failed to compensate them for wages at the termination of their employment with defendants.

B. **Defendants**

11. Defendant LENSCRAFTERS, INC. is believed to be a Ohio corporation operating in California. They own and operate several locations in the State of California. The defendant's corporate address is 4000 Luxottica Pl., Mason, OH 45040. They own and operate several locations in the State of California. Defendants employed plaintiff and similarly situated persons as hourly employees within California.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

13. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, defendants in all respects acted as the employer and/or joint employer of plaintiff and the proposed class.

///
///

## III

## FACTUAL BACKGROUND

14. Defendants hire salary managers to work at various retail locations in California. These employees work on a regular basis without receiving compensation for all hours worked.

15. Plaintiff and the proposed class are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

16. Plaintiff and the class worked without receiving compensation for all hours worked at the proper rate. Plaintiff and the class regularly and consistently worked more than eight (8) hours per day and/or forty (40) hours per week without receiving the proper overtime compensation. Defendant paid plaintiff and the class at the regular rate of pay regardless of the amount of hours worked. As a result, plaintiff and the class have been improperly denied overtime compensation.

17. During the meal period liability period, plaintiff and the members of the proposed class were regularly required to work in excess of five (5) hours per day, without being provided a meal period.

18. Defendants did not fully compensate the proposed class for defendants' failure to provide meal periods during the meal period liability period.

19. Defendants' requirement that plaintiff and the proposed class work through meal periods without paying legal compensation for failure to provide meal periods during the liability periods was willful and deliberate.

20. Defendants willfully failed to pay one hours wages in lieu of meal periods, when each employee quit or was discharged.

21. Defendants have failed to comply with Industrial Welfare Commission ("IWC") Wage Order 4-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by plaintiff and the members of the proposed class.

22. Plaintiff and the proposed class are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001.

IV

CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to §382 of the Code of Civil Procedure. Plaintiff seeks to represent a class composed of and defined as follows:

> All persons who are employed or have been employed, and who have worked one or more shifts as a salaried manager and/or assistant manager or similar title for defendants in the State of California since March 1, 2006.

24. Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

25. This action has been brought and may properly be maintained as a class action under the provisions of §382 of the Code of Civil Procedure because there is a well-defined community

of interest in the litigation and the proposed class is easily ascertainable.

A. **Numerosity**

26. The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, plaintiff is informed and believes that defendants currently employ, and during the relevant time periods employed, over 100 hourly employees.

27. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges defendants' employment records would provide information as to the number and location of all proposed class members. Joinder of all members of the proposed class is not practicable.

B. **Commonality**

28. There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

(1) Whether defendants filed to pay wages and/or overtime compensation as required by the Labor Code and Wage Orders for all hours worked;

(2) Whether defendants violated Labor Code §§226.7 and 512, IWC Wage Order 4-2001 or other applicable IWC Wage Orders, by failing to provide meal periods on days they worked in excess of five (5) hours and failing to compensate said employees one (1) hours wages in lieu of meal periods;

(3) Whether defendants violated Labor Code §226(a) and

IWC Wage Order 4-2001 or other applicable IWC Wage Orders, by failing to provide itemized wage statements that accurately report all deductions and total hours worked by plaintiffs and the Class Members;

(4) Whether defendants violated §§201-203 of the Labor Code by failing to pay compensation due and owing at the time that any proposed class member's employment with defendants terminated;

(5) Whether defendants violated §17200 et seq. of the Business & Professions Code by failing to provide wages and compensation to hourly employees; and

(6) Whether plaintiff and the members of the proposed class are entitled to equitable relief pursuant to Business & Professions Code §17200, et. seq.

C. **Typicality**

29. The claims of the named plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by defendants' common course of conduct in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

D. **Adequacy of Representation**

30. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represents plaintiff is competent and experienced in litigating large employment class actions.

E. **Superiority of Class Action**

31. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual

CLASS ACTION COMPLAINT

joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class. Each member of the proposed class has been damaged and is entitled to recovery by reason of defendants' illegal policy and/or practice of denying class members wage and/or overtime and meal periods without legal compensation.

32. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

V

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES AND OVERTIME

(LABOR CODE §§510, 1194, 1199)

33. Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff and others were forced to work on a regular and consistent basis without receiving compensation at their regular rate or if more than eight (8) hours a day and/or forty (40) hours per week, at the applicable overtime rate. Plaintiff and the Class have not been compensated for this time. Defendant had a consistent policy of failing to pay plaintiff and members of the class for all hours worked at the proper rate.

35. By their policy of requiring plaintiff to work without receiving compensation for all hours worked at their regular rate,

or if in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek, without compensating plaintiff at the rate of time and one-half (1 1/2), defendant wilfully violated the provisions of Labor Code §1194.

36. As a result of the unlawful acts of defendants, plaintiff has been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §1194.

## VI

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAK PER LABOR CODE §226.7

37. Plaintiff incorporates paragraphs 1 through 36 as though fully set forth herein.

38. Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a meal period of a least thirty (30) minutes per five (5) hour work period. Plaintiff and the class consistently worked over five (5) hour shifts. Pursuant to the Code, plaintiff and the class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

39. Defendants failed to provide plaintiff and others with timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period.

40. Pursuant to Labor Code §226.7, plaintiff is entitled to damages in an amount equal to one (1) hour of wages per missed meal break, in a sum to be proven at trial.

## VII

### THIRD CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH
### ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

41. Plaintiff incorporates paragraphs 1 through 40 as though fully set forth herein.

42. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by plaintiff and the Class Members. On information and belief, plaintiff alleges that defendants have knowingly and intentionally failed to comply with Labor Code §226(a) on each and every wage statement that should have been provided to plaintiff and Class Members.

43. Section 1174 of the California Labor Code requires defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by, and the wages paid to, their employees. On information and belief, plaintiff alleges that defendants have knowingly and intentionally failed to comply with Labor Code §1174. Defendants' failure to comply with Labor Code §1174 is unlawful pursuant to Labor Code §1175.

44. Section 7 of the IWC Wage Orders requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals, and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by

11

1  plaintiff and the Class Members. On information and belief,
2  plaintiff alleges that defendants have knowingly and intentionally
3  failed to comply with these Wage Orders.

4  45. Pursuant to Labor Code §226(a) and 1174, plaintiff is
5  entitled to damages in a sum to be proven at trial.

## VIII

### FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE §203

46. Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

47. Numerous members of the proposed class including plaintiff are no longer employed by defendants. They were either fired or quit defendants employ.

48. The defendant's failure to pay wages, as alleged above was willful in that defendants and each of them knew wages to be due but failed to pay them, thus entitling plaintiff and the proposed class to penalties under Labor Code §203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

49. Defendants have failed to pay plaintiff and others a sum certain at the time of termination or within 72 hours of their resignation, and have failed to pay those sums for 30 days thereafter. Pursuant to the provisions of Labor Code §203, plaintiffs and the proposed class entitled to penalties in the amount of plaintiff's and others daily wage multiplied by 0) days.

///
///
///

## IX

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE §17200

50. Plaintiff incorporates paragraphs 1 through 49 as though fully set forth herein.

51. This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiff **FELICE MARTINEZ** on her own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this claim pursuant to Business & Professions Code §17200, et seq. The conduct of all defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to plaintiff, the general public, and the proposed class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

52. Plaintiff is a "person" within the meaning of Business & Professions Code §17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

53. Business & Profession Code §17200, et seq. prohibits unlawful and unfair business practices.

54. Wage and hour laws express fundamental public policies. Providing employees with wages and/or overtime and meal periods are fundamental public policies of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard

and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

55. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, et seq., depriving plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guarantees to all employees under law.

56. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of Business & Professions Code §17200 et. seq.

57. Defendants by engaging in the conduct herein alleged, by not providing proper breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of Business & Professions Code §17200 et. seq.

58. As a proximate result of the above mentioned acts of defendants, plaintiff and others similarly situated have been damaged in a sum as may be proven.

59. Unless restrained by this Court, defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by defendants, their agents or employees, of any unlawful or deceptive practice

prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore plaintiff and the proposed class members to the money defendants have unlawfully failed to pay.

### RELIEF REQUESTED

WHEREFORE, plaintiff prays for the following relief:

1. For overtime in an amount according to proof, with interest thereon;

2. For compensatory damages in the amount of plaintiff's and each class members' hourly wage for each meal period missed or taken late from March 1, 2006 to the present as may be proven;

3. For penalties pursuant to Labor Code §203 for all employees who quit or were fired equal to their daily wage times thirty (30) days;

4. An award of prejudgment and post judgment interest;

5. An order enjoining defendant and its agents, servants, and employees, and all persons acting under, in concert with, from failing to provide plaintiffs with proper meal periods pursuant to Labor Code §§226.7, 512 and IWC 4-2001. Furthermore, requiring overtime compensation be paid to all salaried managers;

6. For restitution for unfair competition pursuant to Business & Professions Code §17200, including disgorgement or profits, in an amount as may be proven;

7. An award providing for payment of costs of suit;

8. An award of attorneys' fees; and

9. Such other and further relief as this Court may deem proper and just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

DATED: February 8, 2008

KINGSLEY & KINGSLEY, APC

By: _____
DARREN M. COHEN
ATTORNEY FOR PLAINTIFFS