1    NANCY E. PRITIKIN, Bar No. 102392
     RONALD D. ARENA, Bar No. 218421
2    SOFIJA VERZICH, Bar No. 221602
     LITTLER MENDELSON, P.C.
3    650 California Street, 20th Floor
     San Francisco, CA  94108.2693
4    Telephone:     415.433.1940
     Fax:           415.399.8490
5    Email:       nepritikin@littler.com
     Email:       rarena@littler.com
6

7    Attorneys for Defendant
     LENSCRAFTERS, INC.

8

                UNITED STATES DISTRICT COURT

9

           NORTHERN DISTRICT OF CALIFORNIA

10

11    FELICE MARTINEZ, on behalf of herself    Case No.    **C08-01699**
     and others similarly situated,
12
                      **DEFENDANT LENSCRAFTERS, INC.'S**
            Plaintiffs,            **REQUEST FOR JUDICIAL NOTICE**
13

14          v.

15    LENSCRAFTERS, INC.; and DOES 1 to
     50, inclusive,
16
            Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA 94108 2693
415 433 1940

REQUEST FOR JUDICIAL NOTICE

1

2

3    Defendant LENSCRAFTERS, INC. hereby submits the following request for judicial

notice:

4    1.    Attached hereto as Exhibit A is a true and correct copy of civil action

5    Complaint entitled Richard Ramsdell, an individual, on behalf of himself and others similarly

6    situated, v. Lenscrafters, Inc., which was filed in the Northern District of California, Case Number

7    03-2652 on June 6, 2003.  Defendant respectfully requests that the Court take judicial notice of this

8    Complaint pursuant to Federal Rule Evidence Code section 201, which allows the Court to take

9    notice of adjudicative facts which are facts either (1) generally known within the territorial

10   jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources

11   whose accuracy cannot reasonably be questioned.

12

13   Dated: March 28, 2008

14

15                    RONALD D. ARENA
                      LITTLER MENDELSON
16                    A Professional Corporation
                      Attorneys for Defendant
17                    LENSCRAFTERS, INC.

18

19

20   Firmwide:84695806.1 052266.1029

21

22

23

24

25

26

27

28

ITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA  94108 2693
415 433 1940

REQUEST FOR JUDICIAL NOTICE                    2.

# EXHIBIT A

1 | ROBERT S. BOULTER (STATE BAR NO. 153549)
   | PETER C. LAGARIAS, (STATE BAR NO. 77091)
2 | THE LEGAL SOLUTIONS GROUP, L.L.P.
   | 1629 Fifth Avenue
3 | San Rafael, CA 94901-1828
   | Telephone: (415) 460-0100
4 | Fax: (415) 460-1099

5 | PAUL SANFORD (STATE BAR NO. 184707)
   | LAW OFFICES OF PAUL SANFORD
6 | 6113 Jason Court
   | Aptos, CA 95003
7 | Telephone: (831) 423-6267

8 | Attorneys for Ramsdell
   | Richard Ramsdell
9 |

10 |              IN THE UNITED STATES DISTRICT COURT

11 |          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 |                                              DIVISION

13 |

14 | RICHARD RAMSDELL, an individual, on   )   CASE NO.
    | behalf of himself and others similarly )
15 | situated,                               )   COMPLAINT FOR:
                                            )
16 |                   Plaintiff,           )   1.   VIOLATION OF THE FAIR LABOR
                                            )        STANDARDS ACT OF 1938
17 |          vs.                            )
                                            )   2.   VIOLATION OF CALIFORNIA
18 | LENSCRAFTERS, INC., an Ohio            )        OVERTIME AND WAGE LAWS
    | Corporation,                          )
19 |                                         )   2.   VIOLATION OF CALIFORNIA
                                            )        UNFAIR BUSINESS PRACTICES
20 |                   Defendant.           )        ACT
                                            )
21 |                                         )   CLASS ACTION
                                            )
22 |                                         )   DEMAND FOR JURY TRIAL
                                            )
23 |                                         )

24 |

25 |
26 | 1.     This is an action to recover unpaid overtime compensation and applicable penalties.   Plaintiff
    | Richard Ramsdell ( "Ramsdell")  files this action against Defendant Lenscrafters, Inc.
27 | ("Lenscrafters") for himself and others similarly situated, to redress violations of Ramsdell's right to
28 |

COMPLAINT - CLASS ACTION
                                      1

1   overtime compensation and proper penalties under the Fair Labor Standards Act of 1938 ("FLSA" or

2   "the Act"), 29 U.S.C. §§ 201, *et seq.*, and California's overtime and wage and hour laws.    Ramsdell

3   seeks to proceed as collective action under section 216(b) of the Act and seeks to certify an

4   appropriate class action under Rule 23 of the Federal Rules of Civil Procedure to remedy violations of

5   California law.

6

7                                 **JURISDICTION AND VENUE**

8

9   2.      Jurisdiction over Ramsdell's federal claims is based upon: (a) section 16(b) of the FLSA, 29

10  U.S.C. § 216(b), which authorizes employees to bring civil actions in courts of appropriate

11  jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the

12  FLSA; and (b) 28 U.S.C. §§ 1331 and 1337.

13

14  3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times material herein,

15  Lenscrafters has been actively conducting business in the State of California and within the

16  geographic area encompassing the Northern District of the State of California.

17

18  4.      Jurisdiction over Ramsdell's state law class action claims and the claim under section17200 of

19  the California Business and Professions Code are based upon this Court's supplemental jurisdiction

20  under 28 U.S.C. § 1367(a), because the state law claims are so related to Ramsdell's federal claims

21  that they form a part of the same case or controversy between Ramsdell and Lenscrafters.

22

23  5.      Intradistrict Assignment. The basis for assignment to the Northern District of California is that

24  Mr. Ramsdell was employed by Lenscrafters in the District. And while Mr. Ramsdell was employed

25  in Monterey County, Lenscrafters maintains more stores and employs more people in the class and

26  collective action positions in San Francisco than in any other city in the Northern District. As a

27  consequence, the convenience of parties and witnesses and the interests of justice will be served by

28  having this action heard in the San Francisco division of this court.

COMPLAINT - CLASS ACTION

                                              2

1

2

## INTRODUCTION AND FACTS UNDERLYING THE CLAIMS

3  6.      Ramsdell is a former employee for Lenscrafters. Lenscrafters is in the business of owning and

4  operating eyeglass stores under the trade name of Lenscrafters. Lenscrafters is the largest operator of

5  eyeglass stores in the United States and owns and manages more than 800 Lenscrafters stores across

6  the country. Lenscrafters is somewhat unique in that each store houses a manufacturing facility for the

7  production of eyeglasses, which it advertises can be manufactured in about an hour.

8

9  7.      Ramsdell challenges Lenscrafters' policy of willfully and unlawfully misclassifying its non-

10  exempt employees who worked in Lenscrafters' stores in the United States as Lab Managers, Retail

11  Managers, Assistant Lab Managers and Assistant Retail Managers (hereinafter collectively

12  "Managers") and refusing to pay them the overtime compensation they have earned. Defendants

13  require these employees to work overtime hours without overtime pay even though the Managers do

14  not qualify for any available exemption. Specifically, Managers: (1) do not have management as their

15  bona fide primary duty; (2) are not primarily engaged in bona fide managerial tasks; (3) spend more

16  than 70% of their time on non-exempt duties; and  (4) are not paid the minimum required under

17  applicable California law to qualify for an exemption. Rather, Lab Managers and Assistant Lab

18  Managers are expected to perform production work consisting of grinding eyeglass lenses and to clean

19  and maintain equipment used to grind and manufacture lenses. Retail Managers and Assistant Retail

20  Managers primarily engage in inside sales and sales related tasks.

21

22  8.      The Managers all work or have worked at Lenscrafters' stores and have been paid on a salary

23  basis until approximately December 2000 when Defendants changed their policies with respect to only

24  the Assistant Lab Managers and the Assistant Retail Managers and began paying them on an hourly

25  basis and additional premium pay for overtime work.

26

27  9.      The FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a nation-

28  wide "opt-in" collective action (hereinafter "the FLSA Action"). The FLSA Action is brought on

COMPLAINT - CLASS ACTION

3

1  behalf of all persons in the United States who have been, are and/or will be employed by Lenscrafters

2  as Lab Managers, Assistant Lab Managers, Retail Managers and Assistant Retail Store Managers

3  (hereinafter "the FLSA Employees" or "Managers") who have not been paid their proper overtime.

4  The FLSA Action seeks to (i) recover unpaid overtime compensation owed to the Managers, (ii)

5  recover an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA, (iii)

6  recover reasonable attorneys' fees and costs of the action, as provided for by Section 16(b) of the

7  FLSA; and (iv) injunctive relief as permitted.

8

9  10.    Ramsdell also assert various claims under California law as a conventional "opt out" class

10  action under Rule 23 of the Federal Rules of Civil Procedure ("the California Class Action"). The

11  California Class Action is brought on behalf of all persons who have been, are and/or will be

12  employed by Lenscrafters in the position of Lab Managers, Assistant Lab Managers, Retail Managers

13  and Assistant Retail Managers in the State of California during the four year period preceding the

14  filing of this complaint to the present (hereinafter "the California Class"). The California Class Action

15  has claims based upon the unlawful business practices engaged in by Lenscrafters of not paying

16  Managers  compensation due and owing to which they are entitled under California law.

17

18  11.    The California Class seeks to (i) recover daily and weekly unpaid overtime compensation, (ii)

19  recover waiting time penalties under Section 203 of the California *Labor Code* owed to Class

20  Members whose employment with Lenscrafters has terminated and who have not been properly paid

21  all wages due to them upon termination of their employment, and (iii) recover reasonable attorneys'

22  fees and costs as provided for by Section 1194 of the California Labor Code.

23

24  12.    Finally, the claim under Section 17200 of the California *Business and Professions Code* seeks

25  injunctive relief enjoining Lenscrafters from failing to make, keep and preserve the records required

26  by the FLSA and California law. This claim also seeks to (i) obtain disgorgement and restitution of all

27  ill-gotten gains from the unlawful conduct engaged in by Lenscrafters, and (ii) recover reasonable

28  attorneys' fees and costs as provided for by Section 1021.5 of the California *Code of Civil Procedure*.

COMPLAINT - CLASS ACTION

4

1  13.     Ramsdell is citizen of the United States, and resides in the States of California. At all times

2  material herein, Ramsdell was employed by Lenscrafters, in the positions of either Lab Manager or

3  Assistant Lab Manager. Ramsdell is identified in the caption of the Complaint and has given his

4  written consent to be a party plaintiff in this action pursuant to 29 U.S.C. §216(b). Such consent is

5  appended to the Complaint.

6

7                              **THE PARTIES**

8

9  14.     The individually-named plaintiff Richard Ramsdell ("Ramsdell") is a citizen of the State

10  of California and resides in Salinas, California. Ramsdell has standing to pursue the Third Claim for

11  Relief under California Business and Professions Code Section 17200 on behalf of the general public.

12  Ramsdell is a former employee of Lenscrafters. Ramsdell worked for Lenscrafters as a Lab Manager

13  and Assistant Lab Manager in the State of California in the years 1999 through approximately October

14  2001. During his employment with Lenscrafters, Ramsdell, like other Managers, regularly worked in

15  excess of eight (8) hours in a workday and in excess of forty (40) hours in a workweek.  Lenscrafters

16  did not pay Ramsdell and other Managers overtime wages as required under the FLSA and California

17  law, either during the course of their employment or at the time their employment terminated.

18  Ramsdell and other Managers had been injured by the illegal practices and conduct alleged in this

19  Complaint.  Ramsdell's claims under the FLSA and California law are similar to and typical of the

20  claims of the Managers and the members of the California Class.

21

22  15.     On information and belief, Lenscrafters is a corporation incorporated in the State of Ohio with

23  its headquarters located at 4000 Lenscrafters Dr., Mason, OH 45040.  Upon information and belief,

24  Lenscrafters is qualified to and does do business in the State of California and nationwide.

25

26  16.     Lenscrafters is subject to personal jurisdiction in the State of California for purposes of this

27  lawsuit.

28

COMPLAINT - CLASS ACTION

1   17.    At all times material to this action, Lenscrafters has been an enterprise engaged in commerce

2   or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, and has had a

3   gross volume of sales which has exceeded $500,000.

4

5   18.    At all times material to this action, Lenscrafters has been an "employer" of the named Plaintiff,

6   as defined by § 203(d) of the FLSA.

7

8                              **CLASS ACTION ALLEGATIONS**

9

10  19.    The California Class may be appropriately maintained as a class action under Rule 23 of the

11  Federal Rules of Civil Procedure because all of the prerequisites set forth under Rule 23(a) are met.

12

13  20.    Members of the California Class are so numerous that joinder of all such members is

14  impracticable. Although the exact size of the California Class is unknown, it is believed and alleged

15  that the number of persons currently employed as Managers by Lenscrafters in the State of California

16  number more than 100, and over the past four years, it is believed and alleged that Lenscrafters has

17  employed more than 200 persons Managers in the State of California. The numbers of current and

18  former California based Managers of Lenscrafters are so numerous that joinder is impractical if not

19  impossible.

20

21  21.    There are questions of law and fact common to the California Class with respect to the liability

22  issues, relief issues and anticipated affirmative defenses. For example, predominate common

23  questions of fact and law include Lenscrafters' policy and practice of requiring its employees to work

24  overtime hours without overtime compensation and the propriety of Lenscrafters' record keeping

25  policies and practices.

26

27  22.    Calculation of the regular rate and premium rate of pay under federal and California law also

28  involves common questions of law and fact that predominate over questions effecting only

COMPLAINT - CLASS ACTION

6

1   individuals. (Fed.R.Civ.P. 23(b)(3).)  More specifically, common issues include:

2

3       A.      Whether Lenscrafters unlawfully failed to pay overtime compensation to Class

4   Members in violation of *Labor Code* sections 1194, 510, and applicable California Industrial Welfare

5   Commission wage orders;

6

7       B.      Whether Lenscrafters willfully withheld compensation at the time of termination to

8   Class Members who terminated and are liable for waiting-time penalties pursuant to *Labor Code*

9   sections 201-203;

10

11      C.      Whether the Lenscrafters' actions, relating to the violations of law noted above,

12  constitute unfair business practices in violation of *Business and Professions Code* section 17200 et

13  seq.; and

14

15      D.      Whether the members of the California Class sustained damages and, if so, the proper

16  measure of such damages.

17

18  23.    The prosecution of separate actions by the California Class would create a risk of inconsistent

19  or varying adjudications with respect to individual members of the California Class that would

20  establish incompatible standards of conduct for parties opposing the class. (Fed.R.Civ.P. 23(b)(1)(A).)

21

22  24.    Ramsdell will fairly and adequately protect the interests of the California Class because he and

23  his counsel possess the requisite resources and abilities to prosecute this case as a class action.

24

25  25.    The prosecution of separate actions by the California Class would create a risk of adjudications

26  with respect to individual members of the class that would, as a practical matter, be dispositive of the

27  interests of the other members not parties to the adjudications or substantially impair or impede their

28  ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(B).)

COMPLAINT - CLASS ACTION

7

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. (Fed.R.Civ.P. 23(b)(3).) More specifically, members of the California Class have little or no interest in individually controlling the prosecution of separate actions. (Fed.R.Civ.P. 23(b)(3)(A).)

27. Ramsdell is not aware of any other litigation concerning the controversy already commenced by the California Class. (Fed.R.Civ.P. 23(b)(3)(B).)

28. It is desirable to concentrate the litigation of the claims in this Court because Lenscrafters does a substantial amount of business in this district;

29. This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed.R.Civ.P. 23(b)(3)(D).)

30. Ramsdell knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The names and addresses of the California Class are available from Lenscrafters. Ramsdell contemplate providing a notice or notices to the California Class, as approved by the Court, to be delivered through the United State mail. The notice or notices shall, among other things, advise the California Class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all class members except those who affirmatively exclude themselves by timely opting out.

31. Ramsdell also contemplate providing a notice or notices to all of the FLSA Employees, as approved by the Court, to be delivered through the United State mail. The notice or notices shall, among other things, advise each of the FLSA Employees that they shall be entitled to "opt into" the FLSA Action if they so request by the date specified within the notice, and that any judgment on the

COMPLAINT - CLASS ACTION

8

1  FLSA Action, whether favorable or not, entered in this case will bind all FLSA Action members who

2  timely request inclusion in the class.

3

4

5                    **FIRST CLAIM FOR RELIEF FOR VIOLATION**
                     **OF THE FAIR LABOR STANDARDS ACTION OF 1938**

6
                          **(On Behalf of All Managers)**
7

8
   32.     Ramsdell reasserts and realleges the allegations set forth in Paragraphs 1 through 31, above
9
   excepting those paragraphs that are inconsistent with this cause of action brought pursuant to the
10
   FLSA.
11

12
   33.     The FLSA regulates, among other things, the payment of overtime pay by employers whose
13
   employees are engaged in commerce, or engaged in the production of goods for commerce, or
14
   employed in an enterprise engaged in commerce or in the production of goods for commerce. 29
15
   U.S.C. § 207(a)(1).
16

17
   34.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt
18
   employees who work longer than forty (40) hours in a workweek one and one-half times the
19
   employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours.
20
   Lenscrafters is, and was, subject to this requirement to pay the Managers one and one-half times the
21
   employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours.
22
   Lenscrafters violated the FLSA by paying the Managers a fixed salary without regard to the number of
23
   hours worked in excess of forty (40) hours in a workweek.
24

25
   35.     The Managers were injured by the Lenscrafters' practice of failing to compensate them for
26
   overtime hours.
27

28

COMPLAINT - CLASS ACTION

9

36.     During the liability period, Lenscrafters has required the Ramsdell and collective action members to regularly work for the company for at least 45 hours per week.  However, Lenscrafters has not kept records of the number of hours worked.

37.     Lenscrafters knew and or should have known that its policies and practices violate the FLSA.

38.     During the liability period, Lenscrafters has not employed any of the Managers in bona fide executive positions.  During the liability period, Managers also did not fall within the exemption for bona fide administrative employees, for two reasons. Their administrative work was not substantially important to Lenscrafters' management or operations, and most of their work did not involve the exercise of discretion and independent judgment. Rather, they were engaged in the production and retail sale of Lenscrafters' products.

39.     Lenscrafters' violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Employees are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling.  Indeed, as early as March of 1999, the California Labor Commissioner held Lenscrafters liable to an Assistant Lab Manager for overtime violations because he was not a bona fide Manager. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Lenscrafters from Ramsdell and similarly situated persons for which the Lenscrafters is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

40.     The employment and work records for the collective action members are in the exclusive possession, custody and control of Lenscrafters and Ramsdell is unable to state at this time the exact amount owing to each of them.  Lenscrafters is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records from which the amounts of Lenscrafters' liability can be ascertained.

COMPLAINT - CLASS ACTION

10

## SECOND CLAIM FOR RELIEF FOR VIOLATION
## OF CALIFORNIA LAW FOR FAILURE TO PAY OVERTIME

### (On Behalf of the California Class Only)

41.    Ramsdell reasserts and realleges the allegations set forth in Paragraphs 1 through 40 above excepting those paragraphs that are inconsistent with this cause of action brought pursuant to California law.

42.    For at the four years prior to the filing of this complaint, Defendants have engaged in a regular practice of classifying non-exempt employees (Managers) as exempt employees and requiring the work hours considerably in excess of eight hours a day and/or 40 hours a week without overtime pay. Managers have been entitled to overtime under California law because they have not been (1) employed in any bona fide exempt managerial or administrative position; and (2) since the year 2000, have not been paid the required minimum remuneration in order to claim such an exemption. Lenscrafters has failed to pay the proper overtime, thereby violating California law.

43.    The California Class is entitled to receive this unpaid overtime pay.  In addition, the California Class is entitled to recover interest on the amount of unpaid overtime pay due them and reasonable attorneys' fees and costs of suit, pursuant to Section 1194(a) of the California Labor Code. In addition, Section 203 of the California Labor Code provides for the payment of "waiting time penalties" if an employer does not properly pay all wages due an employee upon termination of the employee's employment. Managers in the State of California whose employment with Lenscrafters has terminated have not been properly paid the wages that are due them upon termination of their employment. Accordingly, these class members are entitled to recover "waiting time penalties" under Section 203 of the California Labor Code.

COMPLAINT - CLASS ACTION

11

**THIRD CLAIM FOR RELIEF FOR VIOLATION OF
BUSINESS AND PROFESSIONS CODE SECTION 17200**

**(On Behalf of the California Class Only)**

44.    Ramsdell reasserts and realleges the allegations set forth in Paragraphs 1 through 43 above excepting those paragraphs which are inconsistent with this cause of action for violations of the California Business and Professions Code § 17200.

45.    Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

46.    Lenscrafters has engaged in, and continues to engage in the following unlawful, unfair and fraudulent business practices in violation of Section 17200 of the California Business and Professions Code:

    A.    The failure to pay the Managers all wages for hours worked including overtime pay compensation due them under federal and California law;

    B.    The failure to pay the Managers employed in the State of California all wages for hours worked due them upon termination of their employment;

    C.    The failure to maintain accurate and complete payroll records as required by the FLSA, and Section 1174(d) of the *California Labor Code*.

47.    These challenged policies and practices have harmed the named Plaintiff, the members of the California Class and the general public.

48.    As a result of these unlawful policies and practices, the California Class is entitled to an injunction issue against Lenscrafters, pursuant to Section 17203 of the California Business and

COMPLAINT - CLASS ACTION

12

1  Professions Code, to prevent it from engaging in such future unlawful, unfair and fraudulent business

2  practices. The California Class is also entitled to an order requiring Lenscrafters to disgorge the ill-

3  gotten gains obtained by engaging in these unlawful business practices and to provide restitution to all

4  persons who have suffered injury as a result of these unlawful business practices.

5

6  49.    The California Class is entitled to an award of reasonable attorneys' fees pursuant to California

7  Code of Civil Procedure § 1021.5.

8

9                                **PRAYER FOR RELIEF**

10

11      WHEREFORE, Ramsdell prays for judgment as follows:

12

13      A.    Enter a declaratory judgment declaring that Lenscrafters has willfully and wrongfully

14            violated its statutory and legal obligations and deprived Ramsdell and all others who

15            are similarly situated of their rights, privileges, protections, compensation, benefits and

16            entitlements under the law, as alleged herein;

17

18      B.    Order a complete and accurate accounting of all the compensation to which Ramsdell

19            and all others who are similarly situated are entitled;

20

21      C.    For compensatory damages against Lenscrafters to be paid to the Managers and the

22            California Class, including all overtime pay under the FLSA and applicable California

23            law;

24

25      D.    For liquidated damages against Lenscrafters to be paid to the Managers under Section

26            16(b) of the FLSA;

27

28      E.    For "waiting time penalties," pursuant to Section 203 of the California Labor Code,

COMPLAINT - CLASS ACTION

13

1   against Lenscrafters to be paid to members of the California Class whose employment

2   has terminated with Lenscrafters and who were not properly paid all wages due and

3   owing to them at the time of such termination;

4

5   F.    For attorneys' fees and costs as allowed by Section 16(b) of the FLSA, Section 1194 of

6         the California Labor Code, and Section 1021.5 of the California Code of Civil

7         Procedure;

8

9   G.    For an order requiring Lenscrafters to disgorge all ill-gotten gains and pay restitution

10        because of its unlawful conduct in the State of California; and

11

12  H.    For an order enjoining Lenscrafters from continuing to engage in the State of California

13        in the unlawful business practices of:

14

15        i.    The failure to pay the Managers all wages for hours worked including

16  overtime pay;

17

18        ii.    The failure to pay the Managers employed in the State of California all wages

19  for hours worked due them upon termination of their employment;

20

21        iii.    The failure to maintain accurate and complete payroll records for the Managers

22  as required by California law, including as required under Section 1174(d) of the California Labor

23  Code; and

24

25  \\\

26  \\\

27

28

COMPLAINT - CLASS ACTION

14

1         iv.    Grant such other legal and equitable relief as may be just and proper.

2

3    DATED: June 6, 2003          THE LEGAL SOLUTIONS GROUP, L.L.P.

4

5                           By: _____

6                               Robert S. Boulter, Esq.

7                        Attorneys for Plaintiff Richard Ramsdell

8

9

10

11   JURY TRIAL DEMAND

12   Plaintiff hereby demands a jury trial in this action.

13

14

15            CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

16

17   Pursuant to Civil Local Rule 3-16, the undersigned entities that as of this date, other than the named
     parties, there is no such interest to report.

18

19

20

21                        Robert S. Boulter

22

23

24

25

26

27

28

COMPLAINT - CLASS ACTION
                 15

## CONSENT TO BE A PARTY PLAINTIFF IN
## FLSA COLLECTIVE ACTION

      I, the undersigned, consent to be a party plaintiff in the case herein filed and entitled Richard Ramsdell v. Lenscrafters, Inc. in order to seek redress for Violation(s) of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

_____

**Signature**

      Richard Thomas Ramsdell, Jr.

_____

**Print Name**

      706 Ashbury Wy.

_____

**Street Address**

      Salinas, California     93907

_____

**City, State and Zip Code**

      Home # (831)784-1595      Cell # (831)905-0984

_____

**Home Telephone Number**