KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022
gkingsley@kingsleykingsley.com
ERIC B. KINGSLEY, ESQ.  SBN-185123
ekingsley@kingsleykingsley.com
DARREN M. COHEN, ESQ.   SBN-221938
dcohen@kingsleykingsley.com
ELANA R. LEVINE, ESQ. SBN-234155
llevine@kingsleykingsley.com
16133 VENTURA BLVD., SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE MARTINEZ, on behalf of herself and others similarly situated,<br><br>             Plaintiffs,<br><br>   v.<br><br>LENSCRAFTERS, INC.;<br><br>             Defendants. | CASE NO.: C08-01699 PJH<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  Failure to Pay Overtime<br>2.  Failure to Provide Meal Breaks Under Labor Code §226.7<br>3.  Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions<br>4.  Penalties Pursuant to Labor Code §203<br>5.  Penalties Pursuant to Labor Code §2699<br>6.  Violation of Business & Professions Code §17200<br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff FELICE MARTINEZ, on behalf of herself and all others similarly situated, complains of defendants, and each of them, as follows:

///

///

///

///

1

# I

## <u>INTRODUCTION</u>

1.     This is a Class Action, pursuant to <u>Federal Rule of Civil Procedure 23</u>, on behalf of plaintiff and all individuals who hold or held the position of manager, assistant manager, or similar title, who are employed by, or formerly employed by LENSCRAFTERS, INC., and any subsidiaries or affiliated companies (hereinafter referred to as "defendants") within the State of California who were paid on a salary basis.

2.     From March 1, 2006 and continuing to the present, defendants have had a consistent policy of failing to pay wages and/or overtime to hourly employees for all work performed and/or work over eight (8) hours per day or forty (40) per week. Compensation was salary based, despite the fact plaintiff did not spend Fifty Percent (50%) of her time on exempt tasks.

3.     From March 1, 2006 and continuing to the present ("meal break liability period"), defendants have had a consistent policy of requiring salary employees within the State of California, including plaintiff, to work at least five (5) hours without an uninterrupted meal period and failing to pay such employees 1 hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California state wage and hour laws.

4.     From March 1, 2006 and continuing to the present, defendants failed to maintain accurate records of Class Members' earned wages and work periods

5.     Plaintiff, on behalf of herself and all proposed class members, brings this action pursuant to Labor Code §§201, 202, 203, 226(a), 226.7, 510, 512, 1194, 1197, 1199, and 2699 seeking unpaid overtime, meal period compensation, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

6.     Plaintiff, on behalf of herself and all proposed class members, pursuant to Labor Code §2699, seek s penalties for defendants' failure to provide overtime

FIRST AMENDED CLASS ACTION COMPLAINT

compensation, meal and rest breaks, provide itemized expenses and waiting time pay.

7.    Plaintiff, on behalf of herself and all proposed class members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits defendants enjoyed from their failure to provide meal period compensation.

## II

## PARTIES

### A.    Plaintiffs

8.    Venue is proper in the Northern District of California, pursuant to 28 U.S.C. §1441(d), as the case was filed in the County of Alameda and this district is the division embracing the removed state action.

9.    Plaintiff **FELICE MARTINEZ** is a resident of Alameda County, California.

10.    As an hourly employee, plaintiff was regularly required to:

(1)    Work without receiving compensation for all hours worked and/or work performed over eight (8) hours per day or forty (40) per week without being provided premium overtime pay rates;

(2)    Work in excess of five (5) hours per day without being provided a meal period and not being compensated 1 hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and IWC Wage Orders; and

(3)    Work without being provided an itemized wage statement reflecting all deductions from payment of wages and accurately report total hours worked by plaintiffs and the Class Members.

11.    Defendants willfully failed to compensate them for wages at the termination of their employment with defendants.

///

3

B.    **Defendants**

12.    Defendant LENSCRAFTERS, INC. is believed to be a Ohio corporation operating in California.   They own and operate several locations in the State of California. The defendant's corporate address is 4000 Luxottica Pl., Mason, OH 45040. They own and operate several locations in the State of California. Defendants employed plaintiff and similarly situated persons as hourly employees within California.

13.    Plaintiff is informed and believes, and based thereon alleges, that defendant acted in all respects pertinent to this action, carried out a scheme, business plan or policy in all respects pertinent hereto.  Furthermore, defendants in all respects acted as the employer and/or joint employer of plaintiff and the proposed class.

## III

## FACTUAL BACKGROUND

14.    Defendants hire salary managers to work at various retail locations in California.  These employees work on a regular basis without receiving compensation for all hours worked.

15.    Plaintiff and the proposed class are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

16.    Plaintiff and the class worked without receiving compensation for all hours worked at the proper rate. Plaintiff and the class regularly and consistently worked more than eight (8) hours per day and/or forty (40) hours per week without receiving the proper overtime compensation. Defendant paid plaintiff and the class at the regular rate of pay regardless of the amount of hours worked. As a result, plaintiff and the class have been improperly denied overtime compensation.

17.    During the meal period liability period, plaintiff and the members of the proposed class were regularly required to work in excess of five (5) hours per day, without being provided a meal period.

///

4

18.   Defendants did not fully compensate the proposed class for defendants' failure to provide meal periods during the meal period liability period.

19.   Defendants' requirement that plaintiff and the proposed class work through meal periods without paying legal compensation for failure to provide meal periods during the liability periods was willful and deliberate.

20.   Defendants willfully failed to pay one hours wages in lieu of meal periods, when each employee quit or was discharged.

21.   Defendants have failed to comply with Industrial Welfare Commission ("IWC") Wage Order 4-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by plaintiff and the members of the proposed class.

22.   Plaintiff and the proposed class are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001.

## IV

## CLASS ACTION ALLEGATIONS

23.   Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a class composed of and defined as follows:

> All persons who are employed or have been employed, and who have worked one or more shifts as a salaried manager and/or assistant manager or similar title for defendants in the State of California since March 1, 2006.

24.   Plaintiff reserves the right under Federal Rule of Civil Procedure 23, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

25.   This action has been brought and may properly be maintained as a class action under the provisions of Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed class is easily

1  ascertainable.

2  **A.   Numerosity**

3        26.    The potential members of the proposed class as defined are so numerous

4  that joinder of all the members of the proposed class is impracticable.  While the precise

5  number of proposed class members has not been determined at this time, plaintiff is

6  informed and believes that defendants currently employ, and during the relevant time

7  periods employed, over 100 hourly employees.

8        27.    Accounting for employee turnover during the relevant periods necessarily

9  increases this number substantially.  Plaintiff alleges defendants' employment records

10  would provide information as to the number and location of all proposed class members.

11  Joinder of all members of the proposed class is not practicable.

12  **B.   Commonality**

13        28.    There are questions of law and fact common to the proposed class that

14  predominate over any questions affecting only individual class members.   These

15  common questions of law and fact include, without limitation:

16        (1)    Whether  defendants  filed  to  pay  wages  and/or  overtime

17  compensation as required by the Labor Code and Wage Orders for all hours worked;

18        (2)    Whether defendants violated Labor Code §§226.7 and 512, IWC

19  Wage Order 4-2001 or other applicable IWC Wage Orders, by failing to provide meal

20  periods on days they worked in excess of five (5) hours and failing to compensate said

21  employees one (1) hours wages in lieu of meal periods;

22        (3)    Whether defendants violated Labor Code §226(a) and IWC Wage

23  Order 4-2001 or other applicable IWC Wage Orders, by failing to provide itemized

24  wage statements that accurately report all deductions and total hours worked by

25  plaintiffs and the Class Members;

26        (4)    Whether defendants violated §§201-203 of the Labor Code by failing

27  to pay compensation due and owing at the time that any proposed class member's

28  employment with defendants terminated;

FIRST AMENDED CLASS ACTION COMPLAINT

(5)     Whether defendant's violated §2699 et. Seq. Of the Labor Code by engaging in the acts previously alleged;

(6)     Whether defendants violated §17200 et seq. of the Business & Professions Code by failing to provide wages and compensation to hourly employees; and

(7)     Whether plaintiff and the members of the proposed class are entitled to equitable relief pursuant to Business & Professions Code §17200, et. seq.

**C.   Typicality**

29.     The claims of the named plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by defendants' common course of conduct in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

**D.   Adequacy of Representation**

30.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represents plaintiff is competent and experienced in litigating large employment class actions.

**E.   Superiority of Class Action**

31.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class. Each member of the proposed class has been damaged and is entitled to recovery by reason of defendants' illegal policy and/or practice of denying class members wage and/or overtime and meal periods without legal compensation.

32.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

7

## V

## FIRST CLAIM

## FAILURE TO PAY WAGES AND OVERTIME

## (LABOR CODE §§510, 1194, 1199)

33.     Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34.     Plaintiff and others were forced to work on a regular and consistent basis without receiving compensation at their regular rate or if more than eight (8) hours a day and/or forty (40) hours per week, at the applicable overtime rate. Plaintiff and the Class have not been compensated for this time. Defendant had a consistent policy of failing to pay plaintiff and members of the class for all hours worked at the proper rate.

35.     By their policy of requiring plaintiff to work without receiving compensation for all hours worked at their regular rate, or if in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek, without compensating plaintiff at the rate of time and one-half (1 1/2), defendant wilfully violated the provisions of Labor Code §1194.

36.     As a result of the unlawful acts of defendants, plaintiff has been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §1194.

## VI

## SECOND CLAIM

## FAILURE TO PROVIDE MEAL BREAK PER LABOR CODE §226.7

37.     Plaintiff incorporates paragraphs 1 through 36 as though fully set forth herein.

38.     Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a meal period of a least thirty (30) minutes per five (5) hour work period.

8

Plaintiff and the class consistently worked over five (5) hour shifts. Pursuant to the Code, plaintiff and the class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

39.   Defendants failed to provide plaintiff and others with timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period.

40.   Pursuant to Labor Code §226.7, plaintiff is entitled to damages in an amount equal to one (1) hour of wages per missed meal break, in a sum to be proven at trial.

## VII

## THIRD CLAIM

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH
## ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

41.   Plaintiff incorporates paragraphs 1 through 40 as though fully set forth herein.

42.   Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by plaintiff and the Class Members.  On information and belief, plaintiff alleges that defendants have knowingly and intentionally failed to comply with Labor Code §226(a) on each and every wage statement that should have been provided to plaintiff and Class Members.

43.   Section 1174 of the California Labor Code requires defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by, and the wages paid to, their employees. On information and belief, plaintiff alleges that defendants have knowingly and intentionally failed to comply with Labor Code §1174. Defendants' failure to comply with Labor Code §1174 is unlawful pursuant to Labor Code §1175.

44.   Section 7 of the IWC Wage Orders requires Defendants to maintain time

FIRST AMENDED CLASS ACTION COMPLAINT

records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals, and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by plaintiff and the Class Members. On information and belief, plaintiff alleges that defendants have knowingly and intentionally failed to comply with these Wage Orders.

45.    Pursuant to Labor Code §226(a) and 1174, plaintiff is entitled to damages in a sum to be proven at trial.

## VIII

### FOURTH CLAIM

### WAITING TIME PENALTIES UNDER LABOR CODE §203

46.    Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

47.    Numerous members of the proposed class including plaintiff are no longer employed by defendants.  They were either fired or quit defendants employ.

48.    The defendant's failure to pay wages, as alleged above was willful in that defendants and each of them knew wages to be due but failed to pay them, thus entitling plaintiff and the proposed class to penalties under Labor Code §203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

49.    Defendants have failed to pay plaintiff and others a sum certain at the time of termination or within 72 hours of their resignation, and have failed to pay those sums for 30 days thereafter.  Pursuant to the provisions of Labor Code §203, plaintiffs and the proposed class entitled to penalties in the amount of plaintiff's and others daily wage multiplied by 30 days.

///
///
///

FIRST AMENDED CLASS ACTION COMPLAINT

## IX

## FIFTH CLAIM

## PENALTIES PURSUANT TO LABOR CODE §2699

50.   Plaintiff incorporates paragraphs 1 through 49 as though fully set forth herein.

51.   As a result of the acts alleged above, plaintiff seeks penalties under Labor Code §§2698 and 2699 because of defendants' violation of Labor Code §§203, 212, 510, 1194, and 1199 which call for civil penalties.

52.   For each such violation, plaintiff and the proposed class are entitled to penalties in an about to be shown at the time of trial subject to the following formula:

      a.    For $100 for the initial violation per employee per pay period.

      b.    For $200 for each subsequent violation per employee per pay period

53. These penalties shall be allocated 75% to the Labor and Workforce Development Agency and 25% to the affected employees.

54.   Plaintiff sent a certified letter to the LWDA and defendants as prescribed by the Code on February 21, 2008.  On March 28, 2008, plaintiff received a letter from the LWDA indicating that it does not intend to investigate the alleged Labor Code violations.  Therefore, under Labor Code §2699.3(a)(2)(a), plaintiff may proceed and file a complaint for penalties pursuant to Labor Code §2699.

## X

## SIXTH CLAIM

## UNFAIR COMPETITION PURSUANT TO

## BUSINESS & PROFESSIONS CODE §17200

55.   Plaintiff incorporates paragraphs 1 through 54 as though fully set forth herein.

56.   This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices.  Plaintiff **FELICE MARTINEZ** on her own behalf and on behalf of the general public, and on behalf of others similarly situated, brings this

11

claim pursuant to Business & Professions Code §17200, et seq. The conduct of all defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to plaintiff, the general public, and the proposed class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

57.  Plaintiff is a "person" within the meaning of Business & Professions Code §17204, and therefore has standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

58.  Business & Profession Code §17200, et seq. prohibits unlawful and unfair business practices.

59.  Wage and hour laws express fundamental public policies. Providing employees with wages and/or overtime and meal periods are fundamental public policies of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

60.  Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, et seq., depriving plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guarantees to all employees under law.

61.  Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of Business & Professions Code §17200 et. seq.

62.  Defendants by engaging in the conduct herein alleged, by not providing proper breaks, either knew or in the exercise of reasonable care should have known that

12

the conduct was unlawful.  As such it is a violation of Business & Professions Code §17200 et. seq.

63.    As a proximate result of the above mentioned acts of defendants, plaintiff and others similarly situated have been damaged in a sum as may be proven.

64.    Unless restrained by this Court, defendants will continue to engage in the unlawful conduct as alleged above.  Pursuant to Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore plaintiff and the proposed class members to the money defendants have unlawfully failed to pay.

## **RELIEF REQUESTED**

**WHEREFORE,** plaintiff prays for the following relief:

1.    For overtime in an amount according to proof, with interest thereon;

2.    For compensatory damages in the amount of plaintiff's and each class members' hourly wage for each meal period missed or taken late from March 1, 2006 to the present as may be proven;

3.    For penalties pursuant to Labor Code §203 for all employees who quit or were fired equal to their daily wage times thirty (30) days;

4.    An award of prejudgment and post judgment interest;

5.    An order enjoining defendant and its agents, servants, and employees, and all persons acting under, in concert with, from failing to provide plaintiffs with proper meal periods pursuant to Labor Code §§226.7, 512 and IWC 4-2001.  Furthermore, requiring overtime compensation be paid to all salaried managers;

6.    For penalties and to other relief pursuant to Labor Code §2699;

7.    For restitution for unfair competition pursuant to Business & Professions

13

1 | Code §17200, including disgorgement or profits, in an amount as may be proven;

2 |     8.     An award providing for payment of costs of suit;

3 |     9.     An award of attorneys' fees; and

4 |     10.    Such other and further relief as this Court may deem proper and just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

DATED: MAY 7, 2008

KINGSLEY & KINGSLEY, APC

By: _____
ERIC B. KINGSLEY
ATTORNEY FOR PLAINTIFFS

14

FIRST AMENDED CLASS ACTION COMPLAINT