NANCY E. PRITIKIN, Bar No. 102392
RONALD D. ARENA, Bar No. 218421
SOFIJA VERZICH, Bar No. 221602
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:     415.433.1940
Fax No.:        415.399.8490
E-mail:          nepritikin@littler.com
                     rarena@littler.com
                     sverzich@littler.com

Attorneys for Defendant
LENSCRAFTERS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE MARTINEZ, on behalf of herself and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LENSCRAFTERS, INC.;<br><br>    Defendantss. | Case No.: C08-01699 PJH<br><br>**DEFENDANT LENSCRAFTERS, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

   Defendant LENSCRAFTERS, INC. ("Defendant") hereby answers the First Amended Class Action Complaint ("Complaint") filed by Plaintiff FELICE MARTINEZ ("Plaintiff") as follows:

## INTRODUCTION

   1.  Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to assert claims under Federal Rule of Civil Procedure ("FRCP") 23, but denies that Plaintiff has stated any valid claims for the relief requested or that she satisfies the requirements of FRCP 23.  Defendant admits only that Plaintiff was employed by Defendant from approximately September 2005 to approximately November 2007 and that Plaintiff started as an Apprentice

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT   Case No. C08-01699 PJH

1    Optician and subsequently became a Retail Manager.    Defendant denies, generally and specifically,

2    all other allegations in Paragraph 1.

3    2.    Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff was

4    paid on an hourly basis until the time she was promoted to the position of Retail Manager and began

5    earning a salary.  Defendant denies, generally and specifically, all other allegations in Paragraph 2.

6    3.    Answering Paragraph 3 of the Complaint, Defendant denies, generally and

7    specifically, each and every allegation in Paragraph 3.

8    4.    Answering Paragraph 4 of the Complaint, Defendant denies, generally and

9    specifically, each and every allegation in Paragraph 4.

10    5.    Answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff

11    purports to assert claims under Labor Code sections 201, 202, 203, 226(a), 226.7, 510,  512, 1194,

12    1197, 1199, and 2699 but denies that Plaintiff has stated any valid claims for relief.  Defendant

13    denies the implication that it engaged in any violations alleged in Paragraph 5, as well as the

14    implication that Plaintiff or putative class members were erroneously denied anything referenced in

15    Paragraph 5.  Defendant denies, generally and specifically, all other allegations in Paragraph 5.

16    6.    Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff

17    purports to assert a claim for penalties under Labor Code section 2699 but denies that Plaintiff has

18    stated any valid claim for relief.  Defendant denies the implication that it engaged in any violations

19    alleged in Paragraph 6, as well as the implication that Plaintiff or putative class members were

20    erroneously denied anything referenced in Paragraph 6.    Defendant denies, generally and

21    specifically, all other allegations in Paragraph 6.

22    7.    Answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff

23    purports to assert claims under California Business & Professions Code sections 17200-17208, but

24    denies that Plaintiff has stated any valid claims for relief.  Defendant denies the implication that it

25    engaged in any violations alleged in Paragraph 7, as well as the implication that Plaintiff or putative

26    class members were erroneously denied anything referenced in Paragraph 7.    Defendant denies,

27    generally and specifically, all other allegations in Paragraph 7.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**        Case No. C08-01699 PJH

**PARTIES**

8.    Answering Paragraph 8 of the Complaint, Defendant admits that venue is proper.  However, Defendant denies the occurrence of any of the acts and practices about which Plaintiff complains.

9.    Answering Paragraph 9 of the Complaint, Defendant lacks sufficient information or belief to respond to the allegations in Paragraph 9, and on that basis, denies, generally and specifically, each and every allegation in Paragraph 9.

10.    Answering Paragraph 10 and subparagraphs (1) through (3) of the Complaint, Defendant admits that Plaintiff was an hourly employee for a portion of her employment with Defendant.  Defendant denies, generally and specifically, all other allegations in Paragraph 10 and subparagraphs (1) through (3).

11.    Answering Paragraph 11 of the Complaint, Defendant denies, generally and specifically, each and every allegation in Paragraph 11.

12.    Answering Paragraph 12 of the Complaint, Defendant admits that it is incorporated in Ohio and has its principal place of business at 4000 Luxottica Pl., Mason, Ohio 45040.  Defendant further admits that it owns and operates several locations in the State of California, one of which employed Plaintiff.  Defendant also admits Plaintiff was an hourly employee for a portion of her employment with Defendant.  Defendant denies, generally and specifically, all other allegations in Paragraph 12.

13.    Answering Paragraph 13 of the Complaint, Paragraph 13 contains legal argument not requiring an answer.  To the extent an answer is required, Defendant denies the implication that it carried out any unlawful scheme, business plan or policy in all respects pertinent to this action.  Defendant denies, generally and specifically, all other allegations in Paragraph 13.

**FACTUAL BACKGROUND**

14.    Answering Paragraph 14 of the Complaint, Defendant admits that some of its managers who work at a retail location in California are paid on a salary basis.  Defendant denies, generally and specifically, all other allegations in Paragraph 14.

15.    Answering Paragraph 15 of the Complaint, Defendant denies, generally and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT      Case No. C08-01699 PJH

1    specifically, each and every allegation in Paragraph 15.

2              16.    Answering Paragraph 16 of the Complaint, Defendant denies, generally and

3    specifically, each and every allegation in Paragraph 16.

4              17.    Answering Paragraph 17 of the Complaint, Defendant denies, generally and

5    specifically, each and every allegation in Paragraph 17.

6              18.    Answering Paragraph 18 of the Complaint, Defendant denies, generally and

7    specifically, each and every allegation in Paragraph 18.

8              19.    Answering Paragraph 19 of the Complaint, Defendant denies, generally and

9    specifically, each and every allegation in Paragraph 19.

10             20.    Answering Paragraph 20 of the Complaint, Defendant denies, generally and

11   specifically, each and every allegation in Paragraph 20.

12             21.    Answering Paragraph 21 of the Complaint, Paragraph 21 contains legal

13   argument not requiring an answer.  To the extent an answer is required, Defendant denies, generally

14   and specifically, each and every allegation in Paragraph 21.

15             22.    Answering Paragraph 22 of the Complaint, Paragraph 22 contains legal

16   argument not requiring an answer.  To the extent an answer is required, Defendant denies, generally

17   and specifically, each and every allegation in Paragraph 22.

18                          **CLASS ACTION ALLEGATIONS**

19             23.    Answering Paragraph 23 of the Complaint, generally no answer is required to

20   Paragraph 23, which merely defines the nature of the action, the alleged class and on whose behalf

21   Plaintiff's claims are asserted.  Defendant admits that Plaintiff brings this action pursuant to Rule 23

22   of the Federal Rules of Civil Procedure and that Plaintiff seeks to represent the class of persons

23   described in Paragraph 23.  Except for those allegations specifically admitted, Defendant denies,

24   generally and specifically, all other allegations in Paragraph 23.

25             24.    Answering Paragraph 24 of the Complaint, Paragraph 24 contains legal

26   argument not requiring an answer.  To the extent an answer is required, Defendant denies, generally

27   and specifically, each and every allegation in Paragraph 24.

28             25.    Answering Paragraph 25 of the Complaint, Paragraph 25 contains legal

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650  California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

1   argument not requiring an answer.  Defendant denies the implication that there is a well-defined

2   community of interest in the litigation and that the proposed class is easily ascertainble as to make

3   the case suitable for class treatment.   To the extent an answer is required, Defendant denies,

4   generally and specifically, each and every allegation in Paragraph 25.

5          26.    Answering Paragraph 26 of the Complaint, Paragraph 26 contains legal

6   argument not requiring an answer.  Defendant denies the implication that the proposed class is so

7   numerous as to make the case suitable for class treatment.  To the extent an answer is required,

8   Defendant denies, generally and specifically, each and every allegation in Paragraph 26.

9          27.    Answering Paragraph 27 of the Complaint, Defendant denies, generally and

10  specifically, each and every allegation in Paragraph 27.

11         28.    Answering Paragraph 28 and subparagraphs (1) through (7) of the Complaint,

12  Paragraphs 28 and subparagraphs (1) through (7) contain legal argument not requiring an answer.

13  Defendant denies the implication that common questions of law and fact exist so as to make the case

14  suitable for class treatment.  To the extent an answer is required, Defendant denies, generally and

15  specifically, each and every allegation in Paragraph 28.

16         29.    Answering Paragraph 29 of the Complaint, Paragraph 29 contains legal

17  argument not requiring an answer.  Defendant denies the implication that Plaintiff's claims are

18  typical of the proposed class's claims so as to make the case suitable for class treatment.  To the

19  extent an answer is required, Defendant denies, generally and specifically, each and every allegation

20  in Paragraph 29.

21         30.    Answering Paragraph 30 of the Complaint, Paragraph 30 contains legal

22  argument not requiring an answer.  Defendant denies the implication that Plaintiff is an adequate

23  representative so as to make the case suitable for class treatment.  To the extent an answer is

24  required, Defendant denies, generally and specifically, each and every allegation in Paragraph 30.

25         31.    Answering Paragraph 31 of the Complaint, Paragraph 31 contains legal

26  argument not requiring an answer.  Defendant denies the implication that a class action is the

27  superior method to resolve Plaintiffs' or the proposed class's claims.  To the extent an answer is

28  required, Defendant denies, generally and specifically, each and every allegation in Paragraph 31.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

5.

1    32.    Answering Paragraph 32 of the Complaint, Paragraph 32 contains legal

2    argument no requiring an answer.  Defendant denies the implication that prosecutions of actions by

3    or against individuals would result in inconsistent or varying adjudications so as to make the case

4    suitable for class treatment.  To the extent an answer is required, Defendant denies, generally and

5    specifically, each and every allegation in Paragraph 32.

6                                    **FIRST CLAIM**

7                          **(Failure to Pay Wages and Overtime)**

8    33.    Answering Paragraph 33 of the Complaint, Defendant incorporates by

9    reference its answers to Paragraphs 1 through 32 of the Complaint.

10    34.    Answering Paragraph 34 of the Complaint, Defendant denies, generally and

11    specifically, each and every allegation in Paragraph 34.

12    35.    Answering Paragraph 35 of the Complaint, Defendant denies, generally and

13    specifically, each and every allegation in Paragraph 35.

14    36.    Answering Paragraph 36 of the Complaint, Defendant denies, generally and

15    specifically, each and every allegation in Paragraph 36.

16                                  **SECOND CLAIM**

17              **(Failure to Provide Meal Break Per Labor Code § 226.7)**

18    37.    Answering Paragraph 37 of the Complaint, Defendant incorporates by

19    reference its answers to Paragraphs 1 through 36 of the Complaint.

20    38.    Answering Paragraph 38 of the Complaint, Paragraph 38 contains legal

21    arguments not requiring an answer.  To the extent an answer is required, Defendant admits that

22    Labor Code section 226.7 prohibits certain employees from being denied meal periods as mandated

23    under California law and imposes a penalty in the amount of one hour's wages for violations of the

24    meal period provision of the California Industrial Welfare Commission wage orders.  Except as

25    expressly admitted herein, Defendant denies, generally and specifically, all other allegations in

26    Paragraph 38.

27    39.    Answering Paragraph 39 of the Complaint, Defendant denies, generally and

28    specifically, each and every allegation in Paragraph 39.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**          Case No. C08-01699 PJH

1    40.    Answering Paragraph 40 of the Complaint, Defendant denies, generally and

2    specifically, each and every allegation in Paragraph 40.

3                              **THIRD CLAIM**

4    **(Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement**

5                              **Provisions)**

6    41.    Answering Paragraph 41 of the Complaint, Defendant incorporates by

7    reference its answers to Paragraphs 1 through 40 of the Complaint.

8    42.    Answering Paragraph 42 of the Complaint, Paragraph 42 contains legal

9    arguments not requiring an answer.  To the extent an answer is required, Defendant admits that

10    California Labor Code section 226(a) requires that California employers provide itemized wage

11    statements.  Defendant denies, generally and specifically, all other allegations in Paragraph 42.

12    43.    Answering Paragraph 43 of the Complaint, Paragraph 43 contains legal

13    arguments not requiring an answer.  To the extent an answer is required, Defendant admits that

14    California Labor Code section 1174 requires employers to keep certain employee and payroll

15    records.  Defendant denies, generally and specifically, all other allegations in Paragraph 43.

16    44.    Answering Paragraph 44 of the Complaint, Paragraph 44 contains legal

17    arguments not requiring an answer.  To the extent an answer is required, Defendant admits that

18    Section 7 of the IWC Wage Orders requires employers to keep certain employee information,

19    including certain wage and hour records.  Defendant denies, generally and specifically, all other

20    allegations in Paragraph 44.

21    45.    Answering Paragraph 45 of the Complaint, Defendant denies, generally and

22    specifically, each and every allegation in Paragraph 45.

23                              **FOURTH CLAIM**

24    **(Waiting Time Penalties Under Labor Code § 203)**

25    46.    Answering Paragraph 46 of the Complaint, Defendant incorporates by

26    reference its answers to Paragraphs 1 through 45 of the Complaint.

27    47.    Answering Paragraph 47 of the Complaint, Defendant denies, generally and

28    specifically, each and every allegation in Paragraph 47.

7.

48.    Answering Paragraph 48 of the Complaint, Paragraph 48 contains legal arguments not requiring an answer.  To the extent an answer is required, Defendant admits that Labor Code section 203 provides that, under certain circumstances, the wages of an employee continue as a penalty until paid or until an action is commenced, but the wages shall not continue for more than 30 days.  Defendant denies, generally and specifically, all other allegations in Paragraph 48.

49.    Answering Paragraph 49 of the Complaint, Paragraph 49 contains legal arguments not requiring an answer.  To the extent an answer is required, Defendant denies, generally and specifically, all other allegations in Paragraph 49.

### FIFTH CLAIM

**(Penalties Pursuant to Labor Code § 2699)**

50.    Answering Paragraph 50 of the Complaint, Defendant incorporates by reference its answers to Paragraphs 1 through 49 of the Complaint.

51.    Answering Paragraph 51 of the Complaint, Paragraph 51 contains legal argument not requiring an answer.  To the extent an answer is required, Defendant admits that Plaintiff purports to seek penalties under Labor Code sections 2698 and 2699.  Except for those allegations expressly admitted, Defendant denies, generally and specifically, all other allegations in Paragraph 51.

52.    Answering Paragraph 52 and subparagraphs (a) and (b) of the Complaint, Defendant denies, generally and specifically, each and every allegation in Paragraph 52 and subparagraphs (a) and (b).

53.    Answering Paragraph 53 of the Complaint, Defendant denies, generally and specifically, each and every allegation in Paragraph 53.

54.    Answering Paragraph 54 of the Complaint, Paragraph 54 contains legal argument not requiring an answer.  To the extent an answer is required, Defendant admits that it received a letter addressed to the Labor and Workforce Development Agency regarding Plaintiff.  Defendant lacks sufficient information and belief to respond to the remaining allegations in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

8.

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT        Case No. C08-01699 PJH

1  Paragraph 54, and on that basis, denies, generally and specifically, all other allegations in Paragraph

2  54.

3  <u>**SIXTH CLAIM**</u>

4  **(Unfair Competition Pursuant to Business & Professions Code § 17200)**

5        55.    Answering Paragraph 55 of the Complaint, Defendant incorporates by

6  reference its answers to Paragraphs 1 through 54 of the Complaint.

7        56.    Answering Paragraph 56 of the Complaint, Paragraph 56 contains legal

8  argument not requiring an answer.  To the extent an answer is required, Defendant admits that

9  California Business and Professions Code section 17200 prohibits certain types of competition by

10  prohibiting unlawful or unfair business acts and practices.  Defendant denies the implication that it

11  engaged in any unlawful business acts and practices.  Except as expressly admitted herein,

12  Defendant denies, generally and specifically, all other allegations in Paragraph 56.

13        57.    Answering Paragraph 57 of the Complaint, Paragraph 57 contains legal

14  argument not requiring an answer.  To the extent an answer is required, Defendant denies, generally

15  and specifically, each and every allegation in Paragraph 57.

16        58.    Answering Paragraph 58 of the Complaint, Defendant admits all allegations in

17  Paragraph 58.

18        59.    Answering Paragraph 59 of the Complaint, Paragraph 59 contains legal

19  argument not requiring an answer.  To the extent an answer is required, Defendant denies, generally

20  and specifically, each and every allegation in Paragraph 59.

21        60.    Answering Paragraph 60 of the Complaint, Defendant denies, generally and

22  specifically, each and every allegation in Paragraph 60.

23        61.    Answering Paragraph 61 of the Complaint, Defendant denies, generally and

24  specifically, each and every allegation in Paragraph 61.

25        62.    Answering Paragraph 62 of the Complaint, Defendant denies, generally and

26  specifically, each and every allegation in Paragraph 62.

27        63.    Answering Paragraph 63 of the Complaint, Defendant denies, generally and

28  specifically, each and every allegation in Paragraph 63.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA  94108 2693
415 433 1940

9.

1      64.      Answering Paragraph 64 of the Complaint, generally no answer is required to

2   Paragraph 64, which merely sets forth types of relief sought by Plaintiff.  Defendant denies the

3   implication that it engaged in any violation alleged in Paragraph 64, as well as the implication that

4   Plaintiff or putative class members are entitled to the relief referenced in Paragraph 64.  Defendant

5   denies, generally and specifically, all other allegations in Paragraph 64.

6                              **AFFIRMATIVE DEFENSES**

7      Defendant asserts the following affirmative defenses:

8      1.      AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

9   alleges that the Complaint and each cause of action fails to state sufficient facts to constitute a cause

10  of action.

11     2.      AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

12  alleges that the Complaint and each cause of action must be dismissed for lack of subject matter

13  jurisdiction.

14     3.      AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

15  alleges that the Complaint and each cause of action must be dismissed because of lack of personal

16  jurisdiction over Plaintiff.

17     4.      AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

18  alleges that the Complaint and each cause of action must be dismissed because they were brought in

19  an improper venue and/or forum.

20     5.      AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

21  alleges Plaintiff is barred from seeking relief against Defendant because Defendant's alleged conduct

22  was privileged and/or Defendant believed in good faith that it was asserting its legal rights.

23     6.      AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

24  alleges that the Complaint and each cause of action are barred by the equitable doctrine of waiver.

25     7.      AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

26  alleges that the Complaint and each cause of action are barred by the equitable doctrine of consent.

27     8.      AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

28  alleges that the Complaint and each cause of action are barred by the equitable doctrine of estoppel.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

10.

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT          Case No. C08-01699 PJH

9.     AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action are barred by the equitable doctrine of laches.

10.     AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action are barred by the equitable doctrine of unclean hands.

11.     AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff may not assert a claim for relief under both Rule 23 of the Federal Rules of Civil Procedure and the California Private Attorneys General Act (California Labor Code section 2699, et seq.).

12.     AS AN TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action are barred because Plaintiff lacks standing as a representative of any proposed class and do not adequately represent the purported class.

13.     AS AN THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class, representation, or collective action, including, and without limitation, numerosity, ascertainability, predominance, typicality, adequacy (of both the proposed class representative and proposed class counsel), and superiority, and further alleges that public policy considerations do not favor such a certification and there are no employees of Defendant who are similarly situated to Plaintiff.

14.     AS AN FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.   Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

11.

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT          Case No. C08-01699 PJH

15.   AS AN FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that there must be excluded from any overtime which may be found to be due those aspects of the employees' compensation that are excluded from the regular rate of pay.

16.   AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action is barred because Plaintiff's alleged injuries were not proximately caused by any unlawful policies, customs, practices, and/or procedures promulgated and/or tolerated by Defendant.

17.   AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action are barred by Plaintiff's own breach of duties owed to Defendant, including without limitation those under California Labor Code sections 2853 through 2859.

18.   AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action are barred because, at all times, Plaintiff was exempt from overtime compensation, including without limitation because Plaintiff at all relevant times performed office or non-manual work directly related to management policies of Defendant's general business operations, regularly exercised discretion and independent judgment and regularly and directly assisted persons in a bona fide executive or administrative capacity, or performed under only general supervision specialized work or work requiring special training, experience or knowledge, or executed special assignments and tasks under only general supervision.

19.   AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each cause of action are barred because any failure on Plaintiff's part to meet the criteria for exempt employee status, including without limitation the requirement that Plaintiff spend 50% or more of her time performing exempt duties at any time, was the result of Plaintiff's own exercise of discretion and judgment concerning, among other things, the scheduling of time, the tasks to be performed by her, and/or Plaintiff's own personal preferences, and/ or that such failure reflects the failure of the Plaintiff to meet Defendant's reasonable requirements for performance of her job and that such acts or decisions on Plaintiff's part cannot operate to remove her from the operation of the exemptions from the overtime laws.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT         Case No. C08-01699 PJH

1    20.    AS AN TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

2    Defendant alleges that the Complaint and each cause of action set forth therein are barred because

3    Plaintiff failed to exhaust the notice and other administrative requirements set out in the California

4    Private Attorneys General Act (California Labor Code section 2699, et seq.), including but not

5    limited to sections 2699.3(a) and 2699.5.

6    21.    AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

7    Defendant alleges that the Complaint and each cause of action for penalties including, but not

8    limited to, penalties under California Labor Code sections 201 and 203, are barred because (1) there

9    are bona fide disputes as to whether further compensation is due to Plaintiff and the putative class or

10   persons allegedly similarly situated that she seeks to represent and, if so, as to the amount of such

11   further compensation (2) Defendant has not willfully failed to pay such additional compensation, if

12   any is owed, and (3) to impose waiting time penalties in this case would be inequitable and unjust.

13   22.    AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

14   Defendant alleges that the Complaint and each cause of action set forth therein are barred in whole

15   or in part by the Excessive Fines Clause of the United States Constitution.

16   23.    AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

17   Defendant alleges that the Complaint and each cause of action set forth therein are barred in whole

18   or in part by the Due Process Clause of the United States and of the California Constitution as

19   interpreted in *Hale v. Morgan*, 22 Cal. 3d 388 (1978), and its progeny.

20   24.    AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21   as a separate and affirmative defense to the Complaint and for alleged violation of Business and

22   Professions Code section 17200 *et seq.*, Plaintiff's claims are barred because California's Business

23   and Professions Code section 17200 *et seq.* is unconstitutionally vague and overbroad and the

24   manner in which Plaintiff alleges that said statutes apply to Defendant's business practices

25   constitutes a violation of Defendant's rights to due process.

26   25.    AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE to

27   Plaintiff's Complaint and to the cause of action for alleged violation of Business and Professions

28   Code section 17200 *et seq.*, Defendant alleges that Plaintiff's claims are barred to the extent it seeks

13.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT          Case No. C08-01699 PJH

1  disgorgement of any funds from Defendant or any related relief, because this and any related remedy

2  is beyond the grant of equitable power in Business and Professions Code section 17203, is beyond

3  the court's inherent equitable powers, does not serve the public and violates Defendant's rights of

4  due process, all as set out in *Kraus v. Trinity Management Services, Inc.,* 23 Cal. 4th 116 (2000).

5       26.    AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

6  Defendant alleges that Plaintiff's prayer for restitution pursuant to Business and Professions Code

7  sections 17200 *et seq.* is barred with respect to any claim for penalties of any nature.

8       27.    AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

9  Defendant alleges that the Complaint and each cause of action set forth therein are barred because

10  the claims of Plaintiffs and the putative class members and allegedly similarly situated persons they

11  seek to represent are misjoined, as their rights to recover require individual analysis, do not present a

12  predominance of common questions of law or fact, and are unsuited for determination on a class or

13  representative basis; class treatment is neither a superior nor a suitable means of adjudicating these

14  claims.

15       28.    AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

16  Defendant alleges that Plaintiff's Complaint and each cause of action therein, or some of them, are

17  barred because the applicable Wage Orders, or some of them, are unconstitutionally vague and

18  ambiguous as applied to the facts and circumstances of this case.

19       29.    AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

20  Defendant alleges that that Complaint and each cause of action are barred because the Private

21  Attorneys General Act, Labor Code section 2699 *et seq.*, is unconstitutionally vague and overbroad

22  as applied to the facts and circumstances of this case.

23       30.    AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

24  Defendant alleges that Plaintiff lacks standing to bring claims for civil penalties on behalf of others

25  because she is not an "aggrieved employee," pursuant to the Labor Code Private Attorneys General

26  Act, Labor Code sections 2698, *et seq.*

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

14.

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT         Case No. C08-01699 PJH

1         31.    AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

2   Defendant alleges that penalties under the Labor Code Private Attorneys General Act, Labor Code

3   sections 2698, *et seq.*, cannot be determined on a class-wide basis.

4         32.    AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

5   Defendant alleges that Plaintiff failed to provide the Labor Workforce Development Agency proper

6   notification of the claims and/or the names of the "aggrieved employees" on whose behalf she

7   intends to seek penalties, pursuant to the Labor Code Private Attorneys General Act, Labor Code

8   sections 2698, *et seq.*

9         33.    AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

10  Defendant alleges that Plaintiff has failed to identify any other allegedly "aggrieved employees," as

11  provided in the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

12        34.    AS A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

13  Defendant alleges that Plaintiff cannot recover statutory penalties pursuant to Labor Code section

14  226(e) on behalf of other "aggrieved employees" pursuant to the Labor Code Private Attorneys

15  General Act, Labor Code sections 2698, *et seq.*

16        35.    AS A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to

17  the Complaint for alleged violation of Business and Professions Code section 17200 *et seq.*,

18  Defendant alleges that Plaintiff's claims are barred because California's Business and Professions

19  Code section 17200 *et seq.* is unconstitutionally vague and overbroad and the manner in which

20  Plaintiff alleges that said statutes apply to Defendant's business practices constitutes a violation of

21  Defendant's rights to due process.

22        36.    AS A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE to

23  the Complaint and to the cause of action for alleged failure to provide accurate wage statements and

24  alleged failure to provide meal periods, Defendant alleges Plaintiff's claims are barred because

25  Labor Code sections 226 and 226.7 are unconstitutionally vague and overbroad as applied to the

26  facts and circumstances of this case.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

15.

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT    Case No. C08-01699 PJH

1    37.    AS A THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

2    to the Complaint and to the cause of action for alleged failure to provide meal periods, any alleged

3    violations were *de minimis*.

4    38.    AS A THIRTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5    Defendant alleges that Plaintiff's claims for injunctive and other equitable relief contained therein

6    are barred because Plaintiff has an adequate remedy at law.

7    39.    AS A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8    Defendant alleges that the Complaint and each cause of action set forth therein are barred by

9    applicable settlement agreements and/or other releases of claims.

10    40.    AS A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,

11    Defendant alleges that Plaintiff failed to comply with her contractual duty to submit her claims to

12    arbitration, and as such, their claims should be stayed and/or dismissed in their entirety.

13    41.    AS A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

14    Defendant alleges the Complaint and each cause of action therein are barred on grounds that all such

15    claims are preempted by the Federal Arbitration Act [9 U.S.C. section 1 *et seq*.].

16    42.    AS A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

17    Defendant alleges the Complaint and each cause of action therein are barred on grounds there exists

18    a written agreement between Plaintiff and Defendant to submit any and all employment-related

19    claims to final and binding arbitration, that each and every cause of action alleged in the Complaint

20    is subject to final and binding arbitration in accordance with the terms of said written agreement, and

21    that the arbitration agreement prohibits the maintenance of class action lawsuits.

22    43.    AS A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

23    Defendant alleges the Complaint and each cause of action therein are barred on grounds that

24    Defendant's arbitration agreement in effect at all relevant times herein provided for and require final

25    and binding arbitration of any and all employment-related claims for those who did not opt out of the

26    arbitration agreement; that each and every cause of action alleged in the Complaint is subject to final

27    and binding arbitration under the terms of said arbitration agreement; and that Plaintiff and/or the

28    putative class members who did not opt out of the arbitration agreement are required to submit the

16.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

1    cause of action alleged in the Complaint to final and binding arbitration in accordance with the terms

2    of said arbitration agreement, as they acknowledged and agreed as a condition of their employment

3    by Defendant.

4        44.    AS A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5    Defendant alleges that Plaintiff's suit is barred by her failure to exhaust her administrative remedies

6    and/or internal remedies and procedures.

7        45.    AS A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8    Defendant alleges that the Complaint and each cause of action are barred because, to the extent that

9    Plaintiff seeks to recover for any penalties including, *inter alia*, penalties under California Labor

10   Code sections 226 and 558, allegedly accrued more than one year before the filing of this action,

11   such claims are barred by the statute of limitations in California Code of Civil Procedure section

12   340(a).

13       46.    AS A FORTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

14   Defendant alleges that the Complaint and each cause of action are barred because, to the extent that

15   Plaintiff seeks to recover for any liability created by a statute which accrued more than three years

16   before the filing of this action and/or before the date of any tolling, such claims are barred by the

17   statute of limitations in California Code of Civil Procedure section 338(a).

18       47.    AS A FORTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

19   Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the statute of limitations

20   in California Business and Professions Code section 17208.

21       48.    AS A FORTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

22   Defendant alleges that Plaintiffs' claims for overtime compensation and failure to compensate for all

23   hours worked are barred by the statute of limitations in California Code of Civil Procedure section

24   338(a) to the extent that Plaintiff seeks to recover for any wages allegedly earned more than three

25   years before the filing of this action and/or any tolling agreement between Plaintiff and Defendant.

26       49.    AS A FORTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

27   Defendant alleges that the Complaint and each cause of action set forth therein are barred because

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

17.

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT          Case No. C08-01699 PJH

1   any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's failure to

2   mitigate damages, if any.

3          50.    AS A FIFTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

4   alleges that the Complaint and each cause of action set forth therein are barred because any

5   entitlement to relief by Plaintiff and/or those persons whom she seeks to represent is barred or

6   limited by the doctrines of after-acquired evidence and "avoidable consequences."

7          51.    AS A FIFTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,

8   Defendant alleges that Plaintiff's recovery, if any, must be offset by any benefits and/or other

9   monies she has received or will receive.

10          52.    AS A FIFTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,

11   Defendant alleges that Plaintiff's Complaint fails to state a claim for attorney's fees under California

12   Labor Code sections 218.5 and 1194, California Business and Professions Code section 17200 *et*

13   *seq.*, or any other basis.

14          53.    AS A FIFTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,

15   Defendant alleges that the Complaint fails to properly state a claim upon which punitive or

16   exemplary damages can be granted.

17          54.    AS A FIFTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,

18   Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest

19   can be granted.

20          55.    AS A FIFTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

21   Defendant alleges that Plaintiff's claims are barred because there is no private right of action under

22   California Labor Code sections 226(a), 226.7, 1174 and/or 1175.

23          56.    AS A FIFTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

24   Defendant alleges that Labor Code section 2699, which authorizes former employees to file private

25   class actions against a former employer and recover excessive civil penalties, three-quarters of which

26   are paid to an executive agency of the State of California, constitutes an unlawful delegation of

27   power in violation of the California Constitution.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

18.

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT          Case No. C08-01699 PJH

1      57.     AS A FIFTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2  Defendant alleges with regard to the "wage statement" claim that Plaintiff and the putative class

3  members are not entitled to recover damages because any alleged failure to comply with California

4  Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code

5  section 226(e).

6      58.     AS A FIFTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,

7  Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein cannot be

8  maintained against Defendant because Defendant had a policy of providing meal periods as required

9  Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California

10  law.

11      59.     AS A FIFTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,

12  Defendant alleges that the Complaint does not describe the claims or facts being alleged with

13  sufficient particularity to permit Defendant to ascertain what other defenses may exist.  Defendant

14  will rely on any and all further defenses that become available or appear during discovery in this

15  action and specifically reserves the right to amend this Answer for purposes of asserting such

16  additional affirmative defenses.

17                              **PRAYERS FOR RELIEF**

18      WHEREFORE, Defendant prays for judgment from this Court as follows:

19      1.     Plaintiffs take nothing by this action;

20      2.     That the Complaint be dismissed with prejudice and that judgment be entered

21  against Plaintiffs and in favor of Defendant on each of Plaintiffs' causes of action;

22      3.     That Plaintiffs be ordered to pay Defendant's costs and attorneys' fees,

23  including, but not limited to, costs and attorneys' fees provided under California Labor Code

24  § 218.5; and

25  / / /

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

19.

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT          Case No. C08-01699 PJH

1         4.    Such other and further relief as the Court deems appropriate and proper.

2    Dated: May 19, 2008

3    _Nancy E. Pritikin_
    NANCY G. PRITIKIN

4        LITTLER MENDELSON
    A Professional Corporation

5        Attorneys for Defendant
    LENSCRAFTERS, INC.

6

7    Firmwide:85104089.1 052266.1029

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEF'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT    Case No. C08-01699 PJH

**PROOF OF SERVICE BY OVERNIGHT DELIVERY**

      I am employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 650 California Street, 20th Floor, San Francisco, California  94108.2693.  On May 19 2008, I deposited with Federal Express, a true and correct copy of the within documents:

> DEFENDANT LENSCRAFTERS, INC.'S ANSWER TO FIRST
> AMENDED CLASS ACTION COMPLAINT

      in a sealed envelope, addressed as follows:

George R. Kingsley, Esq.
Kingsley & Kingsley, APC
16133 Ventura Blvd.
Suite 1200
Encino, CA  91436

*Attorneys for Plaintiffs*
FELICE MARTINEZ, et al.

..

      by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on May 19, 2008, at San Francisco, California.

_____
           Gabriela Martin

Firmwide:84726535.1 052266.1029

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

PROOF OF SERVICE BY OVERNIGHT
DELIVERY

Case No. C08-1699 WDB