KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022
gkingsley@kingsleykingsley.com
ERIC B. KINGSLEY, ESQ.  SBN-185123
ekingsley@kingsleykingsley.com
DARREN M. COHEN, ESQ.  SBN-221938
dcohen@kingsleykingsley.com
ELANA R. LEVINE, ESQ. SBN-234155
llevine@kingsleykingsley.com
16133 VENTURA BLVD., SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903

Attorneys for Plaintiffs

LITTLER MENDLESON, APC
NANCY E. PRITKIN, ESQ. SBN-102392
nepritkin@littler.com
RICHARD H. RAHM, ESQ. SBN-103728
rrahm@littler.com
SOFIJA VERZICH, ESQ. SBN-221602
sverzich@littler.com
650 CALIFORNIA STREET, 20th FLOOR
SAN FRANCISCO, CA 94108-2693
(415) 433-1940, FAX (415) 399-8490

Attorneys for Defendant
LENSCRAFTERS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE MARTINEZ, on behalf of herself and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LENSCRAFTERS, INC.;<br><br>    Defendants. | CASE NO.: C08-01699 PJH<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>DATE:   July 24, 2008<br>TIME:   2:30 p.m.<br>CTRM.:  3 |

## I.

## JURISDICTION AND SERVICE

Jurisdiction of this matter is based on the Class Action Fairness Act (hereinafter "CAFA"). No issues exist regarding personal jurisdiction or venue. All parties have been served.

## II.

## FACTS

Plaintiff, **FELICE MARTINEZ**, on behalf of herself and on behalf of a class of employees who worked for defendant from March 1, 2006 to the present is represented by Kingsley & Kingsley, APC by Eric B. Kingsley. Plaintiff's complaint was filed on February 14, 2008 in the Superior Court of California, County of Alameda. Defendant answered the complaint on March 28, 2008, and later removed this case on March 28, 2008. Plaintiff filed a first amended complaint on May 8, 2008.

Defendant, **LENSCRAFTERS, INC.** ("LensCrafters" or "Defendant"), is represented by Nancy E. Pritikin and Richard H. Rahm of Littler Mendelson, P.C.

Defendant LensCrafters owns and operates several stores in the State of California. Plaintiff has alleged six (6) causes of action against defendant that stem from an alleged failure to pay overtime compensation, and an alleged failure to provide meal and rest breaks.

Plaintiff seeks to represent a class composed of and defined as follows:

> "All persons who are employed or have been employed, and who have worked one or more shifts as a salaried manager and/or assistant manager or similar title for defendants in the State of California since March 1, 2006."

Additionally, plaintiff has alleged a cause of action under Business & Professions Code §17200, in that the conduct of defendant would be considered unfair competition.

LensCrafters contends that its managers are properly classified as exempt and,

therefore, it was not, and is not, legally obligated to pay its managers overtime wages or to specifically provide for rest and meal breaks. LensCrafters further contends that it has no employees with the title, "assistant manager," and all employees who are classified as non-exempt are paid overtime and are provided with rest and meal breaks in compliance with the California Labor Code.

## III.
## LEGAL ISSUES

Plaintiff contends that defendant mis-classified managers and assistant managers as exempt, and therefore failed to provide overtime compensation and meal periods. Plaintiff also alleges that defendant knowingly and intentionally failed to comply with itemized employee wage statement provisions. Plaintiff contends that plaintiff and other managers and assistant managers who no longer work for Lenscrafters are entitled to waiting time penalties pursuant to Labor Code §203. Plaintiff contends that plaintiff and other managers and assistant managers are also entitled to penalties pursuant to Labor Code §2699.

In addition to the above, LensCrafters contends that there are legal issues concerning:

(1) whether LensCrafters' managers are exempt under the executive and/or administrative exemption;

(2) even if LensCrafters' managers were not exempt, whether LensCrafters was legally obligated to ensure that its managers took meal and rest breaks or, instead, was legally obligated only to provide its managers with meal and rest breaks;

(3) even if LensCrafters' managers were not exempt, whether any failure to comply with Labor Code section 226 was "knowing and intentional" if Defendant had a good faith belief in the classification of its managers as exempt;

(4) even if LensCrafters' managers were not exempt, whether Plaintiff is

entitled to waiting-time penalties pursuant to Labor Code section 203 for "intentional" non-payment of all wages if LensCrafters' had a good faith belief that it had paid its managers all wages due and owing at the time of separation;

(5) whether the Labor Code Private Attorneys General Act ("PAGA"), Labor Code sections 2698 *et seq.*, which requires the individual determination of penalties, can be used on a class-wide basis;

(6) what constitutes an "initial violation" under the PAGA;

(7) whether Plaintiff complied with the administrative requirements of the PAGA with respect to other unnamed and unidentified managers she seeks to represent;

(8) whether Plaintiff has sufficiently pleaded a cause of action under the PAGA as to other unnamed and unidentified managers on whose behalf she seeks penalties;

(9) whether Plaintiff can satisfy the "commonality" or "predominance" or "superiority" requirements of a Rule 23 class if liability with respect to a particular manager depends on an individual determination on what tasks the manager performed;

(10) whether Plaintiff can satisfy the "typicality" requirement of a Rule 23 class if she worked as a manager for only a short period of time, and only as a substitute for her own manager;

(11) the extent to which LensCrafters' settlement of another class action shortens Plaintiff's proposed class period; and (12) the extent to which LensCrafters may assert equitable defenses to Plaintiff's Unfair Competition Law claim.

## IV.

## ANTICIPATED MOTIONS

After conducting further written and oral discovery, plaintiff will file a motion for class certification. Defendant may file a motion for summary judgment, a motion to

dismiss class allegations and/or a motion to dismiss PAGA claims. The parties may file discovery motions, if needed.

## V.
## AMENDMENT OF PLEADINGS

Plaintiff reserves the right to amend the pleadings to add causes of action, based on discovery, and to add additional plaintiffs. The parties propose a deadline of August 23, 2008 to amend the pleadings.

## VI
## EVIDENCE PRESERVATION

The parties have discussed preservation of evidence and Plaintiff has indicated that she is interested in three categories of electronic information: (1) payroll records, (2) computer access records for stores, and (3) computer time entries and any other electronic method of recording time. LensCrafters is investigating the feasibility of providing such information.

## VII.
## DISCLOSURES

There has been full and timely compliance with the initial disclosure requirements of FRCP 26, which will be supplemented by the parties every four months. The parties will make disclosures regarding witnesses, knowledge regarding potential damages, and documents.

## VIII.
## DISCOVERY

In the next few months, the parties will be conducting written and oral discovery. Plaintiff intends to take the deposition of defendant's person most qualified regarding overtime and defendant's break policy. Plaintiff does not wish to limit discovery mechanisms prior to its motion for class certification. LensCrafters also intends to continue to investigate the allegations of the Complaint internally, which includes talking

to its employees.

Written and oral discovery will be limited to the standard limitations of the Federal Rules of Civil Procedure. However, if either party has declarants, the declarants' depositions will not count toward the ten deposition limit.

### IX.
### PROPOSED CLASS CERTIFICATION SCHEDULE/SCHEDULING

Plaintiff proposes that the class certification motion be heard on a date in June 2009. The deadline for filing the motion for class certification would be on or about March 10, 2009. The deadline for filing the opposition to the motion for class certification would be on or about May 11, 2009. The deadline for filing the reply brief would be on or about May 26, 2009.

LensCrafters, on the other hand, believes that the Court should set another status conference for a date after which the parties will have engaged in mediation, and that any class certification hearing and briefing dates should be set at that conference.

The parties propose that the court set the trial date after the hearing on the motion for class certification.

### X.
### RELATED CASES

The parties are not aware of any related cases.

### XI.
### RELIEF SOUGHT

Plaintiff seeks to recover the following relief for plaintiff and all other managers and assistant managers during the Liability Period: (1) unpaid overtime wages; (2) liquidated damages or, alternatively, prejudgment interest; and (3) reasonable attorneys' fees and costs. Named Plaintiff also seeks to recover all available relief under the California Labor Code and Business and Professions Code of California for herself and all other managers and assistant managers employed by Lenscrafters in California from March 1, 2006 and

continuing through the present, including, but not limited to (1) compensatory damages in the amount of plaintiff's and each class members' hourly wage for each meal period missed or taken late from March 1, 2006 to the present; (2) penalties pursuant to Labor Code §203 for all employees who quit or were fired equal to their daily wage times thirty (30) days; (3) an award of prejudgment and post judgment interest; (4) an order enjoining defendant and its agents, servants, and employees, and all persons acting under, in concert with, from failing to provide plaintiffs with proper meal periods pursuant to Labor Code §§226.7, 512 and IWC 4-2001 and mandating overtime compensation be paid to all salaried managers; (5) penalties and to other relief pursuant to Labor Code §2699; and (6) restitution for unfair competition pursuant to Business & Professions Code §17200, including disgorgement or profits.

Damages in this case will depend upon the number of hours worked by the Named Plaintiff and each of the other managers and assistant managers and their individual rates of pay. Named Plaintiff cannot at this time calculate a demand for monetary relief or those of the other managers and assistant managers plaintiff needs information regarding the total number of managers and assistant managers employed by Lenscrafters during the class period, their dates of employment as managers or assistant managers, their compensation earned, and their hours worked.

LensCrafters seeks dismissal of the action and the recovery of its costs and attorneys' fees.

## XII.
## APPROPRIATE ADR MECHANISMS

The parties are willing to participate in a private mediation, after additional discovery is completed. Plaintiff would like to conduct person-most-qualified depositions, and defendant would like to depose the named plaintiff prior to the mediation. It is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is

unsuccessful. For purposes of a mediation, plaintiff is willing to accept a representative sampling of documents.

Plaintiff is interested in mediating the case in approximately 90 days from this case management conference. Defendants believe that, given the discovery that should be done prior to any meaningful mediation, the mediation should take place sometime before the end of January 2009.

## XIII.
## CONSENT TO MAGISTRATE JUDGE

The parties have not consented to a magistrate judge for further proceedings in this litigation.

## XIV.
## OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multdistrict Litigation.

## XV.
## NARROWING OF ISSUES

At this time, there are no issues that can be narrowed by agreement or by motion.

## XVI.
## EXPEDITED SCHEDULE

This case cannot be handled on an expedited basis.

## XVII.
## TRIAL

Plaintiff's Labor Code causes of action will be tried to a jury. Plaintiff's UCL cause of action and claims for penalties under the PAGA will be tried to the Court. Plaintiff expects the trial to last 2-3 weeks. LensCrafters believes that it cannot estimate the length of the trial until after the class issues have been decided.

## XVIII.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties filed Certification of Interested Entities or Persons. Plaintiff's certification stated that Pursuant to Civil L.R. 3-16, other than the named parties, there is no such interest to report.

DATED:   July 16, 2008              Respectfully submitted,

                                    KINGSLEY & KINGSLEY, APC

                                    By: _____
                                        ERIC B. KINGSLEY
                                        ELANA R. LEVINE
                                        Attorney for Plaintiffs

DATED:   July 16, 2008              LITTLER MENDLESON, P.C.

                                    By: _____
                                        NANCY PRITIKIN / RICHARD RAHM
                                        Attorney for Defendants