NANCY E. PRITIKIN, Bar No. 102392
RICHARD H. RAHM, Bar No. 130728
SOFIJA ANDERSON, Bar No. 221602
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108-2693
Telephone:   (415) 433-1940
Fax No.:      (415) 399-8490

Attorneys for Defendant
LENSCRAFTERS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FELICE MARTINEZ, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>LENSCRAFTERS, INC.; DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.  C08-01699 PJH<br><br>**DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    April 22, 2009<br>Time:   9:00 a.m.<br>Court:   5<br><br>Before the Honorable Phyllis J. Hamilton |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

LENSCRAFTERS' MOTION
FOR SUMMARY JUDGMENT

CASE NO. C08-1699 PJH

# NOTICE OF MOTION AND MOTION OF DEFENDANT LENSCRAFTERS, INC. FOR SUMMARY JUDGMENT

TO PLAINTIFF FELICE MARTINEZ AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 22, 2009, at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 5 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant LensCrafters, Inc. ("LensCrafters" or the "Company") will move, and hereby does move, this Court under Federal Rule of Civil Procedure 56 for an order granting summary judgment with respect to the First Amended Complaint, and all six causes of action contained therein, of Plaintiff Felice Martinez ("Plaintiff").

LensCrafters moves for summary judgment on the ground that all six of Plaintiff's causes of action are barred because she executed a valid waiver of any and all claims, known and unknown, against LensCrafters as consideration for her receipt of settlement payments in a previous class action against the Company. The motion is based on LensCrafters' Memorandum of Points and Authorities, *infra*, the deposition of Plaintiff, the declaration of Nancy Pritikin, such further evidence as may be presented on or before the hearing, all other papers, records and pleadings on file and submitted in support of this motion, and such additional evidence and argument that the Court may allow prior to and during the hearing on this motion.

# **TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF UNDISPUTED FACTS ......................................................................... 1

    A. The Babasa v. LensCrafters Case ............................................................................ 1

    B. The Babasa Settlement ............................................................................................. 2

    C. After Plaintiff Retained Counsel and Filed This Case, She Executed A Full Waiver Of All Employment Related Claims Against LensCrafters In Return for Payment in the Babasa Case ............................................................................... 4

III. LENSCRAFTERS IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF'S ACTION IS LEGALLY BARRED ............................................................ 5

    A. Summary Judgment Can Be Granted In Putative Class Actions When There Is No Dispute Of Material Facts .................................................................................. 5

    B. Plaintiff Executed An Unambiguous Release That Bars The Claims That She Asserts In This Case ................................................................................................. 6

        1. Plaintiff Was Adequately Compensated For The Release And Her Actions Were Entirely Voluntary ........................................................................ 8

IV. CONCLUSION ..................................................................................................................... 9

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Babasa v. LensCrafters,*
   Orange County Superior Court Case No. 05 CC00079 .................................. 1, 2, 3, 4, 5, 7, 8, 9

*Botefur v. City of Eagle Point,*
   7 F. 3d 152 (9th Cir. 1993) ........................................................................................................ 6

*Brinton v. Bankers Pension Services, Inc.,*
   76 Cal. App. 4th 550 (1999) ............................................................................................. 1, 7, 8

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) ................................................................................................................ 5, 6

*Coverdell v. Department of Social & Health Services,*
   834 F. 2d 758 (9th Cir. 1987) ................................................................................................... 5

*Edwards v. Comstock Insurance Co.,*
   205 Cal. App. 3d 1164 (1988) .................................................................................................. 9

*Faye v. Feldman,*
   128 Cal. App. 2d 319 (1954) .................................................................................................... 8

*Phillips Petroleum v. Shutts,*
   472 U.S. 797 (1985) ................................................................................................................... 6

*Shaw v. City of Sacramento,*
   250 F. 3d 1289 (9th Cir. 2001) ................................................................................................. 6

*Thompson v. Edward D. Jones & Co.,*
   992 F. 2d 187 (8th Cir. 1993) ............................................................................................ 6, 7, 8

*Vitkus v. Beatrice Co.,*
   11 F. 3d 1535 (10th Cir. 1993) ................................................................................................. 7

*White v. Starbucks Corp.,*
   497 F. Supp. 2d 1080 (N.D. Cal. 2007) ................................................................................... 6

*Winet v. Price*
   (1992) 4 Cal. App. 4th 1159 ..................................................................................................... 9

**STATUTES**

Fed. R. Civ. P. 8(c) ....................................................................................................................... 6

Fed. R. Civ. P. 56(c) ..................................................................................................................... 5

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

LENSCRAFTERS' MOTION
FOR SUMMARY JUDGMENT

ii.

CASE NO. C08-1699 PJH

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Summary judgment should be granted in favor of LensCrafters because Plaintiff executed a valid release of "any and all claims" against LensCrafters *after* she filed the present action against the Company. Specifically, Plaintiff executed a claim form to obtain settlement payments in another class action, entitled *Babasa v. LensCrafters,* Orange County Superior Court Case No. 05 CC00079, in which virtually the same wage and hour claims were alleged as Plaintiff alleged in the present action. The claim form contained a full release of "any and all claims, known and unknown" arising out of her employment at LensCrafters. At her deposition, Plaintiff admitted that she voluntarily executed the *Babasa* release after reading it, that she executed it in consideration for the funds dispersed to her as part of the *Babasa* settlement, and that she was represented by counsel at the time she signed the release. The release is a complete bar to Plaintiff's claims in this case. *See Brinton v. Bankers Pension Services, Inc.*, 76 Cal. App. 4th 550, 558 (1999). Accordingly, LensCrafters is entitled to summary judgment as to Plaintiff's entire First Amended Complaint.[1]

## II. STATEMENT OF UNDISPUTED FACTS

### A. The *Babasa v. LensCrafters* Case.

LensCrafters is a nationwide optical chain with approximately 100 stores in California. Prior to Plaintiff filing the present putative class action, Patrick Babasa and Robert Bredensteiner filed a putative class action against LensCrafters on April 4, 2005. *See Babasa* Complaint ("*Babasa* Complaint"), attached as Exhibit A to Defendant's Request for Judicial Notice ("RJN") filed concurrently with this Motion. The *Babasa* plaintiffs alleged nine causes of action that, like the present action, arose out of allegations that LensCrafters' employees were not being paid overtime and not being provided all of their meal and rest breaks. The *Babasa* complaint

---

[1] Summary judgment is being sought as to Plaintiff's individual claims. Because no class has yet been certified, summary judgment of the entire action is proper. *See Davis v. TransAmerica Commercial Finance Corp.*, 1995 U.S. Dist. LEXIS 9305 (N.D. Ill. 1995); *Colindres v. Quietflex Manufacturing*, 2004 U.S. Dist. LEXIS 27981 (S.D. Tex. 2004).

asserted claims for: (1) failure to pay overtime compensation, (2) violation of California's Unfair Competition Law ("UCL"), Business and Professions Code sections 17200, *et seq.*, (3) failure to provide meal and rest periods, (4) conversion, (5) failure to provide itemized wage statements, (6) failure to pay all wages due upon termination, (7) waiting time penalties pursuant to California Labor Code section 203, (8) a duplicative violation of the UCL, and (9) violation of Private Attorneys General Act ("PAGA"), California Labor Code Sections 2699, *et seq. Id.*

### B. The *Babasa* Settlement.

On April 17, 2008, the Orange County Superior Court preliminarily approved a settlement of the *Babasa* action and certified a class for purposes of settlement. *See* RJN, Exh. B. The preliminary approval Order authorized a third-party administrator to send a "Settlement Notice" and a "Claim Form" to all putative class members. *Id.* at 2:18-24. Both the Settlement Notice and the Claim Form notified class members that unless they exercised their rights to object or opt out of the settlement, they would be bound by a broad waiver of all claims against LensCrafters.

The Settlement Notice defined the *Babasa* class as "[a]ll California employees of Defendant LensCrafters, Inc. who worked in LensCrafters retail stores from April 5, 2001 until [April 17, 2008] (the date of preliminary approval of this action) and who were or are *classified or treated as non-exempt* by Defendant (the 'Class Members')." Settlement Notice at 1 (Section A) (emphasis supplied), attached here to as Exhibit A to the Declaration of Nancy Pritikin ("Pritikin Decl.") Pritikin Decl., ¶3, Exh. A (the Settlement Notice is attached as Exhibit 5 to Plaintiff's Deposition). The Settlement Notice further provided that, in consideration for participating in the proceeds of the settlement, class members would be required to execute a full release of "any and all claims" against LensCrafters arising from (1) "the Lawsuit and any Claims arising out of or reasonably related to the facts alleged in the Lawsuit," as well as (2) "any wage and hour violations" that could be "asserted or that could have been reasonably asserted from the facts alleged in the Lawsuit by any Class Member against [LensCrafters] up to April 17, 2008." *Id.* at 2 (Section C, ¶ 4). Finally, the Settlement Notice stated that "[i]n order to receive a settlement payment," class members were required to execute the attached Claim Form and send it to the claims administrator by August 1, 2008. *Id.* at 3 (Section D).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

LENSCRAFTERS' MOTION FOR SUMMARY JUDGMENT

2.

CASE NO. C08-1699 PJH

The Claim Form advised each class member that, according to personnel records, "between April 5, 2001 and April 17, 2008 (the "Class Period"), you were classified *or treated as non-exempt* by LensCrafters in California ("Class Member") ...." Claim Form at 1 (Section II) (emphasis supplied), Pritikin Decl., ¶3, Exh. A (Plaintiff's Claim Form is attached to her deposition as Exhibit 6). The Claim Form also expressly provided that "[b]y completing this Claim Form and accepting the benefits under this Settlement," the class member would be agreeing to a release, which contained the same language as the release in the Settlement Notice:

> Upon final approval by the Court of the Stipulation, ... each Class Member who does not opt out of the Settlement, shall be deemed to have fully released and forever discharged [LensCrafters] ... from any and all claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs and any other form of relief in equity or remedy in law ... whether known or unknown ... arising from (1) the Lawsuit and any Claims arising out of or reasonably related to the facts alleged in the Lawsuit, including without limitation all claims under the California Labor Code ... and the Business and Professions Code ... and (2) any wage and hour violations ... arising out of or reasonably related to the facts, incidents, transactions, events, occurrences, disclosures, statements, acts, or omissions in law or equity, asserted or that could have reasonably been asserted from the facts alleged in the Lawsuit by any Class Member against [LensCrafters] up to April 17, 2008. ... The release by Class Members will not include any individual claim by a Class Member for discrimination, harassment, fraud, negligence, breach of contract, intentional torts, theft or conversion except insofar as such claim is based solely on the failure to comply with the overtime, meal and rest period laws as set forth in this Lawsuit.

*Id.* at 2 (Section III, "ACKNOWLEDGMENT OF RELEASE OF CERTAIN CLAIMS"). Both the Settlement Notice and the Claim Form thus made clear that any participation in the settlement proceeds of the *Babasa* action would entail a waiver of any and all claims arising from (1) the *Babasa* action, and any related claims, (2) any wage and hour claims that could have been asserted in the *Babasa* action, and (3) any known or unknown claims related to the claims in the *Babasa* action.

On August 29, 2008, the Orange County Superior Court issued its "Order Granting Final Approval of Class Action Settlement and Entry of Judgment" (the "Final Order"). *See* Final Order, RJN Exh. C. The Final Order first found that the Settlement Notice "reasonably and adequately informed Settlement Class Members of the nature of this Litigation." *Id.* at ¶¶ 8-9. The

1  Final Order then provided the terms and conditions of the *Babasa* settlement ordered by the Court.
2  In this respect, "Settlement Class" was defined as "all California employees of Defendant
3  LensCrafters, Inc. who worked in LensCrafters retail stores from April 5, 2001 until April 17, 2008
4  and who were or are classified *or treated as* non-exempt by Defendant." *Id.* at ¶ 24 (emphasis
5  supplied). The Final Order also provided that each member of the Settlement Class "acknowledges
6  full satisfaction of all Settled Claims," and releases LensCrafters "from all Settled Claims." *Id.* at
7  ¶¶ 27-30.

       **C.    After Plaintiff Retained Counsel and Filed This Case, She Executed A Full Waiver Of All Employment Related Claims Against LensCrafters In Return for Payment in the *Babasa* Case.**

10       Plaintiff was hired by LensCrafters on September 17, 2005 to work as a part-time
11 non-exempt Apprentice Optician in its store in Corte Madera, California, and was promoted several
12 times to various non-exempt supervisor positions from January 1, 2007 to April 30, 2007.
13 Deposition of Felice Martinez ("Martinez Dep.") 22:11-23:23; 31:10-24, Pritikin Decl., ¶3, Exh. A.
14 Plaintiff was promoted to the exempt position of Retail Manager on August 29, 2007, but was
15 terminated just two months later, on November 9, 2007, after she admitted to defrauding the
16 Company by inflating her sales figures for purposes of obtaining bonuses. *Id.* at 59:2-6; 127:6-8;
17 135:15-17; 137:7-9.

18       On February 14, 2008, Plaintiff filed a putative class action against LensCrafters,
19 represented by Kingsley and Kingsley, alleging substantially the same causes of action as those
20 alleged in the *Babasa* litigation and expressly alleges that she and the putative class "are, and at all
21 times pertinent hereto, have been non-exempt employees within the meaning of the California Labor
22 Code." *See* Martinez Complaint and First Amended Complaint ("Complaint") ¶15, Pritikin Decl.,
23 ¶4-5, Exhs. B, C. Like the *Babasa* Complaint, Plaintiff alleged six causes of action arising out of her
24 allegations that she was not paid overtime or provided with meal breaks: (1) failure to pay overtime
25 compensation; (2) failure to provide meal breaks; (3) failure to provide itemized employee wage
26 statements; (4) waiting time penalties pursuant to California Labor Code section 203; (5) violation of
27 the PAGA; and (6) violation of the UCL. *Id.*

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

LENSCRAFTERS' MOTION
FOR SUMMARY JUDGMENT

4.

CASE NO. C08-1699 PJH

In early 2008, a few months after she was terminated, Plaintiff received the Settlement Notice in the *Babasa* action. Martinez Depo. 147:21-148:9, Pritikin Decl., ¶3, Exh. A. On June 4, 2008 – four months *after* she filed the present action – Plaintiff elected to participate in the *Babasa* settlement proceeds and, to that end, she executed the Claim Form.[2] *See* Claim Form, Pritikin Decl., ¶3, Exh. A (Plaintiff's Claim Form is attached to her deposition as Exhibit 6). Plaintiff admits that she read the release in the Claim Form before signing it, that she was represented by her own counsel at the time she signed the release, and that she voluntarily executed the release to be able to participate in the distribution of proceeds from the *Babasa* class settlement. Martinez Depo. 148:10-149:5, Pritikin Decl., ¶3, Exh. A.

### III.    LENSCRAFTERS IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF'S ACTION IS LEGALLY BARRED.

#### A.    Summary Judgment Can Be Granted In Putative Class Actions When There Is No Dispute Of Material Facts.

Under Rule 56 of the Federal Rules of Civil Procedure, the moving party is entitled to summary judgment if the record, viewed in a light most favorable to the non-moving party, establishes that no genuine issues of material fact exist to preclude the entry of judgment in the moving party's favor as a matter of law. *See* Fed. R. Civ. P. 56(c): *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Coverdell v. Department of Social & Health Services*, 834 F. 2d 758, 768 (9th Cir. 1987). Summary judgment is not a disfavored procedural shortcut; rather, it serves the judicially efficient purpose of isolating and disposing of "factually unsupported claims." *Celotex*, 477 U.S. at 323-324. Moreover, summary judgment is equally applicable in the class action context. *See White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1090 (N.D. Cal. 2007) (summary judgment granted for defendant employer in class action alleging meal and rest break violations).

---

[2] Plaintiff signed and dated the Claim Form June 6, *2007*. This is impossible as the court did not grant preliminary approval of the *Babasa* settlement until April 17, 2008, and the claim forms were not mailed until June 2, 2008. *See* RJN, Exhs. B, C (Paragraph 9). In any event, Plaintiff confirmed at her deposition that "2007" was a mistake and that she signed the form in 2008. *See* Martinez Depo. 151:3-13, Pritikin Decl., ¶3, Exh. A. The envelope that accompanied the returned Claim Form, addressed in Plaintiff's handwriting, also reflects that it was mailed on June 4, 2008. *Id.* at 149:6-15, Exh. 6 to the deposition.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

LENSCRAFTERS' MOTION
FOR SUMMARY JUDGMENT                          5.                          CASE NO. C08-1699 PJH

### B. Plaintiff Executed An Unambiguous Release That Bars The Claims That She Asserts In This Case.

"The interpretation of a settlement agreement is governed by principles of state contract law." *Botefur v. City of Eagle Point*, 7 F. 3d 152, 156 (9th Cir. 1993). A written release generally extinguishes any obligation covered by its terms, provided it was not obtained by fraud, duress or undue influence, and extrinsic evidence is inadmissible to alter the terms of a written release that is clear and unambiguous. *See Shaw v. City of Sacramento*, 250 F. 3d 1289, 1293 (9th Cir. 2001) (clear and unambiguous release interpreted as a matter of law from the four corners of the document). In the class action context, class members who participate in prior settlements generally cannot bring later suits based on the same claims that were settled and released. *See Thompson v. Edward D. Jones & Co.* 992 F. 2d 187, 192 (8th Cir. 1993) (plaintiff who did not opt out of a class action and did not object to the terms of the settlement was bound by the settlement agreement and barred from pursuing a subsequent action). Thus, it is settled that a court-approved settlement, pursuant to a final consent decree in a class action, will operate to bar subsequent suits by class members. *See Phillips Petroleum v. Shutts*, 472 U.S. 797, 811-812 (1985).

LensCrafters asserted an affirmative defense in its Answer that Plaintiff's action was "barred by applicable settlement agreements and/or other releases of claims." Pritikin Decl., ¶6, Exh. D. As an affirmative defense, the employer bears the initial burden of proving that an employee's action is barred by settlement or release. *See* Fed. R. Civ. P. 8(c). "Once a party establishes that his opponent signed a release that addresses the claims at issue, received adequate consideration, and breached the release, the opponent has the burden of demonstrating that the release was invalid because of fraud, duress, material mistake, or some other defense." *Williams v. Phillips Petroleum Co.*, 23 F. 3d 930, 935 (5th Cir. 1994). *See also Vitkus v. Beatrice Co.*, 11 F. 3d 1535, 1539-1540 (10th Cir. 1993) ("once defendant meets burden of production, plaintiff has burden to "prove that the release was invalid by clear and convincing evidence").

Plaintiff admitted that she executed the release in the Claim Form in consideration for being able to participate in the *Babasa* settlement proceeds. Martinez Depo. 147:19-149:1-5, Pritikin Decl., ¶3, Exh. A. The release in the *Babasa* Claim Form provides that "each Class

Member" who participates in the settlement releases LensCrafters from "any and all claims ... whether known or unknown ... arising from" three types of claims. Claim Form, Pritikin Decl., ¶3, Exh. A. The first type of released claims are those arising from "the Lawsuit and any Claims arising out of *or reasonably related to the facts alleged in the Lawsuit.*" *Id.* (emphasis supplied). The second type of released claims are "any wage and hour violations ... [that] *could have reasonably been asserted from the facts alleged in the Lawsuit by any Class Member against [LensCrafters] up to April 17, 2008.*" *Id.* (emphasis supplied). The third type of released claims are any rights under Civil Code section 1542 regarding known and unknown claims related to the "Covered Claims." *Id.*

Class members who participate in prior settlements cannot bring later suits based on the same claims that were settled and released. *See Thompson*, 992 F. 2d at 191-92. Instructive in this regard is *Brinton v. Bankers Pension Services, Inc.*, 76 Cal. App. 4th 550, 558 (1999). As in the present case, the plaintiff in *Brinton* also participated in an earlier class action against the defendants where the parties "reached a written settlement of the claims." *Id.* at 555. Similarly, the settlement agreement in that case contained a broad release of "any and all claims ... against [named defendants] by reason of any matter or thing arising from, related to, or affiliated with any cause, act, transaction, omission or event whatsoever that occurred prior to the date of this Agreement ... involving the [limited partnership]." *Id.* Like Plaintiff in the present case, the *Brinton* plaintiff was represented by counsel at the time he signed the release. *Id.* at 555, 559-60. The *Brinton* plaintiff attempted to sue a *third party* covered by the release, arguing that he had only intended to release the named defendants. *Id.* at 560. The court found that the plaintiff had waived his claims, and that his "undisclosed intent concerning his claim against defendant is simply inadmissible to contradict the comprehensive and broad language of the settlement agreement's release of claims clause." *Id.* at 560-561.

Both the *Babasa* plaintiffs and Martinez asserted claims for (1) unpaid overtime, (2) not providing meal breaks, (3) not providing all wages upon separation from the Company, and (4) not providing proper wage statements. *See Babasa* Complaint ¶¶ 1, 6; Complaint ¶¶ 10-11. *Unlike* the plaintiff in *Brinton*, Plaintiff in the present action is not attempting to sue a third party beneficiary to a release. Rather, Plaintiff is attempting to sue *the very same party* against whom she

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

LENSCRAFTERS' MOTION
FOR SUMMARY JUDGMENT

7.

CASE NO. C08-1699 PJH

released *the very same claims* as she is now attempting to assert in the present action. Her claims are barred and LensCrafters is entitled to summary judgment.

### 1. Plaintiff Was Adequately Compensated For The Release And Her Actions Were Entirely Voluntary.

There can be no dispute that Plaintiff was "adequately compensated" for the release she executed in connection with her receipt of settlement proceeds in the *Babasa* action insofar as the *Babasa* court made specific findings as to the adequacy of the compensation. *See* Final Order at ¶¶ 12, 14, RJN, Exh. C. Moreover, as the *Babasa* court noted in its Final Order, none of the class members, including Plaintiff, who was represented by counsel at the time, made any objection to the amount of the settlement. *Id.* at page 2. As such, Plaintiff cannot now dispute the terms of that settlement. *See Thompson*, 992 F. 2d 187 (plaintiff bound by terms of a class settlement because she "did not opt out of the class, she did not voice any objection to the terms of the settlement, and she did not seek relief from the Final Judgment of Dismissal and Order").

Plaintiff will also not be able to claim either fraud or duress insofar as she has already admitted in deposition that she read the *Babasa* release before signing it, that she was represented by her own counsel at the time she signed the *Babasa* release, that she signed the *Babasa* release *after* she had already filed the present action, and thus was therefore aware of the claims she was releasing, and that she voluntarily executed the release to be able to participate in the distribution of proceeds from the *Babasa* class settlement. Martinez Depo. 10:20-25; 147:17-149:15; 151:3-13; Pritikin Decl., ¶3, Exh. A. As such, Plaintiff has no defenses to the enforcement of the release. *See, e.g., Faye v. Feldman*, 128 Cal. App. 2d 319, 328 (1954) (when person capable of reading and understanding release signs it, he or she is bound by its provisions and estopped from claiming they are contrary to his or her intentions or understanding); *Edwards v. Comstock Insurance Co.*, 205 Cal. App. 3d 1164, 1167-1169 (1988) (finding release enforceable even where releasees later claimed they did not know what claims they were releasing at the time of signing). Indeed, even if Plaintiff were to contend that the claims in her lawsuit were somehow "unknown" – which could not be the case, since she executed the Claim Form *after* filing her Complaint – the release would still cover such claims as a matter of law. *See, e.g., Winet v. Price* (1992) 4 Cal. App. 4th 1159, 1166-1173

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

LENSCRAFTERS' MOTION
FOR SUMMARY JUDGMENT

8.

CASE NO. C08-1699 PJH

1  (signing a release of all known or unknown claims while represented by counsel is enforceable
2  because plaintiff "assumed the risk of unknown claims").

### IV. CONCLUSION

In order to receive payments as part of the *Babasa* settlement, Plaintiff executed a broad release of all claims – including all wage and hour claims – against LensCrafters. Plaintiff voluntarily signed the release *after* she brought the present wage and hour action and when she was represented by her present counsel. The release is thus valid and enforceable and, for that reason, Plaintiff's action is barred. LensCrafters accordingly requests summary judgment as to Plaintiff's entire Complaint.

Dated: March 9, 2009

NANCY E. PRITIKIN
RICHARD H. RAHM
SOFIJA ANDERSON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
LENSCRAFTERS, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

LENSCRAFTERS' MOTION
FOR SUMMARY JUDGMENT

9.

CASE NO. C08-1699 PJH