**KINGSLEY & KINGSLEY, APC**
**GEORGE R. KINGSLEY, ESQ. SBN-38022**
*gkingsley@kingsleykingsley.com*
**ERIC B. KINGSLEY, ESQ.  SBN-185123**
*eric@kingsleykingsley.com*
**KEVIN M. ZIETZ, ESQ. SBN-186244**
*kzietz@kingsleykingsley.com*
**16133 VENTURA BL., SUITE 1200**
**ENCINO, CA 91436**
**(818) 990-8300, FAX (818) 990-2903**

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE MARTINEZ, on behalf of herself and others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>LENSCRAFTERS, INC.; DOES 1 through 50, Inclusive,<br><br>   Defendant.<br>_____ | CASE NO.: C08-01699 PJH<br><br>DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PRELIMINARY APPROVAL<br><br>DATE:  October 14, 2009<br>TIME:  9:00 a.m.<br>DEPT.:  5<br>JUDGE:  Hon. Phyllis J. Hamilton |

I, **ERIC B. KINGSLEY**, declare as follows:

 1. I am an attorney licensed to practice before all of the courts of the State of California, and in the Northern District of California.  I am counsel to FELICE MARTINEZ and the plaintiffs herein, and have personal knowledge of the facts herein. If called as a witness, I could and would competently testify herein.

 2. LensCrafters is a nationwide optical chain with approximately 100 stores in California.  Plaintiff, a former Retail Manager for LensCrafters, filed the present class action on February 14, 2008 in Alameda Superior Court against her former employer. The case was removed to the federal Northern District of California, and was assigned

1    to the Honorable Phyllis J. Hamilton, United States District Court Judge.

2        3.    The proposed settlement is hereby submitted by Plaintiff.  It was reached

3    in part as a result of the work performed by the mediator hired by the Parties.  Arm's-

4    length settlement negotiations have taken place between the parties.  The case was

5    mediated in a full-day session on March 9, 2009, before Mark Rudy, of Rudy, Exelrod

6    & Zieff, LLP, a well respected and experienced employment law and class action

7    mediator. After the mediation, the Parties continued discussions with the Mediator and

8    each other. Settlement was eventually reached on June 16, 2009. The parties now seek

9    to have the court approve this settlement as fair,  reasonable, and as beneficial to

10   members of the class.

11   **CLAIMS ASSERTED**

12       4.    In her First Amended Complaint ("FAC"), filed on May 7, 2008, Plaintiff

13   alleges that because LensCrafters purportedly misclassified its Retail and General

14   Managers.  The FAC alleges that Defendant (1) failed to pay Plaintiffs overtime in

15   alleged violation of Labor Code sections 510, 1194 and 1199, (2) failed to provide meal

16   breaks in alleged violation of Labor Code sections 226.7 and 512, (3) failed to properly

17   itemize its wage statements in alleged violation of Labor Code sections 226, 1174 and

18   1175, (4) failed to pay all wages due and owing at the time of termination in alleged

19   violation of Labor Code section 203, (5) and that Defendant is subject to penalties under

20   the California Labor Code Private Attorneys General Act ("PAGA"), California Labor

21   Code sections 2698 et seq., and (6) violated the Unfair Competition Law ("UCL") set

22   forth at California Business and Professions Code section 17200 et seq.

23       5.    LensCrafters has stipulate that, based on Plaintiff's allegations, liability

24   could be determined on a class-wide basis (For purposes of settlement only).

25       **FAIR & REASONABLE SETTLEMENT**

26       6.    Defendant denied the allegations contained in Plaintiff's complaints and

27   contends that it properly followed Federal, California, and local wage and hour laws and

28   regulations. Defendant alleged that its General Managers and Retail Managers were not

2

misclassified, that they are exempt employees under either the administrative or executive exemptions, and that Plaintiff's causes of action for meal and rest breaks, unpaid overtime and inaccurate wage statements are tied to the claim that she was misclassified as exempt.

7.     The details of the recovery for each class member are set forth in the Class Action Settlement Agreement and Stipulation ("Settlement Agreement").  A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1**, and has been filed concurrently herewith.  I believe that, given the inherent risk of litigation, issue raised by defendant's motion for summary judgment, the numerous unresolved legal issues involving meal periods and rest breaks, the risk of class certification and costs of litigation, this proposed settlement is fair, reasonable, and adequate for each participating class member.

8.     The Settlement resulted only after both sides engaged in discovery[1] and then engaged in arms-length settlement negotiations that were conducted under the supervision of experienced mediator Mark Rudy.  The negotiations were protracted, with the settlement discussions continued after the mediation concluded.  Id.  In sum, the proposed Settlement is the non collusive product of hard-fought litigation.

9.     The settlement amount is a compromised figure.  I took into account the risk that Plaintiff's case could be dismissed on summary judgment, and that the class would not be certified.  Finally, I had to consider the delay and financial repercussions that could have resulted from an appeal, particularly given the numerous unresolved legal issues that currently exist in the law regarding meal/break claims.

10.     If LensCrafters were to prevail in its motion, there would be no Plaintiff for this lawsuit.  In addition, the same principles that would result in dismissal of Plaintiff could be extended to the sixty percent of the Settlement Class who were covered by the terms of the settlement in the Babasa action.  I have considered this an

---

[1] Plaintiff conducted extensive discovery of the class claims which included interviewing employees, propounding written discovery, reviewing documents, and taking a one-day PMK deposition.

3

**DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PRELIMINARY APPROVAL**

important factor in Plaintiff's decision to settle this case.

11.    The settlement provides for the payment of timely claims by defendant of up to $400,000.00 ("Maximum Settlement Amount") to pay (1) all Settlement Payments; (2) Payments to the Labor and Workforce Development Agency ("LWDA"); (3) Class Counsel's Fees and Expenses; (4) the Class Representative's Payments; (5) costs of administering the Settlement; and (6) all employer-paid payroll tax costs which must be remitted on Settlement Payments, including but not limited to Federal and California unemployment insurance tax, California Employment Training Tax, FICA and Medicare contributions. This settlement is on a claims-made basis. Settlement funds will be paid out to settlement class members who file valid and timely claims. There are approximately 271 current and former General Managers and Retail Managers in California employed by LensCrafters.

12.    Of the $400,000 Maximum Settlement Amount, up to twenty-five percent (25%) of the Maximum Settlement Amount has been allocated as attorney's fees[2] and costs and up to $1,000 has been allocated as an enhancement award to the Named Plaintiff. Subject to Court Approval, an amount of up to $38,000 will be set aside to cover the costs of a Claims Administrator. Subject to court approval, an amount of up to $7,500 will be paid to the California Labor and Workforce Development Agency ("LWDA") for Settlement of PAGA penalties, which will include up to $2,500 that will be allocated to the Settlement Class as PAGA penalties and distributed to class members on a claims-made basis. Defendants agreed to pay out a minimum of 35% of the class fund to timely claimants.

13.    The proposed plan of distribution is fair and reasonable because it takes into account the factors that would affect the amounts class members would recover if this litigation were successfully concluded through judgment, including the amount of time they worked. Because of the similarity in salary amount, Settlement Class

---

[2] Pursuant to Federal Rule of Civil Procedure 23(h), Plaintiff will make a separate motion for attorneys' fees and reimbursement of costs.

**DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PRELIMINARY APPROVAL**

members who submit timely claims will be paid based on the same workweek rate. Accordingly, this plan of distribution based on Settlement Class member claims is fair, objective and will reasonably approximate the relative damages suffered by Class members.

14. Fairness of the settlement is apparent from the risks of non-certification. Had the class not been certified, it is extremely unlikely that many of the members of the class would maintain an individual action against defendant. There is always a reluctance of current employees to vindicate their rights in actions against their current employer, or even a former employer from whom a reference may someday be sought. Were the Court to deny approval of the settlement, most Class Members would be left without a remedy as the economics of litigation of individual claims makes it unlikely that many class members would undertake such expensive and time consuming litigation.

## CLASS REPRESENTATIVE ENHANCEMENT

15. The claims of the class representative are typical of the class members. The proposed class representative is an adequate class representative because she has diligently, adequately and fairly represented the class and has not placed her interests above any member of the class. The parties are in agreement that the class representative is entitled to an enhancement for her effort and time expended in this matter. The Class Representative performed important services for the benefit of the class: she provided information regarding the structure of the company and her job duties during lengthy interviews; she produced relevant documents; she submitted to a one-day deposition by LensCrafters' counsel; and she worked with Plaintiff's counsel throughout the case. Thus, in addition to the sums paid to class members, defendant has agreed to pay the Class Representative a proposed litigation enhancement in the amount of up to $1,000. My office considers this amount to be a fair and reasonable enhancement. The enhancement takes into consideration the time, effort, and expenses incurred by the class representative in coming forward to litigate this matter on behalf

5

DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PRELIMINARY APPROVAL

1  of all class members.  Additionally, she was at risk for potentially paying defendant's

2  legal fees and costs, in the event the defendant prevailed at trial.

3  ## ATTORNEY COMPETENCE

4  16.    My firm is experienced in prosecuting and defending employment

5  litigation, and we have focused a substantial percentage of our practice since 2000 on

6  wage, hour and working condition violations.  My firm is well versed in class action

7  litigation and have diligently and aggressively pursued this action. My firm is currently

8  the class counsel for numerous pending class action lawsuits in Northern, Central, and

9  Southern California.

10  17.    The Named Plaintiff has stated that she is not related to class counsel or

11  any member of class counsel's firm, that she has no past or present business or

12  employment relationship with class counsel or class counsel's firm and that she has no

13  interest in any fees that class counsel or class counsel's firm may receive by virtue of

14  this settlement.

15  ## NOTICE AND CLAIM FORM

16  18.    Rule 23 requires that the absent Class Members receive the "best notice

17  practicable under the circumstances." Federal Rules of Civil Procedure 23(c)(2)(B).

18  The method and the content of the notice to class members should be designed to fairly

19  apprise them of the terms of the proposed settlement and the options available to them.

20  Philadelphia Housing Auth. v. Am. Radiator & Standard Sanitary Corp., 323 F. Supp.

21  364, 378 (E.D. Pa. 1970).   Along these lines, federal courts have made clear that

22  individual mailings to each class member's last known address is a sufficient form of

23  notice. White v. National Football League, 41 F.3d 402, 408 (8th Cir. 1994), abrogated

24  on other grounds.   Amchem Prods., Inc. v. Windsor 521 U.S. 591, 618-20 (1997).

25  19.    The Settlement Administrator will send the Class Notice and a Claim Form

26  to each Class Member. It shall be conclusively presumed that each and every Class

27  Member whose Class Notice and form is not returned to the Settlement Administrator

28  as undeliverable within fifteen (15) calendar days after mailing actually received the

6

Class Notice and appropriate form.  The Settlement Administrator shall re-mail any Class Notice and appropriate form returned by the Post Office with a forwarding address. It shall be conclusively presumed that those Class Members whose re-mailed Class Notice and form is not returned to the Settlement Administrator as undeliverable within fifteen (15) calendar days after re-mailing, actually received the Class Notice and appropriate form.  The Settlement Administrator will use the appropriate skip tracing and National Change of Address searches in an effort to ensure delivery of the Class Notice and appropriate form to each Class Member.  The Notice will provide the details of the Action and the Settlement and the specific options available to Class Members. A true and correct copy of the Notice of Class Action Settlement is attached hereto as **Exhibit 2**, and a true and correct copy of the Class Action Claim Form is attached hereto as **Exhibit 3.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3 rd day of September, 2009, in Encino, California.

ERIC B. KINGSLEY

DECLARATION OF ERIC B. KINGSLEY IN SUPPORT OF PRELIMINARY APPROVAL

1    NANCY E. PRITIKIN, Bar No. 102392
     RICHARD H. RAHM, Bar No. 130728
2    SOFIJA ANDERSON, Bar No. 221602
     LITTLER MENDELSON
3    A Professional Corporation
     650 California Street, 20th Floor
4    San Francisco, CA  94108-2693
     Telephone:     (415) 433-1940
5    Fax No.:       (415) 399-8490

6    Attorneys for Defendant
     LENSCRAFTERS, INC.

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11   FELICE MARTINEZ, on behalf of herself        Case No.  C08-01699 PJH
     and others similarly situated,
12                                                 **CLASS ACTION SETTLEMENT**
                    Plaintiff,                     **AGREEMENT AND STIPULATION**
13
            v.                                     Date:          ____, 2009
14                                                 Time:          9:00 a.m.
     LENSCRAFTERS, INC.; DOES 1 through            Judge:         Hon. Phyllis J. Hamilton
15   50, inclusive,                                Courtroom:     5

16                  Defendants.

17                                                 Trial Date:
                                                   Complaint Filed:   February 8, 2008
18                                                 FAC Filed:         May 7, 2008

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT ___

This *Class Action Settlement Agreement And Stipulation* ("Agreement") is entered into between Plaintiff Felice Martinez on behalf of herself and each and every other Class Member and Defendant LensCrafters, Inc., and all of its affiliates, parents, and related entities ("Defendant") (collectively "the Parties").

## DEFINITIONS

1.      "Action" means the civil action originally commenced on February 8, 2008 against Defendant in the United States District Court, Northern District of California, and entitled *Felice Martinez, on behalf of herself and others similarly situated v. LensCrafters, Inc.; Does 1 through 50, inclusive*, Case No. C08-01699 PJH.

2.      "Agreement" means this Class Action Settlement Agreement and Stipulation.

3.      "Settlement Class" means "All employees of Defendant LensCrafters, Inc. who were employed in California from March 1, 2006, until August 1, 2009 and who were or are classified as Retail Managers or General Managers at any time during the Class Period".

4.      "Class Counsel" means Kingsley & Kingsley.

5.      "Class Counsel's Fees and Expenses" means the amount awarded to Class Counsel by the District Court to compensate them for their fees and expenses in prosecuting the Action, not to exceed twenty-five percent (25%) of the Gross Settlement Amount.

6.      "Class Members" means all members of the Class.

7.      "Class Notice" means the Notice of Proposed Class Action Settlement and Final Hearing attached as **Exhibit A** hereto, or a substantially similar notice.

8.      "Class Period" means the period beginning on March 1, 2006 and ending on August 1, 2009.

9.      "Class Representative" means Felice Martinez.

10.      "Class Representatives' Payment" means the enhancement award payment made to Felice Martinez in her capacity as Class Representative.

11.      "Court" means the United States District Court for the Northern District of California.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1    12.    "Defendant" means Lenscrafters, Inc. (defined to include its partners, agents, parent

2 companies, subsidiaries, divisions, predecessors, successors, assigns, affiliates, joint venturers,

3 employees, attorneys and representatives).

4    13.    "Defendant's Counsel" means Littler Mendelson, PC.

5    14.    "Effective Date" of this Agreement means the first court day following the last of

6 each of the following occurrences:

7        i.    Entry by the court of an Order of Preliminary Approval (substantially in the

8 form attached as Exhibit C), appointment of class counsel, and appointment of the claims

9 administrator; and

10        ii.    Entry by the court of an Order Granting Final Approval of Class Action

11 Settlement; and

12        iii.    Entry by the court of a final judgment; and

13        iv.    The occurrence of the "effective date of judgment," which shall be deemed to

14 be the last to occur of the following:

15        1.    Ten (10) court days after the date and time to appeal or to seek

16 permission to appeal or to seek other judicial review of the entry of the final judgment approving the

17 settlement has expired with no appeal or other judicial review having been filed, taken or sought; or

18        2.    If an appeal or other judicial review has been filed, taken or sought,

19 ten (10) court days after the date on which the final judgment is finally affirmed by an appellate court

20 (without any alteration in the settlement payment or any material alteration of any other terms of this

21 Joint Stipulation including, but not limited to, the nature and scope of the release) with no possibility

22 of subsequent appeal or other judicial review therefrom, or ten (10) court days after the date the

23 appeal(s) or other judicial review therefrom are finally dismissed with no possibility of a subsequent

24 appeal or other judicial review.

25    15.    "Eligible Workweek" means a workweek during the Class Period where a Class

26 Member worked a five-day or more workweek as an exempt salaried manager at one or more

27 Lenscrafters retail stores in California.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

CLASS ACTION SETTLEMENT AGREEMENT

16.     "Final Approval Hearing Date" means the date set by the Court for the hearing on final approval of the class action settlement embodied in this Agreement.

17.     "Final Order" means the proposed order granting final approval of the Parties' settlement, a copy of which is attached as **Exhibit E** hereto, or a substantially similar order.

18.     "Named Plaintiff" means Felice Martinez.

19.     "Opt-Out Class Member" means a Class Member who submits a valid and timely election not to participate in the Settlement pursuant to Paragraph 47 of this Agreement.

20.     "Notice Plan" means the plan for the provision of notice to all Class Members under this Settlement Agreement attached as **Exhibit F** hereto.

21.     "Parties" shall mean the Named Plaintiff, individually and on behalf of all Class Members, and the Defendant.

22.     "Plaintiff Class" means a class of all Plaintiff Class Members.

23.     "Plaintiff Class Member" means each Class Member who has not timely opted out of this settlement pursuant to Paragraph 47 of this Agreement.

24.     "Preliminary Approval Order" means an order from the Court preliminarily approving this Agreement and settlement.  A copy of a proposed Order Granting Preliminarily Approval of Class Action Settlement is attached hereto as **Exhibit D**.

25.     "Released Parties" shall mean Lenscrafters, Inc., and its past or present subsidiaries, parent companies, affiliates, divisions, corporations in common control, successors or assigns and all past or present officers, directors, shareholders, partners, agents, insurers, employees, attorneys, advisors, accountants, representatives, trustees, heirs, executors, administrators, predecessors, successors or assigns of any of the foregoing entities referred to in this Paragraph.

26.     "Settled Claims"  Settled Claims means all claims released in Paragraphs 39 and 40 of this Agreement.

27.     "Settlement Hearing"  Settlement Hearing means the hearing on the Final Hearing Date at which the Court shall determine whether to fully and finally approve the fairness and reasonableness of this Agreement, and enter an order permanently enjoining all Class Members who

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.

CLASS ACTION SETTLEMENT AGREEMENT

1   have not timely opted out from this settlement from pursuing, or seeking to reopen, any of the Settled

2   Claims.

3       28.     "Settlement" means the settlement of the Action and related claims effectuated by

4   this Agreement

5       29.     Settlement Administrator" shall mean Rosenthal & Co., a neutral third-party

6   administrator, or such other neutral administrator as chosen by the parties and approved by the Court.

7       30.     "Gross Settlement Amount" or "GSA" means $400,000.00, the maximum amount to

8   be paid by Defendant pursuant to this Settlement and available to pay (1) all Settlement Payments;

9   (2) Payments to the Labor and Workforce Development Agency ("LWDA"); (3) Class Counsel's

10  Fees and Expenses; (4) the Class Representative's Payments; (5) costs of administering the

11  Settlement; and (6) all employer-paid payroll tax costs which must be remitted on Settlement

12  Payments, including but not limited to Federal and California unemployment insurance tax,

13  California Employment Training Tax, FICA and Medicare contributions.

14      31.     "Settlement Payment" means the payment made to each Plaintiff Class Member

15  pursuant to this Agreement.  The Settlement Payment is subject to withholding of federal and

16  California income taxes, Federal and California unemployment insurance tax, California Employment

17  Training Tax, FICA and Medicare Contributions, but not to the extent it is deemed to be settlement of

18  claims for interest or penalties.

19      32.     "Claim Form" means the form attached as **Exhibit B** hereto, or a substantially

20  similar notice.

21              **BACKGROUND TO SETTLEMENT**

22      33.     Named Plaintiff filed the present class action on February 14, 2008 in Alameda

23  Superior Court against LensCrafters.  The case was removed to the federal Northern District of

24  California, and was assigned to Judge Phyllis Hamilton's court.  The First Amended Complaint was

25  filed on May 7, 2008.  In the First Amended Complaint, Named Plaintiff alleges that because

26  Defendant purportedly misclassified its managers, (1) it failed to pay them overtime in alleged

27  violation of Labor Code sections 510 and 1198, (2) failed to provide meal breaks in alleged violation

28  of Labor Code sections 226.7 and 512, (3) failed to properly itemize its wage statements in alleged

5.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1   violation of Labor Code section 226, (4) failed to pay all wages due and owing at the time of

2   termination in alleged violation of Labor Code section 203, (4) is subject to penalties under the

3   California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code sections

4   2698 *et seq.*, and (5) violated the Unfair Competition Law ("UCL") set forth at California Business

5   and Professions Code section 17200 *et seq.*

6          34.    Defendant denies that it engaged in any misconduct in connection with its wage-and-

7   hour practices, and further denies that it has any liability or engaged in wrongdoing of any kind

8   associated with the claims alleged in the Action by the Named Plaintiff or any Class Member.

9   Defendant contends, among other things, that its California store managers were properly classified

10  as exempt employees throughout the Class Period. Defendant further contends that it at all times

11  complied with all state wage-and-hour laws in connection with the employment of Named Plaintiff

12  and the Class.

13         35.    Class Counsel has engaged in a long and detailed prosecution of this Action. Class

14  Counsel is of the opinion that the settlement documented by this Settlement Agreement is fair,

15  reasonable, and adequate, and in the best interest of the Class in light of all known facts and

16  circumstances, including the significant diminution of the potential liability in light of the fact that

17  numerous potential Class Members, including the Named Plaintiff, signed release agreements as part

18  of a settlement of a different class action which arguably precluded their recovery in this action, the

19  risk posed by current economic conditions, the defenses asserted to the merits and the class action

20  status of this action, and the numerous potential appellate issues. While Defendant specifically denies

21  any liability in the Action, Defendant has agreed to enter into this settlement to avoid the uncertainty,

22  cost and business disruption associated with defending the Action.

23         36.    Based on their own independent investigation and evaluation, Class Counsel is of the

24  opinion that the Settlement for the consideration and on the terms set forth in this Agreement is fair,

25  reasonable and adequate, and is in the best interest of the Settlement Class Members in light of all

26  known facts and circumstances, including the risk of significant delay, the risk the Settlement Class

27  will not be certified by the court or that it will later be decertified, the defenses asserted by Defendant,

28  and potential appellate issues.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

6.

CLASS ACTION SETTLEMENT AGREEMENT

**TERMS AND CONDITIONS**

NOW THEREFORE, in consideration of the recitals listed above and the promises and warranties set forth below, and intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth below, the Named Plaintiff, individually and on behalf of the Class Members, and Defendant agree that the Action shall be, and is finally and fully compromised and settled on the following terms and conditions:

37.   <u>Non-Admission Of Liability</u>.   The Parties enter into this Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation.  In entering into this Agreement, Defendant does not admit, and specifically denies, that it has violated any state or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract, violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to the Named Plaintiff or any member of the Class.  Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendant of any such violations or failures to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant or to establish the existence of any condition constituting a violation of, or a non-compliance with state, local or other applicable law.

38.   <u>Conditions of Agreement.</u>

a.   The Parties intend their settlement to be contingent upon the preliminary and final approval of each and every term of this Agreement, without material modification.  If the Court does not so approve this Agreement, the Parties intend this Agreement to become null and void, and unenforceable, in which event the settlement terms set forth herein, including any modifications made with the consent of the Parties, and any action taken or to be taken in connection with this Agreement shall be terminated and shall become null and void and have no further force or effect.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

7.

CLASS ACTION SETTLEMENT AGREEMENT

1      b.      In the event that the Court does not grant preliminary or final approval of the

2  Parties' settlement, or in the event that this Agreement shall terminate or the settlement embodied

3  herein does not become effective for any reason, the Agreement and all negotiations, court orders and

4  proceedings relating thereto shall be without prejudice to the rights of the Named Plaintiff, Class

5  Members and Defendant, each of whom shall be restored to their respective positions existing prior to

6  the execution of this Agreement, and evidence relating to the Agreement and all negotiations shall not

7  be discoverable or admissible in the Action or any other litigation.

8      c.      If the Court grants the preliminary approval but does not grant final approval

9  of the Parties' settlement, then the preliminary approval order shall be vacated in its entirety.   In

10  addition, neither this Agreement, the preliminary approval order, nor any other document in any way

11  relating to any of the foregoing, shall be relied upon, referred to or used in any way for any purpose in

12  connection with any further proceedings in this or any other action.

13      39.   <u>Release Of All Settled Claims.</u>

14      a.      As of the date of entry of a final order and judgment pursuant to this

15  Settlement, the Named Plaintiff and all Plaintiff Class Members (*i.e.*, Class Members who do not

16  properly opt-out) hereby do and shall be deemed to have fully, finally, and forever released, settled,

17  compromised, relinquished and discharged any and all of the Released Parties of and from any and

18  all claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities,

19  demands, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or

20  whatever kind or nature, whether known or unknown, suspected or unsuspected, arising from (1) the

21  Lawsuit and any Claims arising out of or are reasonably related to the facts alleged in the Lawsuit,

22  including without limitation all claims under the California Labor Code, Industrial Welfare

23  Commission Wage Orders and the California Business and Professions Code, claims for restitution

24  and other equitable relief, liquidated damages, punitive damages, waiting time penalties, penalties of

25  any nature whatsoever, other compensation or benefits and (2) any wage and hour violations,

26  whether premised on statute, contract, tort or other theory of liability under state, federal or local

27  law, arising out of or reasonably related to the facts, incidents, transactions, events, occurrences,

28  disclosures, statements, acts, or omissions in law or in equity, asserted or that could have been

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1  reasonably asserted from the facts alleged in the Lawsuit by any Class Member against the

2  Releasees up to August 1, 2009. The release by Class Members will also include a waiver of any

3  rights a Class Member otherwise may have under California Civil Code Section 1542 regarding

4  unknown and unsuspected claims relating to the Covered Claims. The release by Class Members

5  will not include any individual claim by a Class Member for discrimination, harassment, fraud,

6  negligence, breach of contract, intentional torts, theft or conversion except insofar as such claim is

7  based solely on the failure to comply with the overtime, meal and rest period laws as set forth in this

8  Lawsuit.

9          b.    This release by the Named Plaintiff and each Plaintiff Class Member is

10  intended to settle any and all of the Settled Claims, whether known or unknown, that any of them

11  may have against the Released Parties as of the date the Court grants preliminary approval of the

12  settlement. Therefore, as to the Settled Claims, the Named Plaintiff and each Plaintiff Class

13  Member waive any and all rights conferred upon them under section 1542 of the California Civil

14  Code, which provides as follows:

> "A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of executing
> the release, which if known by him or her must have materially
> affected his or her settlement with the debtor."

17  In giving this release, the Named Plaintiff and the Plaintiff Class Members acknowledge that they are

18  aware that facts may be discovered in addition to or different from those which they now know or

19  believe to be true with respect to the subject matter of the release, but that it is their respective

20  intention to, and they do hereby fully, finally, and forever settle and release any and all Released

21  Parties from any and all Settled Claims without regard to the subsequent discovery or existence of

22  such additional or different facts.

23          c.    As of the Final Hearing Date, the Named Plaintiff and the Plaintiff Class

24  Members, and all successors in interest, shall be permanently enjoined and forever barred from

25  prosecuting any and all Settled Claims released pursuant to this Paragraph 39 against the Released

26  Parties. Thus, subject to and in accordance with this Agreement, even if the Named Plaintiff and/or

27  any Plaintiff Class Member may hereafter discover facts in addition to or different from those they

28

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1  now know or believe to be true with respect to the subject matter of the Settled Claims, they shall be

2  deemed to have, and by operation of the final order and judgment shall have, fully, finally, and

3  forever settled and released any and all Settled Claims, whether known or unknown, suspected or

4  unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or

5  heretofore have existed upon any theory of law or equity now existing or coming into existence in the

6  future, including, but not limited to, conduct which is negligent, intentional, with or without malice,

7  or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such

8  different or additional facts.

9          d.      The Parties agree for settlement purposes only that, because the Class

10  Members are so numerous, it is impossible or impracticable to have each Class Member execute this

11  Agreement.  Accordingly, the Class Notice will advise all Class Members of the binding nature of the

12  release and such notice shall have the same force and effect as if the Agreement were executed by

13  each Class Member.

14          e.      The Named Plaintiff and Class Counsel represent, covenant, and warrant that

15  they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer,

16  or encumber to any person or entity any portion of any liability, claim, demand, action, cause of

17  action, or rights herein released and discharged, except as set forth herein.

18      40.   Full Release By Named Plaintiff.  As of the Final Hearing Date, the Named Plaintiff

19  fully releases and discharges Defendant and the other Released Parties from any all claims that the

20  Named Plaintiff now has or claims to have, or which the Named Plaintiff at any time heretofore had

21  or claimed to have, or which Named Plaintiff at any time hereafter may have or claim to have, arising

22  out of or related to any act, omission, event, fact or other thing related to, or arising from their

23  employment and/or severance of employment with Defendant, which existed or occurred on or prior

24  to the Final Hearing Date.

25          a.      Without limiting the generality of the foregoing, and in addition to the

26  foregoing, the Named Plaintiff specifically and expressly releases all claims, to the maximum extent

27  permitted by law, arising from (1) the Lawsuit and any Claims arising out of or are reasonably related

28  to the facts alleged in the Lawsuit, including without limitation all claims under the California Labor

10.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1   Code, Industrial Welfare Commission Wage Orders and the California Business and Professions

2   Code, claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting

3   time penalties, penalties of any nature whatsoever, other compensation or benefits and (2) any wage

4   and hour violations, whether premised on statute, contract, tort or other theory of liability under state,

5   federal or local law, arising out of or reasonably related to the facts, incidents, transactions, events,

6   occurrences, disclosures, statements, acts, or omissions in law or in equity, asserted or that could have

7   been reasonably asserted from the facts alleged in the Lawsuit by the Named Plaintiff against the

8   Releasees up to the date of preliminary approval of this Stipulation.

9          b.      This release by the Named Plaintiff includes a waiver of her individual rights

10  under Civil Code section 1542, the text of which is set forth in Paragraph 39(b) above, and again

11  below:

12              "A general release does not extend to claims which the creditor does
                not know or suspect to exist in his or her favor at the time of executing
13              the release, which if known by him or her must have materially
                affected his or her settlement with the debtor."
14

15         41.     Release of Claims By Class Counsel: As part of the full settlement of this Action,

16  Class Counsel shall fully and finally release the Released Parties from any and all claims for

17  attorneys' fees and expenses arising from the Action or any claims released by the Named Plaintiff

18  and Plaintiff Class Members, whether known and unknown, whether under federal, state and/or local

19  law, statute, ordinance, regulation, common law, or other source of law.  The Class Counsel's

20  Released Claims include, but are not limited to, claims for attorneys' fees and expenses arising from

21  or dependent on the California Civil Code, the California Labor Code; the wage orders of the

22  California Industrial Welfare Commission; California Business and Professions Code sections 17200,

23  et seq.; and the California common law of contract and tort.

24         42.     Settlement Payments And Calculation Of Claims.  Subject to final Court approval

25  and the conditions specified in this Agreement, and in consideration of the mutual covenants and

26  promises set forth herein, Defendant agrees to make a settlement payment under this Agreement in

27  the maximum amount of $400,000.00 ("General Settlement Amount" or "GSA"). The GSA includes,

28  but is not limited to, payments to be made for (1) Class Counsel's Fees and Expenses; (2) Payment to

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

11.

CLASS ACTION SETTLEMENT AGREEMENT

1  the LWDA; (3) the Class Representative's Payments; (4) costs of administering the Settlement; and

2  (5) Settlement Payments to the Class.  The Parties agree, subject to Court approval, that the GSA

3  shall be apportioned as follows:

4           a.      At the final approval hearing, Class Counsel will apply to the Court for an

5  award of attorneys' fees and costs in an amount not to exceed $100,000.00, which equals 25% percent

6  of the GSA.  Defendant will not oppose such application.  These fees and costs are included in, and

7  shall come from, the GSA.  Class Counsel will be issued an IRS Form 1099 for any fees and costs

8  awarded by the Court pursuant to this Paragraph.  To the extent attorneys' fees and costs are not

9  approved in the full amount requested, then the amount not approved will remain a part of the Net

10  Settlement Amount for distribution to Class Members.  Except as provided in this Paragraph, each

11  party shall bear his, her or its own attorneys' fees, costs, and expenses incurred in the prosecution,

12  defense, or settlement of the Action.

13           b.      At the final approval hearing, Class Counsel will apply to the Court for an

14  enhancement award (i.e., Class Representative Payment) of $1,000.00 to be paid to the Named

15  Plaintiff for her services, for assuming the risks associated with this litigation, and as consideration

16  for providing a general release.  Defendant will not oppose such application.  The enhancement award

17  is included in, and shall come from, the GSA.  The enhancement awards approved by the Court

18  pursuant to this Paragraph and made to the Named Plaintiff shall not be treated as taxable wages, but

19  rather as 1099 Miscellaneous income.  If the enhancement award is less than the amount set forth

20  above, the amount not approved will remain a part of the GSA for distribution to Class Members.

21  The enhancement awards payable to the Named Plaintiff shall be in addition to any payment she may

22  receive pursuant to Paragraph 42(e), below.

23           c.      Subject to Court approval, an amount of $38,000.00 will be set aside from the

24  GSA to cover any the Settlement Administrator's costs of administering the settlement.  If any portion

25  of this amount remains after sixty (60) days following the Effective Date, such remaining amount

26  shall be donated to a charity selected by the parties, subject to approval by the Court.

27           d.      An amount of $7,500.00 to be paid to the California Labor and Workforce

28  Development Agency ("LWDA")

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1         e.     Those funds remaining in the GSA, after deducting the amounts specified in

2    Paragraphs 42(a) – 42(d), above, after payment of Class Counsel's fees and costs, will be considered

3    the Net Settlement Amount ("NSA"). Defendant agrees to distribute, through the Claims

4    Administrator, on a Claims Made basis, a minimum of sixty-five percent (65%) of the NSA to

5    members of the Settlement Class who make valid and timely claims ("Qualified Claimants"), using

6    the Claim Forms described in Paragraph 46, signing under penalty of perjury as set forth below:

7         (i.)    For Retail Managers: A per workweek rate of pay will be determined

8    by dividing an amount equal to 60% of the remainder of the NSA by the total number of workweeks

9    worked during the Class Period by all individuals who held the position of Retail Manager. A

10   Qualified Retail Manager's Settlement Payment shall be calculated as the workweek rate multiplied

11   by the number of workweeks worked in the position of Retail Manager during the Class Period.

12        (ii.)    For General Managers: A per workweek rate of pay will be

13   determined by dividing an amount equal to 40% of the remainder of the NSA by the total number of

14   workweeks worked during the Class Period by all individuals who held the position of General

15   Manager. A Qualified General Manager's Settlement Payment shall be calculated by the number of

16   workweeks worked in the position of General Manager during the Class Period.

17        f.     The remainder of the NSA after the payments in paragraphs 42(a) – 42(d), if

18   any, shall revert to Defendant. Defendant will not be required to fund amounts that are not claimed.

19   The Parties agree that settlement checks shall be subject to a ninety (90) day void period, after which

20   the checks shall no longer be negotiable. The dollar amount represented by any uncashed checks

21   shall revert to Defendant.

22        g.     Defendant shall not be liable to the Settlement Class Members or Class

23   Counsel for any attorneys' fees or costs except as provided in this Settlement. Only Class Counsel

24   shall recover attorneys' fees.

25       43.    No Credit Toward Benefit Plans. The Settlement Payments made to Plaintiff Class

26   Member under this Agreement shall not be utilized to calculate any additional benefits under any

27   benefit plans to which any Plaintiff Class Member may be eligible including, but not limited to:

28   profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans,

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

13.

1   PTO plans, and any other benefit plan.  Rather, it is the Parties' intention that this Agreement will not
2   affect any rights, contributions, or amounts to which any Plaintiff Class Member may be entitled
3   under any benefit plans.

4        44.     Relative Strength of Claims.  The parties agree that a larger portion of the NSA is
5   properly allocated to the Retail Managers.  The parties agree that the strength of the claims of the
6   Retail Managers is greater than those of the General Managers because, among other reasons, the
7   General Managers typically supervise more employees than the Retail Managers

8        45.     Taxation Of Settlement Proceeds.  All Settlement Payments paid to Plaintiff Class
9   Members, shall be paid in a net amount after applicable state and federal tax withholdings, including
10  payroll taxes, have been deducted.

11            a.      All payments to Settlement Class Members shall be allocated as follows:  fifty
12  percent (50%) of such payments shall be allocated to the payment of taxable wages and wage-related
13  payments and fifty percent (50%) of such payments shall be allocated to the payment of non-taxable
14  remedies, including interest, penalties, and other non-taxable aspects of the settlement.

15            b.      All Parties represent that they have not received, and shall not rely on, advice
16  or representations from other parties or their agents regarding the tax treatment of payments under
17  federal, state, or local law.

18       46.     Notice Procedure.  Within thirty (30) days after entry of the Preliminary Approval
19  Order, Defendant shall provide, in an encrypted format, to the Settlement Administrator a list of Class
20  Members that identifies for each Class Member his/her Social Security number, last-known address,
21  the dates of his/her employment during the Class Period, and the number of Eligible Workweeks for
22  each Class Member during the Class Period.  Defendant agrees to provide the information in a format
23  reasonably acceptable to the Settlement Administrator.

24            a.      Within twenty (20) days after receipt of the above information from
25  Defendant, the Settlement Administrator shall send the Class Notice and a Claim Form to each Class
26  Member.  It shall be conclusively presumed that each and every Class Member whose Class Notice
27  and form is not returned to the Settlement Administrator as undeliverable within fifteen (15) calendar
28  days after mailing actually received the Class Notice and appropriate form.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1          b.       The Settlement Administrator shall re-mail any Class Notice and appropriate

2  form returned by the Post Office with a forwarding address. It shall be conclusively presumed that

3  those Class Members whose re-mailed Class Notice and form is not returned to the Settlement

4  Administrator as undeliverable within fifteen (15) calendar days after re-mailing, actually received the

5  Class Notice and appropriate form.

6          c.       The Settlement Administrator will use the appropriate skip tracing and

7  National Change of Address searches in an effort to ensure delivery of the Class Notice and

8  appropriate form to each Class Member.

9          d.       Class Counsel shall provide to the Court, at or before the Settlement Hearing,

10  a declaration from the Settlement Administrator confirming that the Class Notice and related forms

11  were mailed to all Class Members as required by this Agreement, as well as any additional

12  information Class Counsel deems appropriate to provide to the Court.

13          e.       The Claim Form will include a procedure by which each Class Member must

14  claim the number of Eligible Workweeks in which overtime was worked by timely postmarked

15  written Claim to the Settlement Administrator, within the period provided for on the Claim Form,

16  which shall be forty-five (45) days from the date that the Class Notice and Claim Forms are mailed to

17  Class Members. Any challenges to the number of Eligible Workweeks identified on the Claim Form

18  will be resolved without hearing by the Settlement Administrator and there shall be no right of appeal.

19  The personnel records, including payroll records, of Defendant shall be considered by the Settlement

20  Administrator as the best evidence of the number of full workweeks worked.

21          f.       Within seven (7) days after the close of the period for submitting a Claim for

22  Payment under this Settlement, the Settlement Administrator will provide Class Counsel and

23  Defendant's counsel with a report listing the amount of all Settlement Payments to be made to

24  Plaintiff Class Members, which shall include an itemized accounting of each payment and the

25  amounts to be withheld. After receiving the Settlement Administrator's report, Class Counsel and

26  Defendant's counsel shall jointly review the same to determine if the calculation of payments to

27  Plaintiff Class Members is consistent with this Settlement Agreement.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

15.

CLASS ACTION SETTLEMENT AGREEMENT

1        g.     Within ninety (90) days after payment of all Settlement Payments, the Claims

2   Administrator will send to Defendant copies of all paystubs and Forms W-2 and/or 1099 sent to the

3   Class Members.

4        47.    Opt-Out Procedure.  Unless a Class Member opts out of the settlement described in

5   this Agreement, he/she shall be bound by the terms and conditions of this Agreement, and shall also

6   be bound by the Court's Order enjoining all Class Members from pursuing, or seeking to reopen, any

7   of the Settled Claims against the Released Parties, regardless of whether he or she timely submits a

8   timely Claim Form.  A Class Member will not be entitled to opt out of the settlement established by

9   this Agreement unless he or she does all of the following:  (i) makes a proper written request to opt

10  out of the settlement; (ii) signs the opt-out request; and (iii) returns the opt-out request so that it is

11  postmarked on or before the expiration of the Opt-Out Period (which shall be the same as the forty-

12  five (45) day Claim Form submission period).

13       a.     Upon receipt of any opt-out request within the Opt-Out Period, the Settlement

14  Administrator shall review the request to verify the information contained therein, and to confirm that

15  the request complies with the requirements of this Agreement.  The Settlement Administrator shall

16  also review its records to determine whether the Class Member submitted a Claim Form.  If a Class

17  Member submits both a Claim Form and opt-out request, the Claim Form will be considered valid,

18  and the opt-out request rejected.

19       b.     Any Class Member who fails to submit a timely, complete and valid request to

20  opt out of the settlement shall be barred from opting out of this Agreement or the settlement.  The

21  Settlement Administrator shall not review or consider any opt-out request postmarked after the end of

22  the Opt-Out Period.  It shall be conclusively presumed that if an opt-out request is not postmarked on

23  or before the end of the Opt-Out Period, the Class Member did not make the request in a timely

24  manner.  Under no circumstances shall the Settlement Administrator have the authority to extend the

25  deadline for Class Members to file a request to opt out of the settlement.

26       48.    Objections To Settlement.  Any Plaintiff Class Member may object to the settlement.

27  Any such objection must be filed with the clerk of the court and served on all counsel by the close of

28  the Opt-Out Period.  Otherwise, such objection shall be deemed waived.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

16.

CLASS ACTION SETTLEMENT AGREEMENT

1    49.   <u>Funding And Distribution Of Settlement</u>.

2          a.   Within twenty (20) days after the Effective Date, Defendants shall cause to be

3    submitted to the Claims Administrator sufficient funds to pay (1) the amount to be paid to Settlement

4    Class Members under Paragraph 42, as calculated by the Claims Administrator; (2) the undisputed

5    amount of court-approved amount of attorneys' fees and costs payable to Class Counsel; (3) the

6    court-approved enhancement payment payable to the Named Plaintiff; (4) the court-approved

7    payment to the California Labor and Workforce Development Agency in settlement of claims for

8    civil penalties under PAGA; and (5) the court-approved costs payable to the Claims Administrator.

9          b.   The Claims Administrator shall make its best efforts to mail settlement payments to

10   Settlement Class Members who returned timely and duly completed Claim Forms, including those

11   who submitted timely challenges with their Claim Forms that were resolved by the Claims

12   Administrator, within (30) days following the Effective Date.  The Claims Administrator shall mail

13   the court-approved enhancement to Named Plaintiff within thirty (30) days following the Effective

14   Date.

15         c.   Each check to a Settlement Class Member shall contain the following language in the

16   space above where the Settlement Class Member must sign to endorse the check: "By negotiating this

17   check, the Settlement Class Member hereby knowingly and voluntarily accepts all of the terms of the

18   Settlement in the matter of Martinez v. LensCrafters, Inc.; Does 1 through 50, inclusive, U.S. District

19   Court, N.D. Cal., Case No. C08-01699 PJH.

20   50.   <u>Communications Regarding The Settlement</u>.  The Parties and their counsel agree that

21   they will not issue any press releases or have any communication with the press or anyone else

22   regarding the Settlement except to their spouses, accountants, auditors, and counsel and as otherwise

23   required by law..  After approval, the Parties and their counsel agree that neither the Parties nor their

24   counsel will issue any press releases regarding this Settlement. This provision is a material term of

25   this Agreement.

26   51.   <u>Binding Effect Of Agreement On Class Members</u>.  Subject to final Court approval,

27   all Plaintiff Class Members shall be bound by this Agreement, and the Action and the Settled Claims

28   shall be dismissed with prejudice and released as against Defendant and the Released Parties.  In

17.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1   addition, unless a Class Member opts out of the settlement described in this Agreement, he/she shall

2   be bound by the Court's Order enjoining all Class Members from pursuing, or seeking to reopen,

3   Settled Claims against Defendant and the Released Parties.

4      52.   Provisional Approval Of Settlement. Upon execution of this Agreement, the Named

5   Plaintiff shall promptly file a motion in the Action requesting that the Court enter the Preliminary

6   Approval Order, attached as **Exhibit D**:

7            a.   Preliminarily approving for settlement purposes only the proposed settlement

8   and this Agreement;

9            b.   Appointing and approving Rosenthal & Co. or such other administrator as

10  chosen by Defendant and approved by the Court, to administer the claims and settlement payment

11  procedures required by this Agreement;

12           c.   Approving the form of the Class Notice (including forms), and requiring that

13  each be sent to Class Members;

14           d.   Approving the Notice Plan;

15           e.   Scheduling the Settlement Hearing for consideration of final approval of this

16  Agreement.

17           f.   Establishing a procedure for Class Members to opt out of the settlement and

18  setting a date after which no Class Members shall be allowed to submit requests to opt out; and

19           g.   Establishing a procedure for Plaintiff Class Members to object to the

20  settlement.

21      Defendant shall not oppose Class Counsel's motion for preliminary approval of the settlement

22  so long as the motion and supporting papers are consistent with the terms of this Agreement and

23  provide an unbiased description of the litigation and settlement.   Class Counsel shall provide

24  Defendant with a reasonable opportunity to review, and provide comments to, the motion for

25  preliminary approval of the settlement before the motion and supporting papers are filed with the

26  Court. Notwithstanding the foregoing, Defendant may, without opposing the preliminary approval

27  motion, advise the Court if Defendant disagrees with any of the factual statements included by the

28  Named Plaintiff in the motion and supporting papers.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

53.   <u>Non-Interference With Claims Procedure</u>.  The Parties and their counsel agree that they shall not seek to solicit or otherwise encourage and/or discourage Class Members to submit opt-out requests or objections to the settlement or to appeal from the final order or judgment.

54.   <u>Final Order</u>.  Named Plaintiff will request, and Defendant will concur in said request, that the Court enter, after the Settlement Hearing finally approving this Agreement, a Final Order in the form attached as **Exhibit E**.  Named Plaintiff will request that the Final Order find that this Agreement is fair, just, equitable, reasonable, adequate and in the best interests of the Class; permanently enjoin all Plaintiff Class Members from pursuing, or seeking to reopen, Settled Claims against the Released Parties; and require the Parties to carry out the provisions of this Agreement.

55.   <u>Automatic Voiding Of Agreement If Settlement Not Finalized</u>.  If for any reason the settlement set forth in this Agreement does not become final, the settlement shall be null and void and the orders and judgment to be entered pursuant to this Agreement shall be vacated, and the Parties will be returned to the status quo prior to entering this Agreement with respect to the Action, as if the Parties had never entered into this Agreement.  In addition, in such event, the Agreement and all negotiations, court orders and proceedings directly relating thereto shall be without prejudice to the rights of any and all parties hereto, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise.

56.   <u>Invalidation Of Agreement For Failure To Satisfy Conditions</u>.  The terms and provisions of Paragraphs 1 through 71 of this Agreement are not recitals, but are deemed to constitute contractual terms.  In the event that any of the material terms or conditions set forth in Paragraphs 1 through 71 of this Agreement is not fully and completely satisfied, this Agreement shall terminate and all terms of the Agreement including, but not limited to, the payment of Settlement Payments to Plaintiff Class Members, the payment of attorneys' fees and costs to Class Counsel, and the payment of enhancement awards to the Named Plaintiff, shall be void.  In such event, nothing in this Agreement shall be used, construed or admissible as evidence by or against any Party as a determination, admission, or concession of any issue of law or fact in this litigation, or in any other proceeding for any purpose; and the Parties do not waive, and instead expressly reserve, their respective rights to prosecute and defend this litigation as if this Agreement never existed.  In

19.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1   addition, notwithstanding the generality of the foregoing, if this Agreement is terminated for failure to

2   satisfy any of the terms or conditions of Paragraphs 1 through 71 of this Agreement, Defendant shall

3   not be obligated to create or maintain any type of settlement fund, and shall not be obligated to make

4   any Settlement Payment to any Class Member, to Class Counsel, or to the Named Plaintiff.

5       57.   <u>Right To Void Settlement For Excessive Opt-Outs</u>.  If more than five percent (5%) of

6   the Class Members timely submit requests for exclusion, Defendant has the exclusive right to void

7   this Settlement.  Defendant shall make its election ten (10) court days prior to the final fairness and

8   approval hearing.  If the Settlement is not approved or is voided, neither the Class Representative nor

9   Class Counsel shall be liable for any costs of administration.  This five (5%) percent opt out threshold

10  shall be triggered if (a) the total number of Class Members who submit requests for exclusion equals

11  or exceeds five (5%) percent of the Settlement Class, or (b) if the dollar value of claims of all

12  Settlement Class Members who submit requests for exclusion equals or exceeds five (5%) percent of

13  the GSA.

14      58.   <u>Notices</u>.   All notices, requests, demands and other communications required or

15  permitted to be given pursuant to this Settlement Agreement shall be in writing, and shall be

16  delivered personally or by first class mail to the undersigned persons at their respective addresses as

17  set forth below:

18                          <u>CLASS COUNSEL:</u>

19                          KINGSLEY & KINGSLEY
20                          City National Bank Building
                            16133 Ventura Boulevard, Suite 1200
21                          Encino, California 91436
                            Telephone: 818-990-8300
22                          Fax: 818-990-2903

23                          <u>COUNSEL FOR DEFENDANTS:</u>

24
                            Nancy E. Pritikin, Esq.
25                          LITTLER MENDELSON, P.C.
                            A Professional Corporation
26                          650 California Street, 20th Floor
                            San Francisco, CA 94108
27                          Telephone:   415-433-1940
                            Facsimile:   415-399-8490
28
                                           20.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1

2        <u>SETTLEMENT ADMINISTRATOR</u>

3        Rosenthal & Co., LLC
         75 Rowland Way
4        Novato, CA  94945

5        59.   <u>Modification In Writing</u>.   This Agreement may be altered, amended, modified or

6  waived, in whole or in part, only in a writing signed by all signatories to this Agreement.   This

7  Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

8        60.   <u>Ongoing Cooperation</u>.   The Named Plaintiff and Defendant shall execute all

9  documents and perform all acts necessary and proper to effectuate the terms of this Agreement.   The

10  executing of documents must take place prior to the Final Hearing Date.

11        61.   <u>Binding on Successors</u>.   This Agreement shall be binding and shall inure to the

12  benefit of the Parties and their respective successors, assigns, executors, administrators, heirs and

13  legal representatives.

14        62.   <u>Entire Agreement</u>.   This Agreement constitutes the full, complete and entire

15  understanding, agreement and arrangement between the Named Plaintiff and the Class Members on

16  the one hand and Defendant on the other hand with respect to the settlement of the Action and the

17  Settled Claims against the Released Parties.   This Agreement supersedes any and all prior oral or

18  written understandings, agreements and arrangements between the Parties with respect to the

19  settlement of the Action and the Settled Claims against the Released Parties.   Except those set forth

20  expressly in this Agreement, there are no other agreements, covenants, promises, representations or

21  arrangements between the Parties with respect to the settlement of the Action and the Settled Claims

22  against the Released Parties.   The Parties explicitly recognize California Civil Code section 1625 and

23  California Code of Civil Procedure section 1856(a), which provide that a written agreement is to be

24  construed according to its terms, and may not be varied or contradicted by extrinsic evidence, and

25  agree that no such extrinsic oral or written representations or terms shall modify, vary, or contradict

26  the terms of this Agreement.

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

                                                21.

CLASS ACTION SETTLEMENT AGREEMENT

1   63.   <u>Multiple Originals/Execution In Counterpart</u>.  This Agreement may be signed in one

2   or more counterparts.  All executed copies of this Settlement Agreement, and photocopies thereof

3   (including facsimile copies of the signature pages), shall have the same force and effect and shall be

4   as legally binding and enforceable as the original.

5   64.   <u>Captions</u>.  The captions and section numbers in this Agreement are inserted for the

6   reader's convenience, and in no way define, limit, construe, or describe the scope or intent of the

7   provisions of this Agreement.

8   65.   <u>Governing Law</u>.  This Agreement shall be interpreted, construed, enforced, and

9   administered in accordance with the laws of the State of California, without regard to conflict of law

10   rules.

11   66.   <u>Reservation Of Jurisdiction</u>.  The Court shall retain jurisdiction under section 664.6

12   of the Code of Civil Procedure for purposes of interpreting and enforcing the terms of this

13   Agreement.

14   67.   <u>Mutual Preparation</u>.  The Parties have had a full opportunity to negotiate the terms

15   and conditions of this Agreement.  Accordingly, this Agreement shall not be construed more strictly

16   against one party than another merely by virtue of the fact that it may have been prepared by counsel

17   for one of the Parties, it being recognized that, because of the arms-length negotiations between the

18   Parties, all Parties have contributed to the preparation of this Agreement.

19   68.   <u>Severability</u>.  The Parties to this Agreement agree, covenant, and represent that each

20   and every provision of this Agreement shall be deemed to be contractual, and that they shall not be

21   treated as mere recitals at any time or for any purpose.  Therefore, the Parties further agree, covenant,

22   and represent that each and every provision of this Agreement shall be considered severable, except

23   for the release provisions of Paragraph 39 of this Agreement.  If a court of competent jurisdiction

24   finds the release provisions of Paragraph 39 of this Agreement to be unenforceable or invalid as

25   against a Class Member, then this Agreement shall become voidable and the payments made pursuant

26   to this Agreement to that Class member shall be returned to Defendant by that Class Member as to

27   whom the release provisions have been found unenforceable or invalid.   If a court of competent

28   jurisdiction finds any provision other than the release provisions of Paragraph 39, or part thereof, to

22.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1 | be invalid or unenforceable for any reason, that provision, or part thereof, shall remain in full force

2 | and effect to the extent allowed by law, and all of the remaining provisions of this Agreement shall

3 | remain in full force and effect.

4 |     69.   <u>Warranties And Representations</u>.  With respect to themselves, each of the Parties to

5 | this Agreement and/or their agent or counsel represents, covenants and warrants that (a) they have full

6 | power and authority to enter into and consummate all transactions contemplated by this Agreement

7 | and have duly authorized the execution, delivery and performance of this Agreement; and (b) the

8 | person executing this Agreement has the full right, power and authority to enter into this Agreement

9 | on behalf of the party for whom he/she has executed this Agreement, and the full right, power and

10 | authority to execute any and all necessary instruments in connection herewith, and to fully bind such

11 | party to the terms and obligations of this Agreement.

12 |     70.   <u>Representation By Counsel</u>.   The Parties acknowledge that they have been

13 | represented by counsel throughout all negotiations that preceded the execution of this Agreement, and

14 | that this Agreement has been executed with the consent and advice of counsel.  Further, the Named

15 | Plaintiff and Class Counsel warrant and represent that there are no liens on the Settlement Agreement,

16 | and that after entry by the Court of the Final Order and Judgment, Defendant may distribute funds to

17 | Plaintiff Class Members, Class Counsel, and the Named Plaintiff as provided by this Agreement.

18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

23.

CLASS ACTION SETTLEMENT AGREEMENT

71.     <u>Authorization By Named Plaintiff</u>.  The Named Plaintiff authorize Class Counsel to sign this Agreement and further agree not to request to be excluded from the Class and not to object to any terms of this Agreement.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

IT IS SO AGREED:

Dated: ___8/1___, 2009

By: _____
    Felice Martinez
    Plaintiff/Class Representative

Dated: _____, 2009

**LENSCRAFTERS, INC.**

By:_____

Title:_____

Dated: __7/30___, 2009

**KINGSLEY & KINGSLEY**

By: _____
    Class Counsel

Dated: _____, 2009

**LITTLER MENDELSON, P.C.**

By: _____
    Nancy E. Pritikin
    Attorneys for Defendant

Firmwide:91038621.1 052266.1029

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

1    71.   <u>Authorization By Named Plaintiff</u>. The Named Plaintiff authorize Class Counsel to

2  sign this Agreement and further agree not to request to be excluded from the Class and not to object

3  to any terms of this Agreement. Any such request for exclusion or objection shall therefore be void

4  and of no force or effect.

5           IT IS SO AGREED:

6  Dated: _____, 2009          By: _____

7                                          Felice Martinez
                                          Plaintiff/Class Representative

8

9  Dated: 7/31, 2009                  LENSCRAFTERS, INC.

10

11                                     By: _____

12                                     Title: EVP / GM Lenscrafters

13
   Dated: 7/30, 2009                  KINGSLEY & KINGSLEY
14

15                                     By: _____

16                                         Class Counsel

17  Dated: 8/3, 2009                   LITTLER MENDELSON, P.C.

18

19                                     By: _____
                                          Nancy E. Pritikin
20                                        Attorneys for Defendant

21

22  Firmwide:91038621.1 052266.1029

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

CLASS ACTION SETTLEMENT AGREEMENT

**NOTICE OF CLASS ACTION SETTLEMENT**
Martinez et al. v. LensCrafters, Inc. et al.
United States District Court, Northern District of California, Case No. C08-01699 PJH

# BECAUSE YOUR RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT, PLEASE READ THIS NOTICE CAREFULLY

A proposed settlement has been reached in the class action lawsuit entitled Martinez et al. v. LensCrafters, Inc. et al., United States District Court, Northern District of California, Case No. C08-01699 PJH.

As explained in more detail below, in order to receive a share of the Settlement Funds you must file a claim by ** [INSERT DATE] **. If you fail to file a timely and valid claim, you will receive nothing under the Settlement, but you will still be bound by the release of claims and dismissal described in this Notice.

A.     PURPOSE OF THIS NOTICE.

The United States District Court for the Northern District of California has certified for settlement purposes the following Settlement Class defined as:

> All employees of Defendant LensCrafters, Inc. who were employed in California from March 1, 2006, until the date of preliminary approval of this action and who were or are classified as Retail Managers or General Managers at any time during the Class Period.

According to LensCrafters' records, you are a member of the Settlement Class. The purpose of this Notice is to inform you about the proposed Settlement and to discuss your rights and options with respect to the lawsuit and the Settlement.

B.     DESCRIPTION OF THE LAWSUIT.

Plaintiffs contend that Class members are misclassified as exempt from overtime and are thus owed compensation for overtime wages, missed meal breaks, and penalties under California law. LensCrafters denies Plaintiffs' claims.

This Settlement is the result of extensive settlement discussions. Both sides agree that, in light of the risks and expenses associated with further litigation, this Settlement is fair and appropriate under the circumstances. Please be advised that the United States District Court has not ruled on the merits of Plaintiffs' claims or LensCrafters' defenses.

The attorneys for the Class ("Class Counsel") in this lawsuit are:



KINGSLEY & KINGSLEY
City National Bank Building
16133 Ventura Boulevard, Suite 1200
Encino, California 91436
Telephone: 818-990-8300
Fax: 818-990-2903

The attorneys for LensCrafters (Defense Counsel) in this lawsuit are:

Nancy E. Pritikin, Esq.
LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108
Telephone:   415-433-1940
Facsimile:   415-399-8490

On ** [INSERT DATE] **, the Court granted preliminary approval to the proposed Settlement. The Court will decide whether to give final approval to the Settlement at a hearing scheduled for ** [INSERT DATE AND TIME] **.

C.    SUMMARY OF PROPOSED SETTLEMENT.

Subject to Court approval, the terms of the Settlement are as follows:

1.      LensCrafters agrees to pay up to the total amount of $400,000 (the "Settlement Fund") to pay (a) the timely and valid claims of the Class Members, (b) Class Counsel's attorney's fees and litigation costs, (c) the enhanced awards to the named Plaintiffs; (d) the PAGA Payment; and (e) costs of claims administration.

2.      Class Members who make valid claims may be eligible for payments as described below:

i.      For Retail Managers: A per workweek rate of pay will be determined by dividing an amount equal to 60% of the remainder of the NSA, after the PAGA payment and the payments to Class Counsel, the Named Plaintiff, and the Claims Administrator, by the total number of workweeks worked during the Class Period by all individuals who held the position of Retail Manager. A Qualified Retail Manager's Settlement Payment shall be calculated as the workweek rate multiplied by the number of workweeks worked in the position of Retail Manager during the Class Period.

ii.     For General Managers: A per workweek rate of pay will be determined by dividing an amount equal to 40% of the remainder of the NSA, after the PAGA payment and the payments to Class Counsel, the Named Plaintiff, and the Claims Administrator, by the total number of workweeks worked during the Class Period by all individuals who held the position of General

Manager. A Qualified General Manager's Settlement Payment shall be calculated by the number of workweeks worked in the position of General Manager during the Class Period.

3. _____ of the Total Settlement Amount will be submitted to the California Labor and Workforce Development Agency for settlement of claims under the California Labor Code Private Attorneys General Act, Cal. Labor Code § 2698 *et seq.* (the "PAGA" Payment).

4. Class Counsel will ask the Court to award attorney's fees up to $100,000.00, for over _____ years of continuous litigation on behalf of the Class for which no attorneys have yet been paid plus litigation costs. Moreover, Class Counsel will ask the Court to award Class Counsel's reasonable costs and expenses related to the filing and litigation of the action. In addition, the Court will be asked to authorize an enhanced award for the class representative who brought the case on behalf of the Class Members in the amount of $1,000.00.

5. Each Class Member upon the final approval by the Court of this the Stipulation, and except as to such rights, duties and obligations created by the Stipulation, each Class Member who does not opt out of the Settlement, shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, arising from (1) the Lawsuit and any Claims arising out of or are reasonably related to the facts alleged in the Lawsuit, including without limitation all claims under the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business and Professions Code, claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, other compensation or benefits and (2) any wage and hour violations, whether premised on statute, contract, tort or other theory of liability under state, federal or local law, arising out of or reasonably related to the facts, incidents, transactions, events, occurrences, disclosures, statements, acts, or omissions in law or in equity, asserted or that could have been reasonably asserted from the facts alleged in the Lawsuit by any Class Member against the Releasees up to the date of preliminary approval of this Stipulation. The release by Class Members will also include a waiver of any rights a Class Member otherwise may have under California Civil Code Section 1542 regarding unknown and unsuspected claims relating to the Covered Claims. The release by Class Members will not include any individual claim by a Class Member for discrimination, harassment, fraud, negligence, breach of contract, intentional torts, theft or conversion except insofar as such claim is based solely on the failure to comply with the overtime, meal and rest period laws as set forth in this Lawsuit.

This release by the Named Plaintiff and each Plaintiff Class Member is intended to settle any and all of the Settled Claims, whether known or unknown, that any of them may have against the Released Parties as of the date the Court grants preliminary approval of the settlement. Therefore, as to the Settled Claims, the Named Plaintiff and each Plaintiff Class Member waive any and all rights conferred upon them under section 1542 of the California Civil Code, which provides as follows:

"A general release does not extend to claims which the creditor does

> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor."

In giving this release, the Plaintiff Class Members acknowledge that they are aware that facts may be discovered in addition to or different from those which they now know or believe to be true with respect to the subject matter of the release, but that it is their respective intention to, and they do hereby fully, finally, and forever settle and release any and all Released Parties from any and all Settled Claims without regard to the subsequent discovery or existence of such additional or different facts.

As of the Final Hearing Date, the Plaintiff Class Members, and all successors in interest, shall be permanently enjoined and forever barred from prosecuting any and all Settled Claims released pursuant to this Paragraph against the Released Parties.  Thus, subject to and in accordance with this Agreement, even if the Named Plaintiff and/or any Plaintiff Class Member may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Settled Claims, they shall be deemed to have, and by operation of the final order and judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts

6.      Following payment of all timely and valid claims, the Litigation will be dismissed with prejudice.

D.      TO RECEIVE A SETTLEMENT PAYMENT.

In order to receive a settlement payment, you must complete and mail or send by facsimile the Claim Form (which is enclosed with this Notice) to the Claims Administrator at the address or facsimile number below.  **Your Claim Form must be postmarked no later than ** [INSERT DATE] ** Late or incomplete Claim Forms will not be honored.**

The Claims Administrator is:
Martinez v. LensCrafters
Claims Administrator
c/o Rosenthal & Co.
xxxxxxxxxxxxx
(xxx) xxx-xxxx

E.      TO REQUEST EXCLUSION FROM THE SETTLEMENT.

If you do not want to participate in the Settlement, you must complete and mail a "Request

Page 4 of 6

for Exclusion" to the Claims Administrator at the address listed above. In order to be valid, your Request for Exclusion must be postmarked no later than [INSERT DATE].

If you timely and properly submit a Request for Exclusion, you will not be eligible to receive any of the benefits under the Settlement. However, you will retain whatever rights you may have against LensCrafters for unpaid overtime compensation, denied meal or rest periods, and related claims and damages.

F.   TO OBJECT TO THE SETTLEMENT.

If you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement, personally or through an attorney, by filing a written objection with the Court and mailing a copy of your objection to Class Counsel, Defense Counsel and the Claims Administrator at the addresses listed above in Section B. All objections must be signed and set forth your address, telephone number, social security number, the name of the case, Martinez v LensCrafters Case No. C08-01699 PJH), and the grounds for the objections. All objections must be filed and postmarked no later than ** [INSERT DATE] **. If you submit an objection, you may appear, personally or through an attorney, at your own expense, at the final approval hearing, provided your objection states you (or someone on your behalf) intend to appear at the final approval hearing.

Any Class Member who does not object in the manner provided above shall be deemed to have waived any objections, and shall be forever foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorney's fees and costs, the claims process, the enhancement awards to the Plaintiffs, and all other aspects of the Settlement. If the Settlement is not approved, the lawsuit will continue to be prepared for trial or other judicial resolution.

**Regardless of whether you file an objection, you must submit a timely Claim Form in order to receive any proceeds under the Settlement.**

G.   IF YOU DO NOTHING.

If you do nothing in response to this Notice, you will not receive any benefits under the Settlement, but you will be deemed to release all Covered Claims against LensCrafters.

H.   FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT.

The Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, and Class Counsel's request for attorney's fees and costs will be held on _____ at _____ a.m./p.m. in Courtroom 5 of the united States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102. The Final Approval Hearing may be continued without further notice.

I.   ADDITIONAL INFORMATION.

This Notice only summarizes the lawsuit, the Settlement and related matters. For more

information, you may inspect the Court files at the records office located at 450 Golden Gate Ave., San Francisco, CA 94102. Any questions regarding this Notice or the Claim Form should be sent to the Claims Administrator at the above address and telephone number. If your address changes, or is different from the address on the envelope enclosing this Notice, please promptly notify the Claims Administrator.

J.     <u>NO RETALIATION.</u>

You will not be threatened, harassed, discriminated against, or retaliated against for submitting a Claim Form or otherwise exercising your legal rights under this Settlement. If you are a current employee and you believe that you are being retaliated against or otherwise mistreated you may report the matter to a supervisor, the human resources department or the Netclaims Hotline.

K.     <u>REMINDER AS TO TIME LIMITS.</u>

If you wish to submit a claim and receive a portion of the settlement fund, you must complete and return the enclosed Claim Form to the Claims Administrator or before ** **[INSERT DATE]** **.

PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE
BY ORDER OF THE DISTRICT COURT

Firmwide:90867782.1 052266.1029

**CLASS ACTION CLAIM FORM**
Martinez et al. v. LensCrafters et al.
United States District Court, Northern District of California, Case No. C08-01699 PJH

TO BE ELIGIBLE TO PARTICIPATE IN A THE SETTLEMENT IN THE ABOVE-CAPTIONED LITIGATION, YOU MUST FILL OUT THIS CLAIM FORM COMPLETELY AND MAIL OR FAX IT TO THE ADDRESS OR FAX NUMBER BELOW.  **THE DEADLINE FOR SUBMITTING THIS FORM IS _____ [date]_____**.  CLAIM FORMS FAXED OR POSTMARKED AFTER THIS DATE WILL NOT BE ACCEPTED.  IF YOU PROVIDE INCOMPLETE, INCORRECT OR INACCURATE INFORMATION, YOUR CLAIM MAY BE DENIED.

I.     PERSONAL INFORMATION.

Please legibly print the following information:
Name (first, middle and last):_____

If you used any other name(s) while employed with
LensCrafters, state such name(s) here: _____
Current Home Street Address:_____
City, State, Zip Code: _____
Home Telephone Number: (____) _____
Social Security Number: _____

II.    YOUR EMPLOYMENT INFORMATION.

According to personnel records maintained by LensCrafters, between March 1, 2006 and _____ (the "Claims Period"), you were classified as a Retail Manager or General Manager by LensCrafters in California ("Class Member") from _____ to _____.  In addition, according to LensCrafters' records, your employment with LensCrafters ended on _____.

Based on LensCrafters' records regarding the number of Class Members from March 1, 2006 to _____ and the number workweeks you worked as _____, **the parties currently project that your share of the Settlement will be $_____** (subject to applicable tax withholding).

The start date and end date and number of workweeks listed on this Claim Form are presumed to be accurate unless the you prove otherwise in writing and with documentation.  If you disagree with the start date and/or end date or workweeks worked on this Claim Form, you must provide your correct dates of employment or workweeks during the Class Period in writing to the Claims Administrator and provide documents (e.g. check stubs, cancelled checks, or payroll records) evidencing your claim.  If you believe you worked on different dates, please provide that information below:

EXHIBIT **3**

| Position | Location | Dates Worked | Workweeks Worked |
|----------|----------|--------------|------------------|
| _____ | _____ | _____ | _____ |

III.    ACKNOWLEDGMENT OF RELEASE OF CERTAIN CLAIMS.

By completing this Claim Form and accepting the benefits under this settlement, you hereby agree that:

a.    As of the date of entry of a final order and judgment pursuant to this Settlement, all Plaintiff Class Members (i.e., Class Members who do not properly opt-out) hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, arising from (1) the Lawsuit and any Claims arising out of or are reasonably related to the facts alleged in the Lawsuit, including without limitation all claims under the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business and Professions Code, claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, other compensation or benefits and (2) any wage and hour violations, whether premised on statute, contract, tort or other theory of liability under state, federal or local law, arising out of or reasonably related to the facts, incidents, transactions, events, occurrences, disclosures, statements, acts, or omissions in law or in equity, asserted or that could have been reasonably asserted from the facts alleged in the Lawsuit by any Class Member against the Releasees up to the date of preliminary approval of this Stipulation. The release by Class Members will also include a waiver of any rights a Class Member otherwise may have under California Civil Code Section 1542 regarding unknown and unsuspected claims relating to the Covered Claims. The release by Class Members will not include any individual claim by a Class Member for discrimination, harassment, fraud, negligence, breach of contract, intentional torts, theft or conversion except insofar as such claim is based solely on the failure to comply with the overtime, meal and rest period laws as set forth in this Lawsuit.

b.    This release by the Named Plaintiff and each Plaintiff Class Member is intended to settle any and all of the Settled Claims, whether known or unknown, that any of them may have against the Released Parties as of the date the Court grants preliminary approval of the settlement. Therefore, as to the Settled Claims, the Named Plaintiff and each Plaintiff Class Member waive any and all rights conferred upon them under section 1542 of the California Civil Code, which provides as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have

Page 2 of 4

materially affected his or her settlement with the debtor."

In giving this release, the Plaintiff Class Members acknowledge that they are aware that facts may be discovered in addition to or different from those which they now know or believe to be true with respect to the subject matter of the release, but that it is their respective intention to, and they do hereby fully, finally, and forever settle and release any and all Released Parties from any and all Settled Claims without regard to the subsequent discovery or existence of such additional or different facts.

        c.    As of the Final Hearing Date, the Plaintiff Class Members, and all successors in interest, shall be permanently enjoined and forever barred from prosecuting any and all Settled Claims released pursuant to this Paragraph against the Released Parties. Thus, subject to and in accordance with this Agreement, even if the Named Plaintiff and/or any Plaintiff Class Member may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Settled Claims, they shall be deemed to have, and by operation of the final order and judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

IV.    <u>NO RETALIATION.</u>

If you are currently employed by LensCrafters, you should not be threatened, harassed, discriminated against, or retaliated against for submitting a Claim Form or otherwise exercising your legal rights under this Settlement.

V.    <u>MAILING OR FAXING INSTRUCTIONS INSTRUCTIONS.</u>

Please mail or fax this completed Claim Form to the Claims Administrator at the address or fax number listed below.  <u>Your completed Claim Form must be faxed or postmarked on or before [date] or else you will forfeit your benefits under this Settlement.</u>  The address and fax number of the Claims Administrator is:

    <u>Martinez v. LensCrafters Settlement Claims Administrator.</u>
    c/o Rosenthal & Co.

**[INSERT P.O. BOX and TOLL-FREE TELEPHONE & FAX NUMBER]**

I declare, under penalty of perjury under the laws of the United States of America and the State of California that all of the information contained in this Claim Form is true and correct, and that

I    signed    this    Claim    Form    on    _____    (date),    at
_____ (city and state).

_____
(Signature)

_____
(Print Name)

Firmwide:90866052.1 052266.1029