H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

Newman Strawbridge, SBN 171360
**LAW OFFICE OF NEWMAN STRAWBRIDGE**
719 Orchard Street
Santa Rosa, CA 95404
Telephone:    (707) 523-3377

Cameron Cunningham  SBN 75593
**LAW OFFICE OF CAMERON CUNNINGHAM**
719 Orchard Street
Santa Rosa, CA 95404
Telephone:    (707) 829-9194

Attorneys for Objectors Brian King, Dawn Cone,
and Kimberly Prompradit

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Felice Martinez, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>LENSCRAFTERS, INC., Does 1 through 50, Inclusive,<br><br>          Defendants. | Case No: C-08-01699 PJH<br><br>CLASS MEMBERS' OBJECTIONS TO CLASS SETTLEMENT<br><br>DATE:    April 14<br>TIME:     9:00 a.m.<br>DEPT:    3<br>JUDGE:   Hon. Phyllis J. Hamilton |

## INTRODUCTION

Brian King, Dawn Cone, and Kimberly Prompradit ("the Objectors") each hereby objects to the proposed class settlement in this matter. The Objectors, who each received class notice and have each worked as Retail Managers and/or General Managers during the relevant period, oppose the settlement because Felice Martinez, the proposed class representative, is not a typical member of the class. In

addition, Ms. Martinez has not adequately represented, and cannot adequately represent, the interests of class members, including the Objectors, who were not included in other LensCrafters settlements.

### STATEMENT OF FACTS

There are two cases relevant to this action: *Babasa v. LensCrafters*, Orange County Superior Court Case No. 05CC00079, a settlement between LensCrafters and all LensCrafters employees who were treated as non-exempt between 2001 and April 17, 2008; and this matter, involving Retail Managers and/or General Managers who worked for LensCrafters between November 21, 2005 and the present.

Ms. Martinez was a LensCrafters Manager who previously worked as a LensCrafters hourly employee, classified as non-exempt. Ms. Martinez was a participating class member in the *Babasa* class action and is a class member and named representative in this action. Ms. Martinez signed a waiver of her right to pursue claims against LensCrafters through April 17, 2008 as part of her *Babasa* settlement. Ms Martinez did not work for LensCrafters at any time after April 17, 2008. Based on these facts, LensCrafters filed a motion for summary adjudication since Ms. Martinez was barred from asserting any claims against LensCrafters. Ms. Martinez subsequently settled on behalf of all Retail Managers and/or General Managers.

None of the Objectors were classified as non-exempt employees by LensCrafters. None of the Objectors took part in the *Babasa* class settlement. Unlike Ms. Martinez, the Objectors still maintain their rights to sue LensCrafters during the entire period covered by the *Martinez* class action.

### I. THE COURT IS RESPONSIBLE FOR PROTECTING THE INTERESTS OF ABSENT CLASS MEMBERS

The criteria to be examined in approving a class settlement include "the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement." (*Kullar v. Foot Locker Retail, Inc.* (2008) 168 Cal.App.4th 116, 128 ("*Kullar*"), quoting *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801 ("*Dunk*").)

In *Kullar*, the court pointed out that "neither *Dunk* ... nor any other case suggests that the court may determine the adequacy of a class action settlement without independently satisfying itself that the consideration being received for the release of the class members' claims is reasonable in light of the strengths and weaknesses of the claims and the risks of the particular litigation." *Kullar*, supra, 168 Cal.App.4th at p. 129, 85 Cal.Rptr.3d 20. *Kullar* continues:

> "The court undoubtedly should give considerable weight to the competency and integrity of counsel and the involvement of a neutral mediator in assuring itself that a settlement agreement represents an arm's-length transaction entered without self-dealing or other potential misconduct. While an agreement reached under these circumstances presumably will be fair to all concerned, particularly when few of the affected class members express objections, *in the final analysis it is the court that bears the responsibility to ensure that the recovery represents a reasonable compromise, given the magnitude and apparent merit of the claims being released, discounted by the risks and expenses of attempting to establish and collect on those claims by pursuing the litigation. 'The court has a fiduciary responsibility as guardians of the rights of the absentee class members when deciding whether to approve a settlement agreement.'* " *Kullar,* supra, 168 Cal.App.4th at p. 129, quoting 4 Newberg on Class Actions, § 11.41 at p. 118; emphasis added.

## II. THE CLASS REPRESENTATIVE HERE IS INCAPABLE OF REPRESENTING THE INTERESTS OF THE ENTIRE CLASS

The Objectors believe the settlement should be rejected by the Court because the proposed class representative, Felice Martinez, lacks the typicality to adequately represent the class and has a conflict of interest. The class is made up of two distinct groups: 1) those LensCrafters managers who at one time worked for LensCrafters as hourly employees and were entitled to recover under another class settlement, *Babasa v. LensCrafters*; and 2) those LensCrafters managers who are not covered by the *Babasa* settlement and are entitled to recover fully for their wage and hour claims. However, under the proposed settlement negotiated by Ms. Martinez, both of these groups are treated equally.

Ms. Martinez is bound by the *Babasa* settlement. According to the declarations submitted in

support pf preliminary approval by both Plaintiff's counsel, Eric B. Kingsley, and Defendant's counsel, Nancy Pritikin, Ms. Martinez signed a release of claims that would be a bar to her recovery in this case for any wage and hour claims up to the date of final approval in *Babasa*. See Kingsley Decl. at page 3, lines 18-26 and Pritikin Decl. at page 2, lines 7-25, and page 3, lines 1-14. In other words, by taking part in the *Babasa* settlement, Ms. Martinez signed away her right to sue LensCrafters for wage and hour violations for the period of time covered by *Babasa*. According to the Pritikin Declaration and Errata to the Declaration of Nancy Pritikin, 260 of the 397 potential class members are, like Ms. Martinez, covered by the *Babasa* settlement. However, there remain 137 managers, including each of the Objectors, with very different interests and rights from those of Ms. Martinez.

The settlement unfairly treats the claims of non-*Babasa* managers as equal to those of managers covered by the *Babasa* settlement. The interests of these two distinct groups are not equal. For example, Ms. Martinez faced a motion for dismissal on summary judgment because of her participation in *Babasa*. Had the motion been successful, Ms. Martinez would receive nothing. However, those managers who were not eligible to participate in *Babasa* would retain their rights to sue LensCrafters if the *Babasa* claimants were dismissed. Indeed, according to the declarations of counsel in support of preliminary approval, a primary justification for the proposed relatively low monetary settlement is the fact that Ms. Martinez was, as a result of her participation in the *Babasa* settlement, likely to lose the motion for summary judgment. It is unfair for class members who were not subject to such a motion to receive minimal settlement amounts based on weaknesses in the class representative's claim that they do not share.

Under Rule 23(a)(3) of the Federal Rules of Civil Procedure, a class action requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The only representative party here is Ms. Martinez. Understandably, Ms. Martinez has agreed to a settlement that treats her right to recovery as equal to those of non-*Babasa* claimants. That settlement is in Ms. Martinez's interest. But it is not in the interest of the 137 non-*Babasa* claimants, who have not signed away any of their claims to recovery. Since the claims of Ms. Martinez are not typical of those of the non-*Babasa* class members, the settlement should not be approved.

## CONCLUSION

The Objectors respectfully submit that the settlement proposed by Ms. Martinez is neither fair, reasonable, nor in the best interests of those class members who did not lose their right to pursue claims against the Defendant in the *Babasa* settlement. This matter can fairly be resolved by dividing the class into two subclasses, those who are bound by the *Babasa* settlement, and those managers who are not bound by *Babasa*. The Objectors, therefore, respectfully request that this Court deny approval of the proposed settlement.

///
///
///
///
///
///
///
///
///

I certify that each of the following objectors has authorized me to submit these objections to the Court on their behalf. I further certify that each of the following objectors has authorized my law firm to appear and that my firm intends to appear and represent the objectors' interest at the final approval hearing.

**Dawn Cone**
507 Lakeshore Drive
St. Clair, MO 63077
Phone: 636-629-7013
Social Security Number: 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

**Brian King**
190 Golf Course Drive, #354
Rohnert Park, CA 94928
Phone: 559-304-0968
Social Security Number: 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

---

CLASS MEMBERS' OBJECTIONS TO CLASS SETTLEMENT C-08-01699 PJH
-5-

**Kimberly Prompradit**
691 West J
Benicia, CA 94510
Phone: 707-372-6165
Social Security Number: Will furnish upon request

DATED: February 18, 2010

Respectfully submitted,

_____
H. TIM HOFFMAN
Attorney for Objectors
Brian King, Dawn Cone, and Kimberly Prompradit